GLASER WEIL FINK HOWARD JORDAN
   & SHAPIRO LLP
Emil Petrossian (CA SBN 264222)
epetrossian@glaserweil.com
Alexander R. Miller (CA SBN 294474)
amiller@glaserweil.com
600 West Broadway, Suite 2150
San Diego, California 92101
Tel.: (619) 765-4380
Fax: (619) 483-0646

*Attorneys for Defendants*
NEOLOGY, INC. and
FRANCISCO MARTINEZ DE VELASCO

*Additional Counsel Listed on Signature Page*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH N. MULLIS, an individual,<br><br>           Plaintiff,<br><br>vs.<br><br>J.P. MORGAN CHASE & CO., a Delaware corporation; RICK SMITH, an individual; NEOLOGY, INC., a Delaware corporation; FRANCISCO MARTINEZ DE VELASCO, an individual; AVERY DENNISON CORP., a Delaware corporation; and DOES 1 to 20, inclusive,<br><br>           Defendants. | CASE NO. '24CV1334 RBM MSB<br><br>**DEFENDANT NEOLOGY, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441, 1446 AND 9 U.S.C. §§ 203, 205**<br><br>Action Filed in State Court: October 13, 2023<br>Action Removed: November 16, 2023<br>Action Remanded: July 24, 2024<br>Second Removal of Action: July 29, 2024 |

2423572.1

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446 and 9 U.S.C. §§ 203, 205, Defendant Neology, Inc. ("Neology") hereby removes the action pending as *Joseph N. Mullis v. J.P. Morgan Chase & Co., et. al*, Case No. 37-2023-00045078-CU-FR-NC, from the Superior Court of the State of California, County of San Diego (the "State Court Action"), to the United States District Court for the Southern District of California. In support of this removal, Neology hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).[1, 2]

## JURISDICTION

1. This Court has original jurisdiction over the State Court Action because it is a "civil action[] arising under the Constitution, laws or treaties of the United States" pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (commonly known as the "New York Convention" or "Convention"), June 7, 1959, 21 U.S.T. 2517. *See* 28 U.S.C. § 1331; 9 U.S.C. § 203.

---

[1] If the Court requests additional information or removal is challenged, Neology will provide further evidence supporting the Court's jurisdiction, and Neology requests the opportunity to brief any disputed issues and to present oral argument, if necessary. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) (a removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail); *Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2013) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.'") (citations omitted); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) ("[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of evidence that the jurisdictional requirements are satisfied.").

[2] This Notice of Removal is filed subject to and without waiving Neology's right to seek to compel mandatory arbitration of this dispute, or any arguments that Neology is not a proper party to this action. In addition, any recitations in this Notice of facts alleged by Plaintiff in the operative First Amended Complaint are not and should not be construed as admissions or acknowledgments by Neology that any such facts are accurate or correct.

2. Under 9 U.S.C. § 203, "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."

3. Under 9 U.S.C. § 205, "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending."

## VENUE

4. The State Court Action was filed in the Superior Court of the State of California, County of San Diego – North County. Venue properly lies in the United States District Court for the Southern District of California. 28 U.S.C. §§ 84(d),1441(a).

## REMOVAL IS TIMELY

5. Removal under the Convention is permitted "at any time before the trial." 9 U.S.C. § 205.

6. The State Court Action was filed in the Superior Court of the State of California, County of San Diego, on October 13, 2023.

7. On November 16, 2023, the State Court Action was removed to this Court by a different named defendant, JPMorgan Chase & Co. ("JPMC"), on diversity grounds. JPMC was the only named defendant at the time of the original removal, and complete diversity between the parties existed.

8. On January 26, 2024, Plaintiff filed an amended complaint ("FAC") naming four additional defendants, including Neology, which destroyed complete diversity. Accordingly, the Action was remanded on July 24, 2024.

9. Neology, which never had an opportunity to remove this action until now, thus files this Notice of Removal pursuant to the Convention, well before any trial. Indeed, no trial date is set in the State Court Action, and the case remains in its early stages. This

Notice of Removal is therefore timely.

## ALL NAMED DEFENDANTS CONSENT TO REMOVAL

10. In addition to Neology, named defendants JPMC, Rick Smith, Avery Dennison Corp., and Francisco Martinez de Velasco all consent to removal. Thus, "all defendants who have been properly joined and served" consent to the removal of this action. 28 U.S.C. § 1446(b)(2)(A).

## ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1331

11. Removal is proper under the Convention "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement . . . falling under the Convention[.]" *See* 9 U.S.C. § 205.

12. The Ninth Circuit has broadly interpreted the phrase "relates to" in 9 U.S.C. § 205 to mean "'whenever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case[.']" *Infuturia Global Ltd. v. Sequus Pharms., Inc.*, 631 F.3d 1133, 1138 (9th Cir. 2011) (emphasis in original) (quoting *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) As a result, "the district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense." *Beiser*, 284 F.3d at 669. "Although [courts] generally construe removal statutes strictly, the plain language of § 205 provides federal courts with remarkably broad removal authority." *Infuturia Global Ltd.*, 631 F.3d at 1138 n.5 (citations omitted).

13. "In deciding whether the parties entered an arbitration agreement falling under the Convention, courts consider four questions: (1) is there a written agreement to arbitrate; (2) is the agreement commercial in nature; (3) does the agreement designate a country that is a signatory to the Convention; and (4) is a party to the agreement a foreign citizen or entity." *Mullen Techs., Inc. v. Qiantu Motor (Suzhou) Ltd.*, 2020 U.S. Dist. LEXIS 116323, at *7 (S.D. Cal. July 1, 2020) (citing *Chloe Z Fishing Co. v. Odyssey Re (London) Ltd.*, 109 F. Supp. 2d 1236, 1243 (S.D. Cal. 2000)).

14. As discussed below, this action "relates to" multiple arbitration agreements

falling under the Convention.

### Nature of Action and Claims

15. According to the FAC, in or around December 2010, OEP Technologie B.V. ("OEP Technologie") acquired a majority interest in Smartrac N.V. ("Smartrac"). (*See* FAC ¶ 17.) The following year, Smartrac acquired a majority interest in Neology, where Plaintiff had worked since 2003. (*Id.* ¶¶ 15, 19.)

16. As part of his employment with Neology, Plaintiff was "offered a stake" in OEP Technologie and its subsidiaries, including Smartrac, through a "Smartrac management Equity Program" ("Smartrac MEP"). (*Id.* ¶ 20.) Plaintiff claims that he made a €50,000 loaned investment in the Smartrac MEP through a loan agreement. (*Id.* ¶ 26.)

17. What Plaintiff refers to as the "Smartrac MEP" was actually OEP Technologie Beteiligungs GbR ("OEP GbR"), a civil law partnership organized under the laws of Germany. (*See* Declaration of Leah Rizkallah ("Rizkallah Decl."), attaching Declaration of Rob Harmzen in support of Motion to Compel Arbitration, at ¶¶ 7-10, Exs. 1-3.)

18. In 2014, OEP Technologie Holding B.V. ("OEP Holding") and Plaintiff entered into a Sale and Transfer Agreement (the "Sale Agreement"), pursuant to which OEP Holding sold, and Plaintiff purchased, a "Partial Partnership Interest" in OEP GbR for a total purchase price of €50,000. (*Id.*, at ¶¶ 7-8, Ex. 1.) Through a contemporaneous Loan Agreement, OEP Holding loaned Plaintiff the €50,000 to fund the purchase. (*Id.* at ¶ 9, Ex. 2.)

19. In or about September 2017, Smartrac sold Neology. (*See* FAC ¶ 29.) As part of the sale, Plaintiff alleges he was "informed" that his partnership stake "had a value of $0[.]" (*See id.* ¶ 32.) Plaintiff alleges that company executives refused to provide him information regarding his partnership stake or Neology's sale. (*See id.* ¶ 36.) Despite these alleged concerns, Plaintiff alleges he was "coerced into signing a release of" his "Partial Partnership Interest" by entering into a Sale and Transfer and Loan Termination Agreement (the "Termination Agreement"), pursuant to which he sold his "Partial

Partnership Interest" in OEP GbR back to OEP Holding. (*See id.* ¶ 38; Rizkallah Decl., Ex. 1 at ¶ 10, Ex. 3.)

20. Plaintiff further alleges "[u]pon information and belief" that Defendants "transferred valuable intellectual property from Neology to Smartrac in order to devalue Neology at the time of the sale." (*See id.* ¶ 30.)

21. The FAC includes causes of action for violation of the California Unfair Competition Law, unjust enrichment, conversion, negligence, fraud, breach of fiduciary duty, fraudulent misrepresentation, fraudulent inducement, fraudulent concealment, negligent misrepresentation, constructive fraud, violation of California Penal Code § 496, and various aiding and abetting claims.

22. Neology denies Plaintiff's claims, denies any alleged wrongdoing, and denies that Plaintiff is entitled to any relief sought against Neology.

### **The Action Relates to Arbitration Agreements Falling Under the Convention**

23. The Sale Agreement, Loan Agreement, and Termination Agreement (collectively, "Mullis/OEP Agreements") contain broad arbitration provisions requiring all disputes arising out of or in connection with the Agreements to be arbitrated in Germany. (*See* Rizkallah Decl., Ex. 1 at Ex. 1 § 5.2; Ex. 2 § 6.5; Ex. 3 § 5.3.)

24. All of Plaintiff's claims relate to the Mullis/OEP Agreements; indeed, the Agreements provide the basis both for Plaintiff's investment at issue and all his purported causes of action.

25. The Ninth Circuit applies an expansive construction to arbitration provisions that, by their terms, apply to all disputes "arising out of or in connection with" the agreement, as the Mullis/OEP Agreements do here. (*Id.*) *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 720 (9th Cir. 1999) (arbitration clause applying to "all disputes arising in connection with this Agreement" must be interpreted expansively). "Thus, when an arbitration agreement employs the phrase 'in connection with,' a party's factual allegations 'need only 'touch matters' covered by the contract containing the arbitration clause' in order for the court to require arbitration." *Nationwide Agribusiness Ins. Co. v. Buhler Barth*

*GMBH*, 2015 U.S. Dist. LEXIS 147717, at *16 (E.D. Cal. Oct. 29, 2015).

26.  All of Plaintiff's claims fall within this broad scope. For example, Plaintiff alleges that Defendants fraudulently induced him to release his "interest" via the Termination Agreement. (*See* FAC ¶¶ 241-268.) He alleges that Defendants defrauded him and misrepresented facts concerning his investment and the Mullis/OEP Agreements. (*Id.* ¶¶ 158-161, 208-211, 288-298, 341-359.) And he alleges that Defendants purportedly violated California Penal Code § 496 by stealing money that should have been paid to him because of his investment, which he obtained through the Sale Agreement and Loan Agreement, and relinquished through the Termination Agreement. (*Id.* ¶¶ 82-90, 101-104.) Thus, it is clear that Plaintiff's disputes "relate to" the Mullis/OEP Agreements. *See Am. Chung Nam, LLC v. Mitsui O.S.K. Lines, Ltd.*, 2023 U.S. Dist. LEXIS 227709, at *15 (C.D. Cal. Dec. 19, 2023) ("Because the claims at issue . . . touch matters covered by the [agreement], they 'relate to' the arbitration agreement . . . under § 205.").[3]

27.  Similarly, the Mullis/OEP Agreements "could *conceivably* affect the outcome of [Plaintiff's] case," and thus "'relate[] to' [Plaintiff's] suit." *Infuturia Global Ltd.*, 631 F.3d at 1138 (emphasis in original). Plaintiff claims are intertwined with the Mullis/OEP Agreements. Plaintiff claims that Defendants devalued his interest in the OEP GbR, and that he was thus denied money that should have been paid to him because of his interest. (FAC ¶¶ 82-90, 101-104, 158-161, 208-211, 288-298, 341-359.) The Mullis/OEP Agreements incorporate the OEP GbR partnership agreement, which contains the formula for determining the value of Plaintiff's interest, and thus directly affect Plaintiff's claims.

---

[3] *See also Tech. & Intellectual Prop. Strategies Grp. Prof'l Corp. v. Insperity, Inc.*, 2012 U.S. Dist. LEXIS 170714, at *32-38 (N.D. Cal. Nov. 29, 2012) (finding claims alleging fraudulent inducement and fraudulent and negligent misrepresentations about subject matter of contract arbitrable); *United Ass'n Local Union No. 26 v. Big Rooter/Nelson Plumbing & Mech., Inc.*, 2011 U.S. Dist. LEXIS 5922, at *10 (W.D. Wash. Jan. 14, 2011) ("Big Rooter's fraudulent inducement and misrepresentation claims are subject to the arbitration provision[.]"); *Hopkins & Carley, ALC v. Thomson Elite*, 2011 U.S. Dist. LEXIS 38396, at *9-23 (N.D. Cal. Apr. 6, 2011) (compelling arbitration of fraudulent inducement and negligent misrepresentation claims despite narrower contract language).

*See Sunvalley Solar, Inc. v. CEEG (Shanghai) Solar*, 2015 U.S. Dist. LEXIS 125199, at *5-6 (C.D. Cal. Sept. 18, 2015) (arbitration agreement "conceivably affect[ed]" claims tied to the contract containing the arbitration agreement).

28. Further, the Mullis/OEP Agreements fall under the Convention because they (1) are in writing, (2) arise from a commercial relationship, (3) require arbitration in Germany (a Convention signatory), and (4) include at least one signatory that is not an American citizen. *See Mullen Techs.*, 2020 U.S. Dist. LEXIS 116323, at *7; *Balen v. Holland Am. Line, Inc.*, 583 F.3d 647, 654-55 (9th Cir. 2009).

29. First, the written agreements Plaintiff signed each contain "an arbitral clause in a contract or an arbitration agreement." *Mousebelt Labs Pte. LTD v. Armstrong*, 2023 U.S. Dist. LEXIS 97679, at *7 (N.D. Cal. May 24, 2023). Thus, there is a written agreement to arbitrate. (*See* Rizkallah Decl., Ex. 1 at Exs. 1-3.)

30. Second, the Mullis/OEP Agreements are commercial in nature because they relate to purchase and sale of shares in a private partnership for economic gain. *See Trajkovski Inv. AB v. I.Am.Plus Elecs., Inc.*, 2021 U.S. Dist. LEXIS 247685, at *8 (C.D. Cal. Dec. 29, 2021) (finding agreement for purchase of stock commercial in nature under the Convention); *see also Mitchell v. Tillett*, 2016 U.S. Dist. LEXIS 153686, at *2 (N.D. Cal. Oct. 28, 2016) (agreement that flowed from course of employment was commercial under the Convention); *Flextronics Int'l USA, Inc. v. Murata Mfg. Co.*, 2020 U.S. Dist. LEXIS 158387, at *51 (N.D. Cal. Aug. 31, 2020) ("[T]he SMIA involves a commercial relationship, as it relates to 'business transactions.'").

31. Third, the Mullis/OEP Agreements require arbitration in Germany (Rizkallah Decl., Ex. 1 at Ex. 1 § 5.2; Ex. 2 § 6.5; Ex. 3 § 5.3)—a signatory to the Convention. *See Twitch Interactive, Inc. v. Fishwoodco GmbH*, 2023 U.S. Dist. LEXIS 94786, at *21 (N.D. Cal. May 31, 2023) (noting Germany is a Convention signatory); *Sensor Dynamics AG Entwicklungs-Und Produktionsgesellschaft v. Memsco LLC*, 2008 U.S. Dist. LEXIS 126616, at *4 (C.D. Cal. Oct. 10, 2008) (similar).

32. Fourth, OEP Holding, a party to the Mullis/OEP Agreements, is organized

under the laws of the Netherlands and is therefore a citizen of the Netherlands. (Rizkallah Decl., Ex. 1 at ¶ 1; Ex. 1 p. 1.) *See Mousebelt Labs Pte. LTD*, 2023 U.S. Dist. LEXIS 97679, at *8 ("MouseBelt is organized under the laws of Singapore and is therefore a citizen of Singapore.").

33. In sum, the Mullis/OEP Agreements fall under the Convention, and the Court has federal question jurisdiction under the Convention pursuant to 9 U.S.C. § 203. Accordingly, the Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1331, and the case is removeable any time before trial pursuant to 9 U.S.C. § 205.

## **Defendants Can Invoke Arbitration As Non-Signatories**

34. Defendants, as nonsignatories, also may compel arbitration under the equitable estoppel doctrine. The Supreme Court has held that nonsignatories may invoke the equitable estoppel doctrine to compel arbitration in cases falling under the Convention. *See GE Energy Power Conversion Fr. SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 1646 (2020) ("Nothing in the drafting history suggests that the Convention sought to prevent contracting states from applying domestic law that permits nonsignatories to enforce arbitration agreements in additional circumstances.").

35. In the Ninth Circuit, equitable estoppel applies when "'the subject matter in dispute [is] intertwined with the contract providing for arbitration.'" *Mousebelt Labs Pte. LTD*, 2023 U.S. Dist. LEXIS 97679, at *20 (citing *Setty v. Shrinivas Sugandhalaya LLP*, 3 F.4th 1166, 1169 (9th Cir. 2021)). The intertwinement standard is satisfied where the plaintiff's claims are predicated on rights that exist "only by virtue" of the contracts containing arbitration provisions, and the harm allegedly suffered "cannot be divorced from" those rights. *See id.* at *22-23. The standard also is satisfied "where the signatory raises allegations of collusive conduct between the nonsignatory and other signatories." *Id.* at *26.

36. Plaintiff's alleged damages are the purported monies he should have received for his interest in OEP GbR, but for Defendants' purported conduct that "devalue[d]" Plaintiff's equity and caused him to relinquish his interest. (*See* FAC ¶¶ 88, 113-114, 149,

152, 159, 196, 205, 208, 244, 258, 274, 284, 288, 297.) The value of Plaintiff's interest is determined pursuant to the Sale Agreement and the incorporated OEP GbR partnership agreement (including its earnout provisions). (*See id.*, Ex. 1 at Ex. 1 §§ 1.2, 1.3, 4.1, 4.2.) And Plaintiff alleges that Defendants fraudulently induced him to sell his interest for inadequate value by entering into the Termination Agreement. (*See* FAC ¶ 262; Rizkallah Decl., attachment at Ex. 3 §§ 1.1, 1.2, 1.3.)

37. In other words: Plaintiff's claims exist only by virtue of the Mullis/OEP Agreements; any determination of Plaintiff's rights or the value of his partnership interest depends on the Mullis/OEP Agreements; and neither the validity of the claims nor Plaintiff's alleged injuries can be separated from the Mullis/OEP Agreements, all of which require arbitration. Like in *Mousebelt*, Plaintiff's claims are predicated on allegations that Defendants purportedly destroyed the value of Plaintiff's investment through a scheme of wrongful conduct with the signatory (FAC ¶¶ 88, 113-114, 149, 152, 159, 196, 205, 208, 244, 258, 254, 284, 288, 297), and the alleged harm "cannot be divorced from" the underlying agreements. 2023 U.S. Dist. LEXIS 97679, at *22-23.

38. Equitable estoppel also applies because Plaintiff alleges collusive misconduct between OEP Holding (a signatory) and Defendants (nonsignatories). *See Am. Chung Nam, LLC*, 2023 U.S. Dist. LEXIS 227709, at *21. Plaintiff alleges a purported scheme to devalue Neology to force Plaintiff to release his interest in the Smartrac MEP. (*See* FAC ¶¶ 88, 113-114, 149, 152, 159, 196, 205, 208, 244, 258, 274, 284, 288, 297.) The purported participants in that scheme include not only Defendants, but also OEP Holding, including through its Director, Philipp von Muerers. (*See id.* ¶ 29; Rizkallah Decl., Ex. 1 at Exs. 1-3 at signature pages.) Thus, the dispute is "properly characterized as intertwined with the contract[s]" for the additional reason that Plaintiff alleges "collusive conduct between the nonsignatory and other signatories." *Mousebelt Labs Pte. LTD*, 2023 U.S. Dist. LEXIS 97679, at *26.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

39. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders

for the State Court Action served upon Neology or available on the Superior Court, County of San Diego website as of this date of removal are attached as **Exhibits A-B**. For the Court's ease of reference, these documents consist respectively of: Plaintiffs' Summons and initial Complaint (**Exhibit A**) and the remainder of the state court file (**Exhibit B**).

40. In addition, the complete file from the federal court docket following the first removal of this action by JPMC is attached as **Exhibits C-1 through C-4**.

41. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be promptly filed with the Superior Court of California, County of San Diego – North County.

42. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given promptly to all adverse parties.

## RESERVATION OF RIGHTS AND DEFENSES

43. By filing this Notice of Removal, Neology does not waive any defenses that may be available to it and reserves all such defenses. In addition, Neology does not concede that Plaintiff has stated any claim upon which relief may be granted, or that Plaintiff is entitled to any relief of any nature.

44. The undersigned counsel for Neology has read the foregoing and signs the Notice of Removal pursuant to 28 U.S.C. 1446(a).

WHEREFORE, Neology removes the State Court Action to this Court from the Superior Court of the State of California for the County of San Diego – North County.

Dated: July 29, 2024

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP

FOLEY HOAG LLP

By: */s/ Emil Petrossian*
      Emil Petrossian
      Alexander R. Miller
      GLASER WEIL FINK HOWARD
      JORDAN & SHAPIRO LLP
      600 West Broadway, Suite 2150

San Diego, CA 92101
Tel: (619) 765-4380
EPetrossian@glaserweil.com
AMiller@glaserweil.com

Robert Haney, Jr. (*Pro Hac Vice* application forthcoming)
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 812-0399
rhaney@foleyhoag.com

Leah Rizkallah (*Pro Hac Vice* application forthcoming)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Tel: (617) 832-1000
lrizkallah@foleyhoag.com

*Attorneys for Defendants*
NEOLOGY, INC. and
FRANCISCO MARTINEZ DE VELASCO