# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
J.P. MORGAN CHASE & CO., a Delaware corporation; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSEPH N. MULLIS, an individual,

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| ELECTRONICALLY FILED<br>Superior Court of California,<br>County of San Diego<br>10/13/2023 at 02:54:15 PM<br>Clerk of the Superior Court<br>By Irma Ledesma, Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, San Diego County
North County Regional Center
325 South Melrose Drive, Vista, California 92081

**37-2023-00045078-CU-FR-NC**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John E. Lord, Skiermont Derby LLP, 633 West Fifth Street, Suite 5800, Los Angeles, California 90071; Telephone: (213) 788-4500

DATE: 10/18/2023     Clerk, by _____, Deputy
*(Fecha)*           *(Secretario)* I. Ledesma  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: J.P. MORGAN CHASE & CO., a Delaware corporation

under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
       [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [ Print this form ]   [ Save this form ]   [ Clear this form ]

PAUL B. DERBY [SBN 211352]
pderby@skiermontderby.com
JOHN E. LORD [SBN 216111]
jlord@skiermontderby.com
MANE SARDARYAN [SBN 287201]
msardaryan@skiermontderby.com
SKIERMONT DERBY LLP
633 West Fifth Street, Suite 5800
Los Angeles, California 90071
Telephone:   (213) 788-4500
Facsimile:   (213) 788-4545

Attorneys for Plaintiff
JOSEPH N. MULLIS

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/13/2023** at 02:54:15 PM
Clerk of the Superior Court
By Irma Ledesma, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – NORTH COUNTY

| | |
|---|---|
| JOSEPH N. MULLIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE & CO., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 37-2023-00045078-CU-FR-NC<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **FRAUDULENT INDUCEMENT**<br><br>2. **FRAUDULENT CONCEALMENT**<br><br>3. **NEGLIGENT MISREPRESENTATION**<br><br>4. **VIOLATION OF CAL. PENAL CODE § 496**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Joseph N. "Joe" Mullis ("Plaintiff") hereby complains against Defendants J.P. Morgan Chase & Co. ("J.P. Morgan") and Does 1 through 20, inclusive ("Does," and collectively with J.P. Morgan, "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this lawsuit because Plaintiff brings claims under the statutory and common laws of the State of California.

2. This Court has general personal jurisdiction over the parties because each resides and/or regularly conducts business in the State of California, has engaged in conduct in and aimed at the State of California, maintains systematic and continuous business and personal contacts with the State of California, and/or has consented to jurisdiction in California, as alleged in this Complaint.

3. Venue is proper in this Court pursuant to California Code of Civil Procedure sections 395(a) and 395.5 because a substantial part of the events at issue took place in the State of California in and for the County of San Diego, and Plaintiff was injured in this County given that he resides in this County. Also, on information and belief, J.P. Morgan regularly transacts business and maintains multiple offices and employees in this County.

## THE PARTIES

4. Plaintiff Joe Mullis ("Mullis") is and was at all relevant times referenced herein a resident of the State of California, County of San Diego, City of Oceanside.

5. Defendant J.P. Morgan Chase & Co. ("J.P. Morgan") is a publicly-traded Delaware corporation headquartered in New York City, New York.

6. Mullis is ignorant of the true names and capacities of the defendants sued herein as Does 1 through 20, and therefore sues those defendants by such fictitious names. (Does 1 through 20, with Defendant J.P. Morgan, are collectively referred to herein as the "Defendants.") Mullis will amend this Complaint to allege their true names and capacities when and if ascertained. Mullis is informed and believes and thereon alleges that each fictitiously-named Defendant is responsible in some manner for the events, conduct, and occurrences alleged herein, and that Mullis's damages as alleged herein were proximately caused by each of the fictitiously-named Defendants.

7. Mullis is informed and believes and thereon alleges that at all relevant times referenced herein, each Defendant, whether expressly or fictitiously named, in addition to acting for himself, herself, or itself and on his, her, or its own behalf individually, is and was acting as the agent, servant, employee, partner, joint-venturer, or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the Defendants and within the course, scope, and authority of that agency, service, employment, partnership, joint venture, and

conspiracy. Mullis further alleges on information and belief that the acts of each of the Defendants were fully ratified by each and all of the Defendants. Specifically, and without limitation, Mullis alleges on information and belief that the actions and breaches alleged herein and attributed to one or more specific Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the Defendants.

8. Mullis is informed and believes and thereon alleges that there exists, and at all relevant times referenced herein there existed, a unity of interests between Defendants such that any individuality and separateness between Defendants has ceased, and adherence to the fiction of the separate existence of Defendants would permit an abuse of the corporate privilege, sanction fraud, and promote injustice.

**GENERAL FACTUAL ALLEGATIONS**

9. Mullis first began working at Neology, Inc. ("Neology") in 2003.

10. In December 2010, One Equity Partners ("OEP")—the then private investment arm of J.P. Morgan—acquired a majority stake in SMARTRAC N.V. ("Smartrac") through OEP Technologie B.V., an acquisition company controlled by OEP.

11. In December 2011, Smartrac purchased a majority stake in Neology.

12. As part of his new employment agreement based on the purchase of Neology, Mullis was offered to participate in the Smartrac Management Equity Program ("Smartrac MEP").

13. In June 2012, Smartrac confirmed that Mullis was invited to join the Smartrac MEP that, in case of disinvestment of Neology, would be based on the related valuation of Neology.

14. In May 2014, Mullis was offered a stake in OEP Technologie B.V., together with its direct and indirect subsidiaries including Smartrac.

15. In January 2015, OEP was spun-off from J.P. Morgan.

16. In September 2017, OEP completed the acquisition of Neology from Smartrac. Neology was valued at that time by J.P. Morgan, and J.P. Morgan held Neology's debt.

17. Upon information and belief, J.P. Morgan transferred valuable intellectual property from Neology to Smartrac in order to devalue Neology at the time of the sale.

18. As part of the sale of Neology, Mullis was informed that his $50,000.00 loaned investment in the Smartrac MEP had a value of $0 and to sign a release of the Smartrac MEP.

19. In response, Mullis first asked Philipp von Meurers of OEP and then Christian Uhl—CEO of Smartrac—for additional information regarding the basis for the valuation of Mullis's interest in the Smartrac MEP (the "Smartrac MEP Valuation"). Specifically, Mullis wanted to

confirm the value of the sale of Neology and whether that value had been included in the fair market value determination for the Smartrac MEP.

20.  Mullis also wanted to confirm what value had been ascribed to Neology. Mullis was never provided with the details of the agreement to purchase Neology or the valuation of Neology by J.P. Morgan (the "Neology MEP Valuation") and conclusions therein. Dr. Jörg Zirener, Neology's senior managing director, served as a representative of J.P. Morgan; and, on information and belief, J.P. Morgan was responsible for the Neology MEP Valuation.

21.  J.P. Morgan's refusal to provide information regarding the Smartrac MEP Valuation, the Neology MEP Valuation, and conclusions therein was, on information and belief, part of the scheme to deflate Neology's "Fair Market Value" and conceal the same from Mullis and others forced to release their Partial Partnership Interest in Smartrac.

## FIRST CAUSE OF ACTION

**(Fraudulent Inducement of Smartrac MEP Release – Against All Defendants)**

22.  Mullis incorporates the allegations of Paragraphs 1 through 21 above as if set forth fully herein.

23.  Defendants made a series of statements to Mullis in and around September 2017 regarding the Smartrac MEP Valuation and Neology MEP Valuation.

24.  Upon information and belief, J.P. Morgan's misrepresentations, concealments, and omissions regarding the Smartrac MEP Valuation and the Neology MEP Valuation were both false and intentionally false, intended to cause Mullis to rely upon, and keep from Mullis the money to which he was rightfully entitled under the Smartrac MEP.

25.  Mullis did rely upon the statements to him by Defendants, and reasonably so.

26.  Mullis was harmed as a result of the false and deceptive statements made by Defendants when Mullis signed a release of the Smartrac MEP based on representations that he was not entitled to any payout from the Smartrac MEP when, in fact, he would have been entitled to a payout if the Smartrac MEP Valuation and the Neology MEP Valuation had been properly calculated.

27.  Mullis was harmed in an amount to be proven at trial, but in excess of the jurisdictional minimum of this Court.

28.  Mullis's reliance on Defendants' misstatements was a substantial factor in causing Mullis's harm.

29.  Mullis is informed and believes, and therefore alleges, that Defendants acted with malice, oppression, and fraud, and a deliberate intent to hurt and injure Mullis, or with conscious

disregard for Mullis's rights. Accordingly, an award of punitive damages is justified in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

### (Fraudulent Concealment – Against All Defendants)

30. Mullis incorporates the allegations of Paragraphs 1 through 21 above as if set forth fully herein.

31. In September 2017, Defendants made a series of representations to Mullis regarding the Smartrac MEP. When Mullis inquired about the Smartrac MEP Valuation, Defendants refused to provide any substantive information regarding the Smartrac MEP Valuation.

32. Similarly, Defendants refused to provide any information to Mullis regarding the Neology MEP Valuation, which should have been taken into account in the Smartrac MEP Valuation.

33. Defendants had a duty to truthfully disclose all material facts regarding the Smartrac MEP Valuation and the Neology MEP Valuation to Mullis as administrators of the Smatrac MEP.

34. Upon information and belief, Defendants intended to conceal material facts, and separately to tell half-truths, to Mullis, knowing that Defendants were not disclosing materials facts or the whole truth, with the intent to deceive Mullis into acting as the Defendants wished for Mullis to act.

35. Mullis did not know the whole truth, or the other facts, that were upon information and belief concealed, distorted, and otherwise withheld by Defendants.

36. Had the omitted information been disclosed to Mullis, Mullis reasonably would have behaved differently in that he would not have released claims against the Smatrac MEP.

37. Mullis was harmed in an amount to be proven at trial, but in excess of the jurisdictional minimum of this Court.

38. Upon information and belief, the concealment and distortions of Defendants was a substantial factor in causing Mullis's harm.

39. Mullis is informed and believes, and therefore alleges, that Defendants acted with malice, oppression, and fraud, and a deliberate intent to hurt and injure Mullis, or with conscious disregard for Mullis's rights. Accordingly, an award of punitive damages is justified in an amount according to proof at trial.

///

///

///

## THIRD CAUSE OF ACTION

### (Negligent Misrepresentation – Against All Defendants)

40. Mullis incorporates the allegations of Paragraphs 1 through 21 above as if set forth fully herein.

41. This cause of action (for Negligent Misrepresentation) is an alternative theory of liability to the intentional frauds alleged above.

42. Upon information and belief, Defendants, and each of them, represented to Mullis that certain facts concerning the Smartrac MEP Valuation and the Neology MEP Valuation were true.

43. Those representations were not true.

44. Although the Defendants may have honestly believed that their representations were true, they had no reasonable grounds for that belief.

45. Defendants intended for Mullis to rely upon the representations that they made to Mullis in and around September 2017.

46. Mullis was harmed in an amount to be proven at trial, but in excess of the jurisdictional minimum of this Court.

## FOURTH CAUSE OF ACTION

### (Violation of California Penal Code § 496 – Against All Defendants)

47. Mullis incorporates the allegations of Paragraphs 1 through 21 above as if set forth fully herein.

48. California Penal Code section 484 defines "theft," and that section provides: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property ... is guilty of theft."

49. California Penal Code section 496(a) provides that: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained" is guilty of a public offense.

50. California Penal Code section 496(a) further provides that "a principal in the actual theft of the property may be convicted pursuant to this section."

51. J.P. Morgan actually stole, withheld, and/or aided in the concealment, sale, or withholding of Mullis's property, knowing that property had been withheld and/or obtained in a manner constituting theft. J.P. Morgan has facilitated and/or benefitted from that misconduct—the withholding of money that should have been paid to Mullis—in a manner constituting theft, fraudulent withholding, and necessary concealment, as alleged herein.

52. Mullis has been injured by J.P. Morgan's conduct, which conduct represents a violation of California Penal Code section 496(a), in an amount to be proven at trial.

53. Pursuant to subdivision (c) of Penal Code section 496, Mullis may (and here, does) bring a civil action for three (3) times the amount of his actual damages, costs, of suit, and reasonable attorneys' fees.

54. Mullis is informed and believes, and therefore alleges, that J.P. Morgan acted with malice, oppression, and fraud, and a deliberate intent to hurt and injure Mullis, or with conscious disregard for Mullis's rights. Accordingly, an award of punitive damages is justified in an amount according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Mullis prays for judgment against Defendants as follows:

1. For general, actual, and compensatory damages in an amount to be proven at trial;
2. For pre- and post-judgment interest as permitted by law;
3. For punitive damages as permitted by law;
4. For reasonable attorneys' fees, litigation expenses, and costs as might be permitted by contract, statute, and/or other applicable law;
5. For any and all other relief that the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff Joseph N. Mullis hereby demands a trial by jury on all issues so triable.

DATED: October 13, 2023                    SKIERMONT DERBY LLP

By: _____/s/ John E. Lord_____
PAUL B. DERBY
JOHN E. LORD
MANE SARDARYAN

Attorneys for Plaintiff
JOSEPH N. MULLIS