# EXHIBIT C-1

CLOSED,.

**U.S. District Court**
**Southern District of California (San Diego)**
**CIVIL DOCKET FOR CASE #: 3:23-cv-02106-BEN-DTF**

Mullis v. J.P. Morgan Chase & Co. et al
Assigned to: Judge Roger T. Benitez
Referred to: Magistrate Judge D. Thomas Ferraro
Case in other court: Superior Court of California, County of San Diego, 37-02023-00045078-CU-FR-NC
Cause: 28:1446fr Notice of Removal - Fraud

Date Filed: 11/16/2023
Date Terminated: 07/24/2024
Jury Demand: Both
Nature of Suit: 370 Other Fraud
Jurisdiction: Diversity

**Plaintiff**

**Joseph N. Mullis**
*an individual*

represented by **John E. Lord**
Skiermont Derby LLP
633 West Fifth Street
Suite 5800
Los Angeles, CA 90071
213-788-4500
Fax: 213-788-4545
Email: jlord@skiermontderby.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin Paul Potere**
Skiermont Derby LLP
1601 Elm Street
Suite 4400
Dallas, TX 75201
214-978-6600
Fax: 214-978-6601
Email: kpotere@skiermontderby.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mane Sardaryan**
Skiermont Derby LLP
633 West Fifth Street
Suite 5800
Los Angeles, CA 90071
213-788-4500
Fax: 213-788-4545
Email: msardaryan@skiermontderby.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul B. Derby**
Skiermont Derby LLP
633 W. 5th Street
Suite 5800
Los Angeles, CA 90071
213-788-4500
Fax: 213-403-5151
Email: pderby@skiermontderby.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shaun A Markley**
Nicholas & Tomasevic LLP
225 Broadway
19th Floor
San Diego, CA 92101
619-325-0492
Fax: 619-325-0496
Email: smarkley@nicholaslaw.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**J.P. Morgan Chase & Co.**
*a Delaware corporation*

represented by **Layal Bishara**
Greenberg Traurig, P.A
1840 Century Park East
Suite 1900
Los Angeles, CA 90067
310-586-7781
Fax: 310-586-7800
Email: bisharal@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Michael Elliot McCarthy
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
310-576-7700
Fax: 310-586-7800
Email: mccarthyme@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does 1 through 20**
*inclusive*

**Defendant**

**Neology Inc.**                                     represented by **Alexander Ryan Miller**
*a Delaware corporation*                             Glaser Weil Fink Howard Jordan & Shapiro LLP
                                                     600 West Broadway
                                                     Suite 1080
                                                     San Diego, CA 92101
                                                     619-765-4380
                                                     Email: amiller@glaserweil.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Emil Petrossian**
                                                     Glaser Weil Fink Howard Jordan & Shapiro LLP
                                                     600 West Broadway
                                                     Suite 1080
                                                     San Diego, CA 92101
                                                     619-765-4382
                                                     Fax: 619-483-0646
                                                     Email: epetrossian@glaserweil.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Leah S. Rizkallah**
                                                     Foley Hoag LLP
                                                     155 Seaport Boulevard
                                                     Boston, MA 02210
                                                     617-832-3059
                                                     Email: lrizkallah@foleyhoag.com
                                                     *LEAD ATTORNEY*
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Robert P. Haney**
                                                     Foley Hoag LLP
                                                     1301 Avenue of the Americas
                                                     25th Floor
                                                     New York, NY 10019
                                                     212-812-0356
                                                     Email: rhaney@foleyhoag.com
                                                     *LEAD ATTORNEY*
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Rick Smith**                                       represented by **Layal Bishara**
*an individual*                                      (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Michael Elliot McCarthy**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Francisco Martinez de Velasco**                    represented by **Alexander Ryan Miller**
*an individual*                                      (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Emil Petrossian**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Leah S. Rizkallah**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

**Robert P. Haney**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Avery Dennison Corporation**
*a Delaware corporation*

represented by **Ariel E. Rogers**
Goodwin Procter LLP
601 Marshall Street
Redwood City, CA 94063
650-752-3100
Fax: 650-853-1038
Email: arogers@goodwinlaw.com
*ATTORNEY TO BE NOTICED*

**Laura Alexandra Stoll**
Goodwin Procter LLP
601 South Figueroa Street
41st Floor
Los Angeles, CA 90017
(213) 426-2500
Fax: (213) 623-1673
Email: lstoll@goodwinlaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/16/2023 | 1 | NOTICE OF REMOVAL with Jury Demand ( Filing fee $ 402 receipt number ACASDC-18354974.), filed by J.P. Morgan Chase & Co.. (Attachments: # 1 Civil Cover Sheet)<br><br>The new case number is 3:23-cv-2106-LAB-BGS. Judge Larry Alan Burns and Magistrate Judge Bernard G. Skomal are assigned to the case.(rxc) (sjt). (Entered: 11/16/2023) |
| 11/16/2023 | 2 | Corporate Disclosure Statement by J.P. Morgan Chase & Co. identifying Other Affiliate The Vanguard Group, Inc., Other Affiliate Black Rock, Inc. for J.P. Morgan Chase & Co... (rxc) (sjt). (Entered: 11/16/2023) |
| 11/17/2023 | 3 | Joint MOTION for Extension of Time to File Answer *, Move or Otherwise Plead in Response to Complaint* by J.P. Morgan Chase & Co.. (McCarthy, Michael) (sjt). (Entered: 11/17/2023) |
| 11/21/2023 | 4 | ORDER Granting 3 Extension of Time for Defendant to Respond to Complaint. JPMC must answer or otherwise respond to the Complaint by 1/5/2024. Signed by Judge Larry Alan Burns on 11/21/2023. (rmc) (Entered: 11/21/2023) |
| 01/05/2024 | 5 | MOTION to Compel *Arbitration and Stay Proceedings* by J.P. Morgan Chase & Co.. (Attachments: # 1 Declaration of Robert Harmzen, # 2 Exhibit 1-3 (and Table of Contents) to Robert Harmzen Declaration)(McCarthy, Michael) (rmc). (Entered: 01/05/2024) |
| 01/05/2024 | 6 | MOTION to Dismiss for Failure to State a Claim by J.P. Morgan Chase & Co.. (McCarthy, Michael) (rmc). (Entered: 01/05/2024) |
| 01/11/2024 | 7 | Request to Appear Pro Hac Vice (Filing fee received: $224.00 receipt number ACASDC-18492726.)(Application to be reviewed by Clerk.) (Potere, Kevin)(jrd) (Entered: 01/11/2024) |
| 01/11/2024 | 8 | ORDER Denying the Pro Hac Vice Application of Kevin P. Potere (Re: ECF No. 7 Request to Appear Pro Hac Vice). Signed by Judge Larry Alan Burns on 1/11/2024.(jrd) (Entered: 01/11/2024) |
| 01/26/2024 | 9 | AMENDED COMPLAINT with Jury Demand against All Defendants, filed by Joseph N. Mullis. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)New Summons Requested. (Sardaryan, Mane) (rmc). (Entered: 01/26/2024) |
| 01/29/2024 | 10 | Summons Issued.<br>**Counsel receiving this notice electronically should print this summons and serve it in accordance with Rule 4, Fed.R.Civ.P and LR 4.1.** (rmc) (Entered: 01/29/2024) |
| 02/02/2024 | 11 | WAIVER OF SERVICE Returned Executed by Joseph N. Mullis, as to Rick Smith. (Sardaryan, Mane) (rmc). (Entered: 02/02/2024) |
| 02/02/2024 | 12 | SUMMONS Returned Executed by Joseph N. Mullis. Avery Dennison Corporation served. (Sardaryan, Mane) (rmc). (Entered: 02/02/2024) |
| 02/02/2024 | 13 | Joint MOTION for Extension of Time to File Answer re 9 Amended Complaint *Move or Otherwise Plead in Response to First Amended Complaint (L.R. 7.2, 12.1)* by J.P. Morgan Chase & Co., Rick Smith. (McCarthy, Michael)Attorney Michael Elliot McCarthy added to party Rick Smith(pty:dft) (rmc). (Entered: 02/02/2024) |
| 02/02/2024 | 14 | SUMMONS Returned Executed by Joseph N. Mullis. Neology Inc. served. (Sardaryan, Mane) (rmc). (Entered: 02/02/2024) |
| 02/02/2024 | 15 | MOTION to Remand to State Court by Joseph N. Mullis. (Attachments: # 1 Memo of Points and Authorities in Support of Motion to Remand, # 2 Declaration of Mane Sardaryan in Support, # 3 Exhibit 1-7)(Sardaryan, Mane) (rmc). (Entered: 02/02/2024) |
| 02/05/2024 | 16 | ORDER Granting 13 Joint Motion to Extend Time for Defendant JPMorgan Chase & Co to Respond to the First Amended Complaint; and Denying 5 6 Motion to Compel Arbitration and Stay Proceeding and Motion to Dismiss as Moot. The hearing scheduled for 3/11/2024, at 11:30 a.m. on these motions is vacated. JPMC must answer or otherwise respond to the FAC by 4/1/2024. Signed by Judge Larry Alan Burns on 2/5/2024. (rmc) (Entered: 02/05/2024) |
| 02/07/2024 | 17 | NOTICE of Appearance by Shaun A Markley on behalf of Joseph N. Mullis (Markley, Shaun)Attorney Shaun A Markley added to party Joseph N. Mullis(pty:pla) (rmc). (Entered: 02/07/2024) |
| 02/08/2024 | 18 | Request to Appear Pro Hac Vice, No payment Submitted (Application to be reviewed by Clerk.) (Potere, Kevin)(jrd) (Entered: 02/08/2024) |
| 02/08/2024 | 19 | PRO HAC APPROVED: Kevin Paul Potere appearing for Plaintiff Joseph N. Mullis. (no document attached) (jrd) (Entered: 02/08/2024) |
| 02/16/2024 | 20 | Joint MOTION for Extension of Time to File Answer *to First Amended Complaint and Continue Hearing and Set Briefing Schedule on Motion for Remand* by J.P. Morgan Chase & Co., Rick Smith. (Bishara, Layal)Attorney Layal Bishara added to party Rick Smith(pty:dft) Modified on 2/16/2024 to correct event, add missing Motion to Continue Hearing event (rmc). (Entered: 02/16/2024) |
| 02/16/2024 | 21 | NOTICE of Appearance by Laura Alexandra Stoll on behalf of Avery Dennison Corporation (Stoll, Laura)Attorney Laura Alexandra Stoll added to party Avery Dennison Corporation(pty:dft) (rmc). (Entered: 02/16/2024) |
| 02/16/2024 | 22 | NOTICE of Appearance by Ariel Rogers on behalf of Avery Dennison Corporation (Rogers, Ariel)Attorney Ariel Rogers added to party Avery Dennison Corporation(pty:dft) (rmc). (Entered: 02/16/2024) |
| 02/20/2024 | 23 | Corporate Disclosure Statement by Avery Dennison Corporation. No Corporate Parents/Interested Parties. (Stoll, Laura) (rmc). (Entered: 02/20/2024) |

| | | |
|---|---|---|
| 02/21/2024 | 24 | WAIVER OF SERVICE Returned Executed by Joseph N. Mullis, as to Francisco Martinez de Velasco. (Potere, Kevin) (rmc). (Entered: 02/21/2024) |
| 02/23/2024 | 25 | ORDER Granting 20 Joint Motion to Continue Hearing and set Briefing Schedule on Plaintiff's Motion for Remand and to Setting Uniform Deadline for All Defendants to Respond to First Amended Complaint. The hearing on Plaintiff's Motion to Remand, (Dkt. 15 ), is continued to 4/8/2024, at 11:30 a.m., in Courtroom 14A. Defendants' opposition to the Motion to Remand must be filed on or before 3/11/2024. Plaintiff's reply to Defendants' opposition must be filed on or before 3/25/2024. All Defendants must answer or otherwise respond to the FAC on or before 4/30/2024.. Signed by Judge Larry Alan Burns on 2/23/2024. (rmc) (Entered: 02/23/2024) |
| 03/11/2024 | 26 | NOTICE of Appearance by Alexander Ryan Miller on behalf of Francisco Martinez de Velasco, Neology Inc. (Miller, Alexander)Attorney Alexander Ryan Miller added to party Francisco Martinez de Velasco(pty:dft), Attorney Alexander Ryan Miller added to party Neology Inc.(pty:dft) (rmc). (Entered: 03/11/2024) |
| 03/11/2024 | 27 | NOTICE of Appearance by Alexander Ryan Miller on behalf of Francisco Martinez de Velasco, Neology Inc. (Miller, Alexander) (rmc). (Entered: 03/11/2024) |
| 03/11/2024 | 28 | NOTICE of Appearance by Emil Petrossian on behalf of Francisco Martinez de Velasco, Neology Inc. (Petrossian, Emil)Attorney Emil Petrossian added to party Francisco Martinez de Velasco(pty:dft), Attorney Emil Petrossian added to party Neology Inc.(pty:dft) (rmc). (Entered: 03/11/2024) |
| 03/11/2024 | 29 | RESPONSE in Opposition re 15 MOTION to Remand to State Court *All Defendants' Joint Opposition* filed by J.P. Morgan Chase & Co., Rick Smith. (Attachments: # 1 Declaration of Paul J. Ferak, # 2 Exhibit A-C (and Table of Contents) to Paul J. Ferak Declaration)(McCarthy, Michael) (rmc). (Entered: 03/11/2024) |
| 03/11/2024 | 30 | Request to Appear Pro Hac Vice ( Filing fee received: $ 224 receipt number ACASDC-18659141.) (Application to be reviewed by Clerk.) (Haney, Robert) (rmc). (Entered: 03/11/2024) |
| 03/11/2024 | 31 | Request to Appear Pro Hac Vice ( Filing fee received: $ 224 receipt number ACASDC-18659159.) (Application to be reviewed by Clerk.) (Rizkallah, Leah) (rmc). (Entered: 03/11/2024) |
| 03/11/2024 | 32 | PRO HAC APPROVED: Robert P. Haney, Leah S. Rizkallah appearing for Defendants Francisco Martinez de Velasco, Neology Inc. (no document attached) (rmc) (Entered: 03/11/2024) |
| 03/20/2024 | 33 | MINUTE ORDER by Judge Larry Alan Burns: The Clerk of Court is directed to reassign this matter per CivLR 40.1(c). Judge Larry Alan Burns is no longer assigned. Case reassigned to Judge Jinsook Ohta for all further proceedings. Pending hearings previously set before the original Judge have been transferred to the newly assigned Judge. The new case number is 23cv2106-JO(BGS).(no document attached) (rmc) (Entered: 03/20/2024) |
| 03/23/2024 | 34 | Defendant Neology, Inc.'s Corporate Disclosure Statement Pursuant to FED. R. CIV. P. 7.1 and CIV. L.R. 40.2; Notice of Parties with Financial Interest Pursuant to CIV. L.R. 40.2 (Petrossian, Emil) (exs). (Entered: 03/22/2024) |
| 03/25/2024 | 35 | Plaintiff's REPLY Memorandum in Support of Motion to Remand filed by Joseph N. Mullis. (Attachments: # 1 Declaration of Kevin P. Potere in Support, # 2 Exhibit 8-9)(Potere, Kevin) (rxc). (Entered: 03/25/2024) |
| 03/26/2024 | 36 | MINUTE ORDER OF RECUSAL: Judge Jinsook Ohta recuses from this case and directs the Clerk to randomly reassign this case to another district judge. This case has been randomly reassigned to Judge William Q. Hayes for all further proceedings. Pending hearings previously set before the original district judge have been transferred to the newly assigned district judge. The new case number is 23-cv-02106-WQH-BGS. (no document attached) (smy) (Entered: 03/26/2024) |
| 03/28/2024 | 37 | MINUTE ORDER OF RECUSAL. District Judge William Q. Hayes is no longer assigned. Case reassigned to Judge Roger T. Benitez for all further proceedings. The new case number is 23CV2106-BEN-BGS.(no document attached) (alns) (Entered: 03/28/2024) |
| 04/02/2024 | 38 | Minute Order issued by the Honorable Roger T. Benitez: Submitting 15 MOTION to Remand to State Court . Court to issue written Order. Motion Hearing date of 4/8/2024 is hereby vacated. (no document attached) (gxr) (Entered: 04/02/2024) |
| 04/18/2024 | 39 | Joint MOTION for Extension of Time to File Response/Reply as to 9 Amended Complaint *and Set Page Limits for Responses (L.R. 7.2, 12.1)* by J.P. Morgan Chase & Co.. (McCarthy, Michael) (jpp). (Entered: 04/18/2024) |
| 04/22/2024 | 40 | ORDER granting 39 Joint motion by all Parties to (1) Continue Defendants' deadline to answer, move, or otherwise plead in response to First Amended Complaint; and (2) Set page limits for responses (L.R. 7.2, 12.1). Signed by Judge Roger T. Benitez on 4/19/2024. (jpp) (Entered: 04/22/2024) |
| 05/01/2024 | 41 | MINUTE ORDER OF TRANSFER. Magistrate Judge Bernard G. Skomal is no longer assigned. Case reassigned to Magistrate Judge D. Thomas Ferraro for all further proceedings. The new case number is 23cv2106-BEN-DTF. Motions set before D. Thomas Ferraro.(no document attached) (jpp) (Entered: 05/01/2024) |
| 05/30/2024 | 42 | Joint MOTION to Compel *Arbitration and Stay Proceedings by All Defendants* by J.P. Morgan Chase & Co., Rick Smith. (Attachments: # 1 Declaration of Robert Harmzen, # 2 Exhibit 1-3 (and Table of Contents) to Declaration of Robert Harmzen, # 3 Declaration of Michael McCarthy)(McCarthy, Michael) (jpp). (Entered: 05/30/2024) |
| 05/30/2024 | 43 | Joint MOTION to Dismiss for Failure to State a Claim by Avery Dennison Corporation, J.P. Morgan Chase & Co., Francisco Martinez de Velasco, Neology Inc., Rick Smith. (Attachments: # 1 Memo of Points and Authorities)(Petrossian, Emil) M (jpp). (Entered: 05/30/2024) |
| 05/30/2024 | 44 | Supplemental MOTION to Dismiss for Failure to State a Claim by Francisco Martinez de Velasco, Neology Inc.. (Attachments: # 1 Memo of Points and Authorities (Petrossian, Emil) (jpp). (Entered: 05/30/2024) |
| 05/30/2024 | 45 | MOTION to Dismiss for Failure to State a Claim by Avery Dennison Corporation. (Attachments: # 1 Memo of Points and Authorities)(Stoll, Laura)(jpp). (Entered: 05/30/2024) |
| 06/11/2024 | 46 | Joint MOTION to Continue *Briefing Deadlines and Hearing on Defendants' Motion to Compel Arbitration and Motions to Dismiss (L.R. 7.2, 12.1)* by Joseph N. Mullis. (Potere, Kevin) (jpp). (Entered: 06/11/2024) |
| 06/11/2024 | 47 | ORDER granting 46 Joint Motion to Continue briefing schedule & hearing date on Defendants' motion to compel arbitration and motions to dismiss. Signed by Judge Roger T. Benitez on 6/11/2024. (jpp) (rmc). (Entered: 06/11/2024) |
| 07/24/2024 | 48 | ORDER granting 15 Motion to Remand. (Certified copy sent to State Court via US Mail Service.). Signed by Judge Roger T. Benitez on 7/24/2024. (jpp) (Entered: 07/24/2024) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 07/25/2024 07:54:06 | | |
| PACER Login: | fh000400 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:23-cv-02106-BEN-DTF |
| Billable Pages: | 7 | Cost: | 0.70 |

1 | Michael E. McCarthy (SBN 301010)
2 | mccarthyme@gtlaw.com
  | Layal Bishara (SBN 329154)
3 | bisharal@gtlaw.com
4 | **GREENBERG TRAURIG, LLP**
  | 1840 Century Park East, Suite 1900
5 | Los Angeles, CA 90067
6 | Tel: (310) 586-7700
  | Fax: (310) 586-7800
7 |
8 | Attorneys for Defendant
  | JPMORGAN CHASE & CO.
9 |

10 | ## UNITED STATES DISTRICT COURT

11 | ## SOUTHERN DISTRICT OF CALIFORNIA

12 |

| | |
|---|---|
| JOSEPH N. MULLIS, an individual, | CASE NO. **'23CV2106 LAB BGS** |
| Plaintiff, | |
| vs. | **DEFENDANT JPMORGAN CHASE & CO.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |
| J.P. MORGAN CHASE & CO., a Delaware corporation; and DOES 1 to 20, inclusive, | |
| Defendants. | Action Filed in State Court: October 13, 2023 |
| | Complaint and Summons Served: October 19, 2023 |
| | Action Removed: November 16, 2023 |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

NOTICE OF REMOVAL OF ACTION

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant JPMorgan Chase & Co. ("JPMC") hereby removes the action pending as *Joseph N. Mullis vs. J.P. Morgan Chase & Co. and DOES 1 through 20, inclusive*, Case No. 37-2023-00045078-CU-FR-NC, from the Superior Court of the State of California, County of San Diego – North County (the "State Court Action"), to the United States District Court for the Southern District of California. In support of this removal, JPMC hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).[1, 2]

## JURISDICTION

1.     This Court has original jurisdiction over the State Court Action because it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a)(1), 1441(b). JPMC also is not a citizen of California, the state in which the State Court Action is brought. 28 U.S.C. § 1441(b)(2).

---

[1] If the Court requests additional information or removal is challenged, JPMC will provide evidence supporting the Court's jurisdiction, and JPMC requests the opportunity to brief any disputed issues and to present oral argument, if necessary. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) (a removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail); *Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2013) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.'") (citations omitted); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) ("[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of evidence that the jurisdictional requirements are satisfied.").

[2] This Notice of Removal is filed subject to and without waiver that JPMC is not a proper party to this action or of any rights to seek mandatory arbitration of this dispute. In addition, any recitation in this Notice of facts alleged by Plaintiff in the Complaint are not and should not be construed as an admission or acknowledgment by JPMC that any such facts are accurate or correct.

**VENUE**

2.     The State Court Action was filed in the Superior Court of the State of California, County of San Diego – North County. Venue properly lies in the United States District Court for the Southern District of California. 28 U.S.C. §§ 84(d),1441(a).

**REMOVAL IS TIMELY**

3.     A notice of removal is to be filed within thirty days of service of an initial pleading or other document from which it is ascertainable that the case is removable. 28 U.S.C. § 1446(b)(1).

4.     JPMC was served with a copy of the Complaint on October 19, 2023.

5.     JPMC's deadline for removal is November 18, 2023.

6.     Therefore, this Notice of Removal is timely.

**NO OTHER DEFENDANTS**

7.     JPMC is presently the only named defendant in this lawsuit, and thus "all defendants who have been properly joined and served" consent to the removal of this action. 28 U.S.C. § 1446(b)(2)(A).

**ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)**

8.     This Court has jurisdiction over the State Court Action under 28 U.S.C. § 1332(a). Under section 1332, federal courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332(a)(1). Both requirements are satisfied here. There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**Nature of Action and Claims**

9.     The Complaint relates to the 2017 acquisition and sale of global mobility company Neology, Inc. ("Neology"). (*See* Complaint, attached as **Exhibit ("Exh.") A**.) Plaintiff alleges that he was an employee of Neology beginning in 2003. (*See* Exh. A, ¶ 9.) He alleges that, in December 2011, Smartrac N.V. ("Smartrac") purchased a majority stake in Neology. (*Id.*, ¶ 11.) He further alleges that, prior to that purchase, One Equity

Partners ("OEP")—"the then private investment arm of [JPMC]—[had] acquired a majority stake" in Smartrac. (*Id.*, ¶ 10.)

10.   Plaintiff alleges that, in June 2012, he was offered the ability to invest in the Smartrac Management Equity Program (Smartrac MEP), through which he subsequently invested at least $50,000. (*Id.*, ¶¶ 12-14, 18.)[3] He alleges that, in the case of "disinvestment of Neology," the MEP's value would be "based on the related valuation of Neology." (*Id.*, ¶ 13.)

11.   According to Plaintiff, in September 2017, Neology was acquired from Smartrac and "valued at that time by J.P. Morgan, and J.P. Morgan held Neology's debt . . . . . As part of the sale of Neology, [Plaintiff] was informed that his $50,000.00 loaned investment in the Smartrac MEP had a value of $0 and to sign a release of the Smartrac MEP." (*Id.*, ¶¶ 16, 18.) Plaintiff further alleges that "[u]pon information and belief, J.P.Morgan transferred valuable intellectual property from Neology to Smartrac in order to devalue Neology at the time of the sale." (*Id.*, ¶ 17.) Among other things, Plaintiff claims that he was given false or incomplete information in relation to the Neology sale and that he suffered damages due to an alleged "scheme to deflate Neology's 'Fair Market Value.'" (*Id.*, ¶¶ 17-21.)

12.   The Complaint includes causes of action for fraudulent inducement, fraudulent concealment, negligent misrepresentation, and violation of California Penal Code § 496. Among other forms of relief, Plaintiff seeks actual damages, punitive damages, treble damages under Penal Code § 496(c), and attorney's fees. (*Id.*, ¶¶ 29, 39, 52-53, Prayer for Relief.)

13.   JPMC denies Plaintiff's claims, denies any alleged wrongdoing, and denies that Plaintiff is entitled to any relief sought against JPMC.

**Complete Diversity of Citizenship Exists Between the Parties**

14.   Diversity is determined by the citizenship of the parties at the time of

---

[3] JPMC is informed and believes that the investment was actually €50,000, or about $62,765 based on the average June 2012 U.S. Dollar to Euro conversion rate.

1  removal. A natural person is a citizen of the state in which he or she is domiciled. 28

2  U.S.C. § 1391(c)(1); *see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.

3  2001). A person's domicile is established by physical presence and an intent to remain

4  there indefinitely. *See Kanter*, 265 F.3d at 857 (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th

5  Cir. 1986)).

6      15.    Plaintiff alleges that he is currently "a resident of the State of California,

7  County of San Diego, City of Oceanside." (Exh. A, ¶ 4.) In addition, he alleges that he

8  was a "resident of the State of California, County of San Diego, City of Oceanside" at

9  "all relevant times referenced" in the Complaint—meaning he alleges he has been a

10 resident of California for about 18 years, from 2003 to present. (*See id.*, ¶¶ 4, 9-21.)

11 JPMC's independent investigation and review of publicly available information also

12 showed that Plaintiff has owned residential property in San Diego County since at least

13 2007, and that Plaintiff has been employed in San Diego County since at least 2003. This

14 long-standing residency and employment in California confirms an "intent to remain" and

15 that Plaintiff is domiciled in, and thus a citizen of, California. *See, e.g.*, *Bratton v. FCA*

16 *US LLC*, 2017 WL 11687946, at *4 (N.D. Cal. June 22, 2017) (finding domicile

17 appropriately shown because "Plaintiffs are not only residents of California, but long-

18 standing residents of California"); *Saldana v. Home Depot USA, Inc.*, 2016 WL 3391808,

19 at *2 (E.D. Cal. June 20, 2016) ("The court finds defendant has adequately established

20 plaintiff is a citizen of California based on her long employment history [8 years] in

21 California as well as plaintiff's own assertions regarding her residency.").

22     16.    The citizenship of a corporation depends on the company's state of

23 incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). JPMC is, and was

24 when Plaintiff commenced the State Court Action, a Delaware corporation with its

25 principal place of business in New York, New York. JPMC is therefore a citizen of

26 Delaware and New York.

27     17.    Doe defendants are disregarded when determining diversity jurisdiction for

28 removal. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on

-4-

the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *Aguilar v. McKesson Corp.*, 2016 WL 2616529, at *2 (E.D. Cal. May 6, 2016) ("[T]he citizenship of the unidentified Doe defendants is immaterial for determining diversity jurisdiction.").

18.    Accordingly, there is complete diversity of citizenship between Plaintiff and JPMC.

## **The Amount-in-Controversy Requirement Is Met**

19.    "In measuring the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citations and bracketing omitted).

20.    "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

21.    The amount in controversy includes potential general and special damages, punitive damages, as well as attorney's fees if recoverable by statute or contract.  *See, e.g.*, *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-450 (S.D. Cal. 1995); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

22.    The amount in controversy also includes treble damages or civil penalties authorized by statute. *See Newson v. Allstate Ins. Co.*, 2018 WL 6164290, at *2 (C.D. Cal. July 24, 2018); *McDaniel v. L Brands, Inc.*, 2016 WL 6126257, at *3 (C.D. Cal. Oct. 20, 2016).

23.    The amount in controversy in this case exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).[4] Plaintiff seeks damages in relation to the acquisition and

---

[4] JPMC denies that it has any liability whatsoever to Plaintiff and disputes that the amounts sought in the Complaint are recoverable against JPMC. *See Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[T]he amount in controversy is simply an

sale of global mobility company Neology. At minimum, Plaintiff alleges that he suffered damages in the full amount of his investment in the Smartrac MEP, totaling at least $50,000. (*See* Exh. A, ¶ 18.) In addition, under California Penal Code § 496(c), Plaintiff seeks "three (3) times the amount of his actual damages[,]" or **$150,000**. (Exh. A, ¶¶ 52-53); *Francis v. Wyndham Vacation Resorts, Inc.*, 2019 WL 1417361, at *2 (S.D. Cal. Mar. 29, 2019) (upholding removal based, in part, on plaintiff's requested treble damages); *Chess v. CF Arcis IX LLC*, 2020 WL 4207322, at *4 (N.D. Cal. July 22, 2020) ("Here Plaintiffs are making claims for treble damages based on the value of their deposits. . . . Treble damages are easy to calculate through multiplication. Therefore, due to the claims for treble damages in the first cause of action, the amount in controversy is met."); *Newson*, 2018 WL 6164290, at *2 (amount in controversy met because plaintiff sought $30,000 in compensatory damages trebled).[5]

24.     Plaintiff also seeks punitive damages in relation to the alleged fraud he references in the State Court Action, as well as recovery for his attorneys' fees. Based on Plaintiff's alleged actual damages of at least $50,000, the amount-in-controversy requirement is met for these independent reasons. *See, e.g.*, *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 904 (1994) (affirming award of punitive damages ten-times the awarded compensatory damages); *Fritsch v. Swift Transp.*, 899 F.3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"); *Linlor v. NRA of Am.*, 2017 WL 1838959, at *3 (S.D. Cal. May 8, 2017) (amount in controversy satisfied where gap in

---

estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *Graham Plumbing & Drain Cleaning v. Colony Ins. Co.*, 2019 WL 9607730, at *2 (C.D. Cal. July 16, 2019) ("'The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will <u>actually</u> owe.'") (emphasis in original) (citations omitted).

[5] The Court also may exercise supplemental jurisdiction over any other claims in the Complaint even if those are below the $75,000 threshold because they are part of the same controversy. *Chess*, 2020 WL 4207322, at *5.

claim for actual damages of less than $75,000 was filed by claim for punitive damages); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (similar). Indeed, if punitive damages were just 75% of Plaintiff's alleged actual damages, the amount in controversy would be met easily (75% of $50,000 is $37,500, and $37,500 + $50,000 = $87,500). *See, e.g.*, *Huy Fong Foods, Inc. v. Underwood Ranches, LP*, 66 Cal. App. 5th 1112, 1120 (2021) (affirming jury verdict of $13.32 million compensatory damages and $10 million punitive damages (about 75%) on claim that fraudulent concealment induced business investment loss).

25. Accordingly, the requisite amount in controversy for diversity actions set forth in 28 U.S.C. § 1332(a) is satisfied.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

26. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action served upon JPMC or available on the Superior Court, County of San Diego website as of this date of removal are attached as **Exhibits A and B**. For the Court's ease of reference, these documents consist respectively of: Plaintiffs' Summons and Complaint (**Exh. A**) and the remainder of the state court file (**Exh. B**).

27. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be promptly filed with the Superior Court of California, County of San Diego – North County.

28. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given promptly to all adverse parties.

## RESERVATION OF RIGHTS AND DEFENSES

29. By filing this Notice of Removal, JPMC does not waive any defenses that may be available to it and reserves all such defenses. In addition, JPMC does not concede that Plaintiff has stated any claim upon which relief may be granted, or that Plaintiff is entitled to any relief of any nature.

30. The undersigned counsel for JPMC has read the foregoing and signs the Notice of Removal pursuant to 28 U.S.C. 1446(a).

WHEREFORE, JPMC removes the State Court Action to this Court from the Superior Court of the State of California for the County of San Diego.

Dated: November 16, 2023          GREENBERG TRAURIG, LLP

                By:   */s/ Michael E. McCarthy*
                         Michael E. McCarthy
                         Email: mccarthyme@gtlaw.com
                         Attorneys for Defendant
                         JPMORGAN CHASE & CO.

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
J.P. MORGAN CHASE & CO., a Delaware corporation; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSEPH N. MULLIS, an individual,

<table>
<tr><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/13/2023** at 02:54:15 PM

Clerk of the Superior Court
By Irma Ledesma, Deputy Clerk
</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

  You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

  *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California, San Diego County<br>North County Regional Center<br>325 South Melrose Drive, Vista, California 92081 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2023-00045078-CU-FR-NC |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John E. Lord, Skiermont Derby LLP, 633 West Fifth Street, Suite 5800, Los Angeles, California 90071; Telephone: (213) 788-4500

| DATE:<br>*(Fecha)* 10/18/2023 | Clerk, by<br>*(Secretario)* I. Ledesma | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: J.P. MORGAN CHASE & CO., a Delaware corporation

    under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
    ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**    | Print this form | | Save this form |     | Clear this form |

PAUL B. DERBY [SBN 211352]
pderby@skiermontderby.com
JOHN E. LORD [SBN 216111]
jlord@skiermontderby.com
MANE SARDARYAN [SBN 287201]
msardaryan@skiermontderby.com
SKIERMONT DERBY LLP
633 West Fifth Street, Suite 5800
Los Angeles, California 90071
Telephone:    (213) 788-4500
Facsimile:    (213) 788-4545

Attorneys for Plaintiff
JOSEPH N. MULLIS

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
10/13/2023 at 02:54:15 PM
Clerk of the Superior Court
By Irma Ledesma, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – NORTH COUNTY

| | |
|---|---|
| JOSEPH N. MULLIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE & CO., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 37-2023-00045078-CU-FR-NC<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **FRAUDULENT INDUCEMENT**<br><br>2. **FRAUDULENT CONCEALMENT**<br><br>3. **NEGLIGENT MISREPRESENTATION**<br><br>4. **VIOLATION OF CAL. PENAL CODE § 496**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Joseph N. "Joe" Mullis ("Plaintiff") hereby complains against Defendants J.P. Morgan Chase & Co. ("J.P. Morgan") and Does 1 through 20, inclusive ("Does," and collectively with J.P. Morgan, "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this lawsuit because Plaintiff brings claims under the statutory and common laws of the State of California.

2.  This Court has general personal jurisdiction over the parties because each resides and/or regularly conducts business in the State of California, has engaged in conduct in and aimed at the State of California, maintains systematic and continuous business and personal contacts with the State of California, and/or has consented to jurisdiction in California, as alleged in this Complaint.

3.  Venue is proper in this Court pursuant to California Code of Civil Procedure sections 395(a) and 395.5 because a substantial part of the events at issue took place in the State of California in and for the County of San Diego, and Plaintiff was injured in this County given that he resides in this County. Also, on information and belief, J.P. Morgan regularly transacts business and maintains multiple offices and employees in this County.

## THE PARTIES

4.  Plaintiff Joe Mullis ("Mullis") is and was at all relevant times referenced herein a resident of the State of California, County of San Diego, City of Oceanside.

5.  Defendant J.P. Morgan Chase & Co. ("J.P. Morgan") is a publicly-traded Delaware corporation headquartered in New York City, New York.

6.  Mullis is ignorant of the true names and capacities of the defendants sued herein as Does 1 through 20, and therefore sues those defendants by such fictitious names. (Does 1 through 20, with Defendant J.P. Morgan, are collectively referred to herein as the "Defendants.") Mullis will amend this Complaint to allege their true names and capacities when and if ascertained. Mullis is informed and believes and thereon alleges that each fictitiously-named Defendant is responsible in some manner for the events, conduct, and occurrences alleged herein, and that Mullis's damages as alleged herein were proximately caused by each of the fictitiously-named Defendants.

7.  Mullis is informed and believes and thereon alleges that at all relevant times referenced herein, each Defendant, whether expressly or fictitiously named, in addition to acting for himself, herself, or itself and on his, her, or its own behalf individually, is and was acting as the agent, servant, employee, partner, joint-venturer, or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the Defendants and within the course, scope, and authority of that agency, service, employment, partnership, joint venture, and

1

conspiracy. Mullis further alleges on information and belief that the acts of each of the Defendants were fully ratified by each and all of the Defendants. Specifically, and without limitation, Mullis alleges on information and belief that the actions and breaches alleged herein and attributed to one or more specific Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the Defendants.

8.    Mullis is informed and believes and thereon alleges that there exists, and at all relevant times referenced herein there existed, a unity of interests between Defendants such that any individuality and separateness between Defendants has ceased, and adherence to the fiction of the separate existence of Defendants would permit an abuse of the corporate privilege, sanction fraud, and promote injustice.

## GENERAL FACTUAL ALLEGATIONS

9.    Mullis first began working at Neology, Inc. ("Neology") in 2003.

10.    In December 2010, One Equity Partners ("OEP")—the then private investment arm of J.P. Morgan—acquired a majority stake in SMARTRAC N.V. ("Smartrac") through OEP Technologie B.V., an acquisition company controlled by OEP.

11.    In December 2011, Smartrac purchased a majority stake in Neology.

12.    As part of his new employment agreement based on the purchase of Neology, Mullis was offered to participate in the Smartrac Management Equity Program ("Smartrac MEP").

13.    In June 2012, Smartrac confirmed that Mullis was invited to join the Smartrac MEP that, in case of disinvestment of Neology, would be based on the related valuation of Neology.

14.    In May 2014, Mullis was offered a stake in OEP Technologie B.V., together with its direct and indirect subsidiaries including Smartrac.

15.    In January 2015, OEP was spun-off from J.P. Morgan.

16.    In September 2017, OEP completed the acquisition of Neology from Smartrac. Neology was valued at that time by J.P. Morgan, and J.P. Morgan held Neology's debt.

17.    Upon information and belief, J.P. Morgan transferred valuable intellectual property from Neology to Smartrac in order to devalue Neology at the time of the sale.

18.    As part of the sale of Neology, Mullis was informed that his $50,000.00 loaned investment in the Smartrac MEP had a value of $0 and to sign a release of the Smartrac MEP.

19.    In response, Mullis first asked Philipp von Meurers of OEP and then Christian Uhl—CEO of Smartrac—for additional information regarding the basis for the valuation of Mullis's interest in the Smartrac MEP (the "Smartrac MEP Valuation"). Specifically, Mullis wanted to

2

confirm the value of the sale of Neology and whether that value had been included in the fair market value determination for the Smartrac MEP.

20.     Mullis also wanted to confirm what value had been ascribed to Neology.  Mullis was never provided with the details of the agreement to purchase Neology or the valuation of Neology by J.P. Morgan (the "Neology MEP Valuation") and conclusions therein.  Dr. Jörg Zirener, Neology's senior managing director, served as a representative of J.P. Morgan; and, on information and belief, J.P. Morgan was responsible for the Neology MEP Valuation.

21.     J.P. Morgan's refusal to provide information regarding the Smartrac MEP Valuation, the Neology MEP Valuation, and conclusions therein was, on information and belief, part of the scheme to deflate Neology's "Fair Market Value" and conceal the same from Mullis and others forced to release their Partial Partnership Interest in Smartrac.

## **FIRST CAUSE OF ACTION**

### **(Fraudulent Inducement of Smartrac MEP Release – Against All Defendants)**

22.     Mullis incorporates the allegations of Paragraphs 1 through 21 above as if set forth fully herein.

23.     Defendants made a series of statements to Mullis in and around September 2017 regarding the Smartrac MEP Valuation and Neology MEP Valuation.

24.     Upon information and belief, J.P. Morgan's misrepresentations, concealments, and omissions regarding the Smartrac MEP Valuation and the Neology MEP Valuation were both false and intentionally false, intended to cause Mullis to rely upon, and keep from Mullis the money to which he was rightfully entitled under the Smartrac MEP.

25.     Mullis did rely upon the statements to him by Defendants, and reasonably so.

26.     Mullis was harmed as a result of the false and deceptive statements made by Defendants when Mullis signed a release of the Smartrac MEP based on representations that he was not entitled to any payout from the Smartrac MEP when, in fact, he would have been entitled to a payout if the Smartrac MEP Valuation and the Neology MEP Valuation had been properly calculated.

27.     Mullis was harmed in an amount to be proven at trial, but in excess of the jurisdictional minimum of this Court.

28.     Mullis's reliance on Defendants' misstatements was a substantial factor in causing Mullis's harm.

29.     Mullis is informed and believes, and therefore alleges, that Defendants acted with malice, oppression, and fraud, and a deliberate intent to hurt and injure Mullis, or with conscious

3

SKIERMONT DERBY
LLP
Los Angeles
Dallas

disregard for Mullis's rights. Accordingly, an award of punitive damages is justified in an amount according to proof at trial.

### SECOND CAUSE OF ACTION

#### (Fraudulent Concealment – Against All Defendants)

30. Mullis incorporates the allegations of Paragraphs 1 through 21 above as if set forth fully herein.

31. In September 2017, Defendants made a series of representations to Mullis regarding the Smartrac MEP. When Mullis inquired about the Smartrac MEP Valuation, Defendants refused to provide any substantive information regarding the Smartrac MEP Valuation.

32. Similarly, Defendants refused to provide any information to Mullis regarding the Neology MEP Valuation, which should have been taken into account in the Smartrac MEP Valuation.

33. Defendants had a duty to truthfully disclose all material facts regarding the Smartrac MEP Valuation and the Neology MEP Valuation to Mullis as administrators of the Smatrac MEP.

34. Upon information and belief, Defendants intended to conceal material facts, and separately to tell half-truths, to Mullis, knowing that Defendants were not disclosing materials facts or the whole truth, with the intent to deceive Mullis into acting as the Defendants wished for Mullis to act.

35. Mullis did not know the whole truth, or the other facts, that were upon information and belief concealed, distorted, and otherwise withheld by Defendants.

36. Had the omitted information been disclosed to Mullis, Mullis reasonably would have behaved differently in that he would not have released claims against the Smatrac MEP.

37. Mullis was harmed in an amount to be proven at trial, but in excess of the jurisdictional minimum of this Court.

38. Upon information and belief, the concealment and distortions of Defendants was a substantial factor in causing Mullis's harm.

39. Mullis is informed and believes, and therefore alleges, that Defendants acted with malice, oppression, and fraud, and a deliberate intent to hurt and injure Mullis, or with conscious disregard for Mullis's rights. Accordingly, an award of punitive damages is justified in an amount according to proof at trial.

///

///

///

4

SKIERMONT DERBY LLP
Los Angeles
Dallas

# THIRD CAUSE OF ACTION

## (Negligent Misrepresentation – Against All Defendants)

40. Mullis incorporates the allegations of Paragraphs 1 through 21 above as if set forth fully herein.

41. This cause of action (for Negligent Misrepresentation) is an alternative theory of liability to the intentional frauds alleged above.

42. Upon information and belief, Defendants, and each of them, represented to Mullis that certain facts concerning the Smartrac MEP Valuation and the Neology MEP Valuation were true.

43. Those representations were not true.

44. Although the Defendants may have honestly believed that their representations were true, they had no reasonable grounds for that belief.

45. Defendants intended for Mullis to rely upon the representations that they made to Mullis in and around September 2017.

46. Mullis was harmed in an amount to be proven at trial, but in excess of the jurisdictional minimum of this Court.

# FOURTH CAUSE OF ACTION

## (Violation of California Penal Code § 496 – Against All Defendants)

47. Mullis incorporates the allegations of Paragraphs 1 through 21 above as if set forth fully herein.

48. California Penal Code section 484 defines "theft," and that section provides: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property ... is guilty of theft."

49. California Penal Code section 496(a) provides that: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained" is guilty of a public offense.

50. California Penal Code section 496(a) further provides that "a principal in the actual theft of the property may be convicted pursuant to this section."

5

51.     J.P. Morgan actually stole, withheld, and/or aided in the concealment, sale, or withholding of Mullis's property, knowing that property had been withheld and/or obtained in a manner constituting theft. J.P. Morgan has facilitated and/or benefitted from that misconduct—the withholding of money that should have been paid to Mullis—in a manner constituting theft, fraudulent withholding, and necessary concealment, as alleged herein.

52.     Mullis has been injured by J.P. Morgan's conduct, which conduct represents a violation of California Penal Code section 496(a), in an amount to be proven at trial.

53.     Pursuant to subdivision (c) of Penal Code section 496, Mullis may (and here, does) bring a civil action for three (3) times the amount of his actual damages, costs, of suit, and reasonable attorneys' fees.

54.     Mullis is informed and believes, and therefore alleges, that J.P. Morgan acted with malice, oppression, and fraud, and a deliberate intent to hurt and injure Mullis, or with conscious disregard for Mullis's rights. Accordingly, an award of punitive damages is justified in an amount according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Mullis prays for judgment against Defendants as follows:

1.     For general, actual, and compensatory damages in an amount to be proven at trial;

2.     For pre- and post-judgment interest as permitted by law;

3.     For punitive damages as permitted by law;

4.     For reasonable attorneys' fees, litigation expenses, and costs as might be permitted by contract, statute, and/or other applicable law;

5.     For any and all other relief that the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff Joseph N. Mullis hereby demands a trial by jury on all issues so triable.

DATED:  October 13, 2023                SKIERMONT DERBY LLP


By: _____/s/ John E. Lord_____
     PAUL B. DERBY
     JOHN E. LORD
     MANE SARDARYAN

     Attorneys for Plaintiff
     JOSEPH N. MULLIS

6

# EXHIBIT B

## SUPERIOR COURT OF CALIFORNIA
# County of SAN DIEGO

**Register of Actions Notice**

| | | | |
|---|---|---|---|
| Case Number: | 37-2023-00045078-CU-FR-NC | Filing Date: | 10/13/2023 |
| Case Title: | MULLIS vs J.P. Morgan Chase & Co [IMAGED] | Case Age: | 33 days |
| Case Status: | Pending | Location: | North County |
| Case Category: | Civil - Unlimited | Judicial Officer: | Robert P Dahlquist |
| Case Type: | Fraud | Department: | N-29 |

### Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| 12/22/2023 | 01:30 PM | N-29 | Motion Hearing (Civil) - Motion to Appear Pro Hac Vice |
| 03/22/2024 | 09:00 AM | N-29 | Civil Case Management Conference - Complaint |

### Participants

| Name | Role | Representation |
|---|---|---|
| J.P. MORGAN CHASE & CO. | Defendant | |
| Mullis, Joseph N. | Plaintiff | LORD, JOHN E |

### Representation

| Name | Address | Phone Number |
|---|---|---|
| LORD, JOHN  E | 633 W Fifth Street 5800 Los Angeles CA 90071 | (213) 788-4500 |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 10/13/2023 | Complaint filed by Mullis, Joseph N.. Refers to: J.P. MORGAN CHASE & CO. | Mullis, Joseph N. (Plaintiff) |
| 2 | 10/13/2023 | Civil Case Cover Sheet filed by Mullis, Joseph N.. Refers to: J.P. MORGAN CHASE & CO. | Mullis, Joseph N. (Plaintiff) |
| 3 | 10/13/2023 | Original Summons filed by Mullis, Joseph N.. Refers to: J.P. MORGAN CHASE & CO. | Mullis, Joseph N. (Plaintiff) |
| 4 | 10/18/2023 | Summons issued. | |
| 5 | 10/13/2023 | Case assigned to Judicial Officer Dahlquist, Robert. | |
| 6 | 10/18/2023 | Civil Case Management Conference scheduled for 03/22/2024 at 09:00:00 AM at North County in N-29 Robert P Dahlquist. | |
| 7 | 10/18/2023 | Case initiation form printed. | |
| 8 | 10/23/2023 | Proof of Service of 30-day Summons & Complaint - Personal filed by Mullis, Joseph N.. Refers to: J.P. MORGAN CHASE & CO. | Mullis, Joseph N. (Plaintiff) |
| 9 | 11/08/2023 | Motion to Appear Pro Hac Vice (12/22/2023) filed by Mullis, Joseph N.. | Mullis, Joseph N. (Plaintiff) |
| 10 | 11/08/2023 | Notice - Other (12/22/2023) filed by Mullis, Joseph N.. | Mullis, Joseph N. (Plaintiff) |
| 11 | 11/08/2023 | Proposed Order (12/22/2023) submitted by Mullis, Joseph N. received but not filed on 11/08/2023. | Mullis, Joseph N. (Plaintiff) |
| 12 | 11/09/2023 | Motion Hearing (Civil) scheduled for 12/22/2023 at 01:30:00 PM at North County in N-29 Robert P Dahlquist. | |

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>John E. Lord (216111); Paul B. Derby (211352); Mane Sardaryah (287201)<br>Skiermont Derby LLP<br>633 West Fifth Street, Suite 5800, Los Angeles, California 90071<br><br>TELEPHONE NO.: (213) 788-4500   FAX NO. *(Optional):* (213) 788-4545<br>ATTORNEY FOR *(Name)*: Plaintiff Joseph N. Mullis | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**10/13/2023** at 02:54:15 PM<br>Clerk of the Superior Court<br>By Irma Ledesma, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 325 South Melrose Drive
MAILING ADDRESS: Same
CITY AND ZIP CODE: Vista, California 92081
BRANCH NAME: North County Regional Center

CASE NAME:
Mullis v. J.P. MORGAN CHASE & CO.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 37-2023-00045078-CU-FR-NC |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Robert P Dahlquist<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[x] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Four (4)
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 13, 2023

John E. Lord
_____
(TYPE OR PRINT NAME)

▶ /s/ John E. Lord
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
      case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

---

**CIVIL CASE COVER SHEET**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

| Print this form | | Save this form | | Clear this form |



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2023-00045078-CU-FR-NC        CASE TITLE: MULLIS vs J.P. Morgan Chase & Co [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:

      **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
      **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
      **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 325 S Melrose DRIVE |
| MAILING ADDRESS: | 325 S Melrose DRIVE |
| CITY AND ZIP CODE: | Vista, CA 92081-6695 |
| DIVISION: | North County |
| TELEPHONE NUMBER: | (760) 201-8029 |

PLAINTIFF(S) / PETITIONER(S):     Joseph N. Mullis

DEFENDANT(S) / RESPONDENT(S):   J.P. MORGAN CHASE & CO.

MULLIS VS J.P. MORGAN CHASE & CO [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: <br> 37-2023-00045078-CU-FR-NC |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:   Robert P Dahlquist                     Department: N-29

## COMPLAINT/PETITION FILED: 10/13/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/22/2024 | 09:00 am | N-29 | Robert P Dahlquist |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | | FOR COURT USE ONLY |
|---|---|---|
| STREET ADDRESS: 325 S Melrose Drive<br>MAILING ADDRESS: 325 S Melrose Drive<br>CITY AND ZIP CODE: Vista CA 92081-6695<br>BRANCH NAME: North County | | |
| Short Title: MULLIS vs J.P. Morgan Chase & Co [IMAGED] | | |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | | CASE NUMBER:<br>37-2023-00045078-CU-FR-NC |

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

**Electronic Filing Summary Data**

Electronically Submitted By:      JOHN LORD

            On Behalf of:      Joseph Mullis

Transaction Number:      21837195

Court Received Date:      10/13/2023

        Filed Date:      10/13/2023

        Filed Time:      02:54 PM

Fee Amount Assessed:      $435.00

Case Number:      37-2023-00045078-CU-FR-NC

Case Title:      MULLIS vs J.P. Morgan Chase & Co [IMAGED]

Location:      North County

Case Type:      Fraud

Case Category:      Civil - Unlimited

Jurisdictional Amount:      > 25000

| Status | Documents Electronically Filed/Received |
|---|---|
| Accepted | Complaint |
| Accepted | Civil Case Cover Sheet |
| Accepted | Original Summons |

**Comments**

**Clerk's Comments:**
**Events Scheduled**

| Hearing(s) | | Date | Time | Location | Department |
|---|---|---|---|---|---|
| Civil Case Management Conference | | 03/22/2024 | 09:00 AM | North County | N-29 |

**Electronic Filing Service Provider Information**

Service Provider:      LegalConnect

Email:      support@legalconnect.com

---

10/18/2023                    **NOTICE OF CONFIRMATION OF FILING**

Contact Person:    LEGALCONNECT Support
Phone:    (800) 909-6859

**NOTICE OF CONFIRMATION OF FILING**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|

STREET ADDRESS:      325 S. Melrose

MAILING ADDRESS:    325 S. Melrose

CITY, STATE, & ZIP CODE: Vista, CA  92081-6695

BRANCH NAME:        North County

PLAINTIFF(S):    Joseph N. Mullis

DEFENDANT(S): J.P. MORGAN CHASE & CO.

SHORT TITLE:    MULLIS VS J.P. MORGAN CHASE & CO [IMAGED]

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2023-00045078-CU-FR-NC |
|---|---|

Judge: Robert P Dahlquist                                          Department: N-29

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

Name of Plaintiff                                Name of Defendant

Signature                                        Signature

Name of Plaintiff's Attorney                     Name of Defendant's Attorney

Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  10/18/2023

JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                Page: 1

PAUL B. DERBY [SBN 211352]
pderby@skiermontderby.com
JOHN E. LORD [SBN 216111]
jlord@skiermontderby.com
MANE SARDARYAN [SBN 287201]
msardaryan@skiermontderby.com
SKIERMONT DERBY LLP
633 West Fifth Street, Suite 5800
Los Angeles, California 90071
Telephone:    (213) 788-4500
Facsimile:    (213) 788-4545

Attorneys for Plaintiff
JOSEPH N. MULLIS

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/08/2023** at 03:43:00 PM

Clerk of the Superior Court
By Elizabeth Sanchez,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – NORTH COUNTY

| | |
|---|---|
| JOSEPH N. MULLIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE & CO., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 37-2023-00045078-CU-FR-NC<br>[Honorable Robert P. Dahlquist, Dep't N-29]<br><br>**APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS; DECLARATION OF KEVIN P. POTERE IN SUPPORT THEREOF**<br><br>[*Filed concurrently with Notice of Application and (Proposed) Order*]<br><br>Date:      December 22, 2023<br>Time:     1:30 p.m.<br>Dept.:     N-29<br><br>**Reservation ID No.:    3049849**<br><br>Complaint Filed:      October 13, 2023 |

1  **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

2      I, Kevin Potere, hereby apply for permission to appear as counsel *pro hac vice* for Plaintiff

3  Joseph N. Mullis in the above-entitled matter.  Attached hereto is my declaration in support of this

4  Application.

5

6  DATED:  November 8, 2023

                                           KEVIN P. POTERE

**SKIERMONT DERBY**
LLP
Los Angeles
Dallas

APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF
JOSEPH N. MULLIS; DECLARATION OF KEVIN P. POTERE IN SUPPORT THEREOF

**DECLARATION OF KEVIN POTERE**

I, KEVIN POTERE, declare and state:

1.     I am an attorney at law, duly licensed to practice law in the State of Texas, and a partner with the law firm Skiermont Derby LLP. I submit this declaration in support of the Application of Kevin P. Potere to Appear as Counsel Pro Hac Vice. I have personal knowledge of the facts set forth in this declaration, and could competently testify to them if called upon to do so.

2.     My home address is 5615 Greenbrier Drive, Dallas, Texas 75209. My office address is 1601 Elm Street, Suite 4400, Dallas, Texas 75201, Telephone: (214) 978-6624, Facsimile: (214) 978-6601, Email: kpotere@skiermontderby.com.

3.     I am a member in good standing of the bar in the State of Texas, and was admitted to practice in that state in July 2016. Further, I am admitted to practice in the following courts: Texas (July 2016), New York (June 2009), Southern District of New York (October 2009), Eastern District of New York (July 2010), and Second Circuit Court of Appeals (April 2015). I am a member of good standing in each of those courts.

4.     I have not been the subject of any disciplinary action by any court or bar association, and I am not currently suspended or disbarred in any court.

5.     In the past two years, I have not filed an application to appear as counsel *pro hac vice* in this state for any matter.

6.     I am not a resident of the State of California, not regularly employed in the State of California, and not regularly engaged in substantial business, professional, or other activities in the State of California.

7.     Paul B. Derby, John E. Lord, and Mane Sardaryan of Skiermont Derby LLP, 633 West Fifth Street, Suite 5800, Los Angeles, California 90071, Telephone: (213) 788-4500, Facsimile: (213) 788-4545, Emails: pderby@skiermontderby.com, jlord@skiermontderby.com, and msardaryan@skiermontderby.com, are California counsel in this matter for Plaintiff Joseph N. Mullis.

8.     I understand that if this Application is granted, I will be subject to the jurisdiction of the Courts of this State with respect to the law of this State governing the conduct of attorneys to the same extent as a member of the State Bar of California. I shall familiarize myself and comply with the standards of professional conduct required of members of the State Bar of California, and understand that I will be subject to the disciplinary jurisdiction of the State Bar with respect to any of my acts occurring in the course of such appearance. I understand that Article 5, chapter 4, division III of the Business and Professions Code and the Rules of Procedure of the State Bar govern in any

APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF
JOSEPH N. MULLIS; DECLARATION OF KEVIN P. POTERE IN SUPPORT THEREOF

1   investigation or proceeding conducted by the State Bar under Rule 9.40 of the California Rules of

2   Court.

3          I declare under penalty of perjury under the laws of the State of California that the foregoing

4   is true and correct.  Executed on November 8, 2023, at Dallas, Texas.

5

6

7   By: _____

8          KEVIN P. POTERE

9

SKIERMONT DERBY
LLP
Los Angeles
Dallas

APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF
JOSEPH N. MULLIS; DECLARATION OF KEVIN P. POTERE IN SUPPORT THEREOF

**Case Name:** *Joseph N. Mullis v. J.P. Morgan Chase & Co.*
**Case No.:** 37-2023-00045078-CU-FR-NC

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO – NORTH COUNTY**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 633 West Fifth Street, Suite 5800, Los Angeles, California 90071.

On November 8, 2023, I served the foregoing document titled **APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS; DECLARATION OF KEVIN P. POTERE IN SUPPORT THEREOF** on all interested parties to this action as follows:

### PLEASE SEE ATTACHED SERVICE LIST

☐ **(ELECTRONIC SERVICE BY E-MAIL)** I caused electronic service of the above-titled document to be made in accordance with San Diego Superior Court Local Rules, California Rules of Court – Rule 2.251(b), California Code of Civil Procedure sections 1010.6, 1013(g), and 1013b, and the agreement of the parties, by successfully transmitting the same via e-mail from zthomas@skiermontderby.com to the e-mail address listed on the attached Service List.

☒ **(BY MAIL)** I caused mail service of the above-titled document by placing a true copy of the same document in a sealed envelope addressed as listed on the attached Service List, and placing it for collection and mailing following ordinary business practices. I am readily familiar with Skiermont Derby LLP's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☐ **(BY PERSONAL SERVICE)** I caused the above-titled document to be electronically transmitted to Nationwide Legal for personal delivery to the address listed on the attached Service List.

☐ **(BY OVERNIGHT CARRIER)** I caused the above-titled document to be delivered via FedEx for next-day delivery to the address listed on the attached Service List.

☐ **(COURTESY COPY BY E-MAIL)** I caused the above-titled document to be delivered via e-mail from zthomas@skiermontderby.com to the e-mail address listed on the attached Service List.

☒ I declare under penalty of perjury under the laws of State of California that the above is true and correct.

Executed on November 8, 2023, at Los Angeles, California.

_____
Z. Aujanae T. Ponton

PROOF OF SERVICE

**Case Name:**   *Joseph N. Mullis v. J.P. Morgan Chase & Co.*
**Case No.:**      **37-2023-00045078-CU-FR-NC**

**<u>SERVICE LIST</u>**

Registered Agent – CT Corporation System          *Attorneys for Defendant J.P. Morgan Chase &*
330 North Brand Boulevard, Suite 700               *Co.*
Glendale, California 91203

SKIERMONT DERBY
— LLP —
Los Angeles
Dallas

PROOF OF SERVICE

PAUL B. DERBY [SBN 211352]
pderby@skiermontderby.com
JOHN E. LORD [SBN 216111]
jlord@skiermontderby.com
MANE SARDARYAN [SBN 287201]
msardaryan@skiermontderby.com
SKIERMONT DERBY LLP
633 West Fifth Street, Suite 5800
Los Angeles, California 90071
Telephone:    (213) 788-4500
Facsimile:    (213) 788-4545

Attorneys for Plaintiff
JOSEPH N. MULLIS

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
11/08/2023 at 03:43:00 PM
Clerk of the Superior Court
By Elizabeth Sanchez,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – NORTH COUNTY

| | |
|---|---|
| JOSEPH N. MULLIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE & CO., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 37-2023-00045078-CU-FR-NC<br>[Honorable Robert P. Dahlquist, Dep't N-29]<br><br>**NOTICE OF APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION OF MANE SARDARYAN**<br><br>*[Filed concurrently with Application and Declaration of Kevin P. Potere and (Proposed) Order]*<br><br>Date:      December 22, 2023<br>Time:      1:30 p.m.<br>Dept.:      N-29<br><br>**Reservation ID No.:    3049849**<br><br>Complaint Filed:      October 13, 2023 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 22, 2023, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Robert P. Dahlquist in Department N-29 of the San Diego County Superior Court, located at 325 South Melrose Drive, Vista, California 92081, Kevin P. Potere, through the below-identified California counsel, will and does hereby apply to the Court pursuant to California Rules of Court, Rule 9.40, for an Order permitting him to appear as counsel *pro hac vice* for Plaintiff Joseph N. Mullis in the above-entitled matter.  Pursuant to California Rules of Court, Rule 9.40(c)(l), a copy of this Notice and supporting papers, accompanied by payment in the amount of $50.00, has been submitted to the State Bar of California via the online AIMS system.

This Application will be based upon this Notice, the attached Memorandum of Points and Authorities and Declaration of Mane Sardaryan, the concurrently filed Application of Kevin P. Potere to Appear as Counsel *Pro Hac Vice* and Declaration of Kevin P. Potere, and on such other oral and documentary evidence as may be presented at the hearing on this matter.

DATED:  November 8, 2023                     SKIERMONT DERBY LLP

By: _____
    PAUL B. DERBY
    JOHN E. LORD
    MANE SARDARYAN

    Attorneys for Plaintiff
    JOSEPH N. MULLIS

NOTICE OF APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS; SUPPORTING DECLARATION OF MANE SARDARYAN

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Kevin P. Potere submits this Memorandum of Points and Authorities in support of his application for an Order permitting him to appear as counsel *pro hac vice* for Plaintiff Joseph N. Mullis ("Plaintiff") in the above-entitled matter and requests that this Court grant his application pursuant to California Rules of Court, Rule 9.40.

### **GOOD CAUSE EXISTS FOR PERMITTING KEVIN P. POTERE**
### **TO APPEAR AS COUNSEL PRO HAC VICE IN THIS ACTION**

The applicant, Kevin P. Potere, is a partner with the law firm Skiermont Derby LLP in its Dallas office, is a member in good standing of the State Bar of New York (June 2009) and Texas (July 2016), and is eligible to practice before the following courts:  Southern District of New York (October 2009), Eastern District of New York (July 2010), and Second Circuit Court of Appeals (April 2015).

Plaintiff has retained Mr. Potere to act as counsel on his behalf in this matter.  Accordingly, Mr. Potere seeks permission, pursuant to California Rules of Court, Rule 9.40, to appear as counsel *pro hac vice*.  Paul B. Derby, John E. Lord, and Mane Sardaryan, active members of the State Bar of California, and Skiermont Derby LLP, in particular its Los Angeles office, will serve as California counsel in this matter for Plaintiff.

California Rules of Court, Rule 9.40(a) provides that:

> A person who is not a member of The State Bar of California but who is a member in good standing of and eligible to practice before the bar of any United States court or of the highest court in any state, territory or insular possession of the United States, and who has been retained to appear in a particular cause pending in a court of this state, may in the discretion of such court be permitted upon written application to appear as counsel *pro hac vice*, provided that an active member of the State Bar of California is associated as attorney of record.

Under the Rule, the application must state (1) the applicant's residence and office address; (2) the courts to which the applicant has been admitted to practice and the dates of admission; (3) that the applicant is a member in good standing in those courts; (4) that the applicant is not currently suspended or disbarred in any court; (5) the title of court and cause in which the applicant has filed an application to appear as counsel *pro hac vice* in this state in the preceding two years, the date of each application, and whether or not it was granted; and (6) the name, address, and telephone number of the active member of the State Bar of California who is attorney of record.  California Rules of Court, Rule 9.40(d).

SKIERMONT DERBY
LLP
Los Angeles
Dallas

NOTICE OF APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS; SUPPORTING DECLARATION OF MANE SARDARYAN

There is good cause to grant Mr. Potere's application here.  Mr. Potere has prepared, and is filing concurrently, an application and declaration attesting to each of the factors considered under California Rules of Court, Rule 9.40, copies of which are incorporated herein by reference. Furthermore, true and correct copies of this Notice of Application, Memorandum of Points and Authorities, the concurrently filed Application of Kevin P. Potere to Appear as Counsel Pro Hac Vice and Declaration of Kevin Potere, and payment in the amount of $50.00 representing the processing fee contemplated by California Rules of Court, Rule 9.40(e), were submitted to the State Bar of California via the online AIMS system, as reflected in the Declaration of Mane Sardaryan.

As established above and in the accompanying application and declaration, Mr. Potere meets the requirements for *pro hac vice* admission.

**CONCLUSION**

Based on the foregoing, Kevin P. Potere respectfully requests that the Court grant permission for him to appear as counsel *pro hac vice* for Plaintiff in the above-entitled matter.

DATED:  November 8, 2023          SKIERMONT DERBY LLP


By: _M. Sardaryan_____
PAUL B. DERBY
JOHN E. LORD
MANE SARDARYAN

Attorneys for Plaintiff
JOSEPH N. MULLIS

NOTICE OF APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS; SUPPORTING DECLARATION OF MANE SARDARYAN

**DECLARATION OF MANE SARDARYAN**

I, MANE SARDARYAN, declare and state:

     1.     I am an attorney at law, member in good standing of the California State Bar, and licensed to practice before the Supreme Court of California and this Court.  I am a partner with the law firm Skiermont Derby LLP in its Los Angeles office, California counsel for Plaintiff Joseph N. Mullis in this lawsuit.  I submit this declaration in support of the Application of Kevin P. Potere to Appeal as Counsel Pro Hac Vice for Plaintiff.  I have personal knowledge of the facts set forth in this declaration.

     2.     On November 8, 2023, I personally submitted to the State Bar of California via the online AIMS system a copy of the Notice of Application and Memorandum of Points and Authorities, the Application of Kevin P. Potere to Appear as Counsel Pro Hac Vice and Declaration of Kevin P. Potere, and payment in the amount of $50.00 representing the processing fee contemplated by California Rules of Court, Rule 9.40(e).  A true and correct copy of the confirmation page is attached hereto as Exhibit 1.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November 8, 2023, at Los Angeles, California.


By: _____

        MANE SARDARYAN

NOTICE OF APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS; SUPPORTING DECLARATION OF MANE SARDARYAN

# Exhibit 1

Pro Hac Vice Application

---

Payment transaction was successful.

Thank you for submitting your payment. It is currently being processed. Please allow 7 days for the bank to verify and process the payment. If there are any issues with your payment, you will be notified directly. A detailed breakdown of your transaction is below:

🖨 Print Receipt

Payment Amount
$ 51.25

Payment Date
11/08/2023

Reference
Payment from Sardaryan Administrative Account

---

Next

Pro Hac Vice Application

---

## Application Submitted!

Your Pro Hac Vice application has been submitted, successfully. A member of staff will review your application and get back to you, shortly.

You may close this window at this time. However, if you would like to submit another Pro Hac Vice application, click "Finish" to be directed to the Pro Hac Vice Instructions screen.

---

Finish

**Case Name:** *Joseph N. Mullis v. J.P. Morgan Chase & Co.*
**Case No.:** 37-2023-00045078-CU-FR-NC

<u>**PROOF OF SERVICE**</u>

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO – NORTH COUNTY**

   I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 633 West Fifth Street, Suite 5800, Los Angeles, California 90071.

   On November 8, 2023, I served the foregoing document titled **NOTICE OF APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION OF MANE SARDARYAN** on all interested parties to this action as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐ **(ELECTRONIC SERVICE BY E-MAIL)**  I caused electronic service of the above-titled document to be made in accordance with San Diego Superior Court Local Rules, California Rules of Court – Rule 2.251(b), California Code of Civil Procedure sections 1010.6, 1013(g), and 1013b, and the agreement of the parties, by successfully transmitting the same via e-mail from zthomas@skiermontderby.com to the e-mail address listed on the attached Service List.

☒ **(BY MAIL)**  I caused mail service of the above-titled document by placing a true copy of the same document in a sealed envelope addressed as listed on the attached Service List, and placing it for collection and mailing following ordinary business practices.  I am readily familiar with Skiermont Derby LLP's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☐ **(BY PERSONAL SERVICE)**  I caused the above-titled document to be electronically transmitted to Nationwide Legal for personal delivery to the address listed on the attached Service List.

☐ **(BY OVERNIGHT CARRIER)**  I caused the above-titled document to be delivered via FedEx for next-day delivery to the address listed on the attached Service List.

☐ **(COURTESY COPY BY E-MAIL)**  I caused the above-titled document to be delivered via e-mail from zthomas@skiermontderby.com to the e-mail address listed on the attached Service List.

☒ I declare under penalty of perjury under the laws of State of California that the above is true and correct.

   Executed on November 8, 2023, at Los Angeles, California.

           _____
           Z'Aujanae T. Ponton

1

PROOF OF SERVICE

SKIERMONT DERBY LLP — Los Angeles — Dallas

1

**Case Name:** *Joseph N. Mullis v. J.P. Morgan Chase & Co.*
**Case No.:** **37-2023-00045078-CU-FR-NC**

2

3

## SERVICE LIST

4

Registered Agent – CT Corporation System          *Attorneys for Defendant J.P. Morgan Chase &*
330 North Brand Boulevard, Suite 700               *Co.*
5          Glendale, California 91203

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

33

PROOF OF SERVICE

**ELECTRONICALLY RECEIVED**
Superior Court of California,
County of San Diego
**11/08/2023** at 03:43:20 PM
Clerk of the Superior Court
By Elizabeth Sanchez, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO – NORTH COUNTY**

| | |
|---|---|
| JOSEPH N. MULLIS, an individual,<br><br>       Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE & CO., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>       Defendants. | Case No. 37-2023-00045078-CU-FR-NC<br>[Honorable Robert P. Dahlquist, Dep't N-29]<br><br>**[PROPOSED] ORDER GRANTING APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS**<br><br>[*[Filed concurrently with Notice of Application and Application and Declaration of Kevin P. Potere*]<br><br>Date:     December 22, 2023<br>Time:    1:30 p.m.<br>Dept.:   N-29<br><br>**Reservation ID No.:   3049849**<br><br>Complaint Filed:    October 13, 2023 |

## **[PROPOSED] ORDER**

After considering the Application of Kevin P. Potere to Appear as Counsel Pro Hac Vice and all other papers submitted, having determined that all conditions to admission as counsel *pro hac vice* as outlined in California Rules of Court, Rule 9.40, have been satisfied, and good cause appearing therefore,

IT IS HEREBY ORDERED that the Application of Kevin P. Potere to appear *pro hac vice* is GRANTED, and Kevin P. Potere may appear as counsel *pro hac vice* on behalf of Plaintiff Joseph N. Mullis in the above-entitled matter.

**IT IS SO ORDERED.**

DATED: _____            _____
                                                                         Honorable Robert P. Dahlquist
                                                                         Judge of the Superior Court

[PROPOSED] ORDER GRANTING APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS

**Case Name:** *Joseph N. Mullis v. J.P. Morgan Chase & Co.*
**Case No.:** 37-2023-00045078-CU-FR-NC

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO – NORTH COUNTY**

     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 633 West Fifth Street, Suite 5800, Los Angeles, California 90071.

     On November 8, 2023, I served the foregoing document titled **[PROPOSED] ORDER GRANTING APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS** on all interested parties to this action as follows:

### PLEASE SEE ATTACHED SERVICE LIST

☐     **(ELECTRONIC SERVICE BY E-MAIL)**  I caused electronic service of the above-titled document to be made in accordance with San Diego Superior Court Local Rules, California Rules of Court – Rule 2.251(b), California Code of Civil Procedure sections 1010.6, 1013(g), and 1013b, and the agreement of the parties, by successfully transmitting the same via e-mail from zthomas@skiermontderby.com to the e-mail address listed on the attached Service List.

☒     **(BY MAIL)**  I caused mail service of the above-titled document by placing a true copy of the same document in a sealed envelope addressed as listed on the attached Service List, and placing it for collection and mailing following ordinary business practices.  I am readily familiar with Skiermont Derby LLP's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☐     **(BY PERSONAL SERVICE)**  I caused the above-titled document to be electronically transmitted to Nationwide Legal for personal delivery to the address listed on the attached Service List.

☐     **(BY OVERNIGHT CARRIER)**  I caused the above-titled document to be delivered via FedEx for next-day delivery to the address listed on the attached Service List.

☐     **(COURTESY COPY BY E-MAIL)**  I caused the above-titled document to be delivered via e-mail from zthomas@skiermontderby.com to the e-mail address listed on the attached Service List.

☒     I declare under penalty of perjury under the laws of State of California that the above is true and correct.

     Executed on November 8, 2023, at Los Angeles, California.

_____
Z/Aujanae T. Ponton

PROOF OF SERVICE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

33

**Case Name:** *Joseph N. Mullis v. J.P. Morgan Chase & Co.*
**Case No.:** **37-2023-00045078-CU-FR-NC**

## <u>SERVICE LIST</u>

Registered Agent – CT Corporation System
330 North Brand Boulevard, Suite 700
Glendale, California 91203

*Attorneys for Defendant J.P. Morgan Chase & Co.*

2

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Joseph N. Mullis | JPMorgan Chase & Co. |

| (b) County of Residence of First Listed Plaintiff  San Diego, CA | County of Residence of First Listed Defendant  New York, NY |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*  NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)*  SKIERMONT DERBY LLP, 633 West Fifth Street, Suite 5800, Los Angeles, CA 90071; Tel: (213) 788-4500 | Attorneys *(If Known)*  **'23CV2106 LAB BGS**  Greenberg Traurig LLP, 1840 Century Park East, Suite 1900, Los Angeles, CA 90067; Tel: (310) 586-7700 |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**  [ ] 310 Airplane | **PERSONAL INJURY**  [ ] 365 Personal Injury - | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 315 Airplane Product | Product Liability | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | Liability | [ ] 367 Health Care/ | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & | Pharmaceutical | | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | Slander | Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | [ ] 330 Federal Employers' | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | Liability | [ ] 368 Asbestos Personal | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | [ ] 340 Marine | Injury Product | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 345 Marine Product | Liability | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | [ ] 350 Motor Vehicle | [x] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | Product Liability | [ ] 380 Other Personal | Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | [ ] 360 Other Personal | Property Damage | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | Injury | [ ] 385 Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - | Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | Medical Malpractice | | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | or Defendant) | [ ] 896 Arbitration |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| | Employment | **Other:** | [ ] 462 Naturalization Application | 26 USC 7609 | Act/Review or Appeal of |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | Agency Decision |
| | Other | [ ] 550 Civil Rights | Actions | | [ ] 950 Constitutionality of |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | State Statutes |
| | | [ ] 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)

Brief description of cause:
Causes of action for fraudulent inducement, fraudulent concealment, negligent misrepresentation, violation of Cal. Pen. Code section 496

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ > $75,000 on all relief

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

| DATE  Nov 16, 2023 | SIGNATURE OF ATTORNEY OF RECORD  /s/ Michael E. McCarthy |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

1  Michael E. McCarthy (SBN 301010)
   mccarthyme@gtlaw.com
2  Layal Bishara (SBN 329154)
   bisharal@gtlaw.com
3
   **GREENBERG TRAURIG, LLP**
4  1840 Century Park East, Suite 1900
   Los Angeles, CA 90067
5  Tel: (310) 586-7700
   Fax: (310) 586-7800
6

7

8  Attorneys for Defendant
   JPMORGAN CHASE & CO.
9

10              **UNITED STATES DISTRICT COURT**

11            **SOUTHERN DISTRICT OF CALIFORNIA**

12
                                    '23 CV 2106 LAB BGS
13 JOSEPH N. MULLIS, an individual,      |
                                         CASE NO. 3:23-cv-99999
14              Plaintiff,

15 vs.                                   **DEFENDANT JPMORGAN CHASE**
                                         **& CO.'S CORPORATE DISCLOSURE**
16 J.P. MORGAN CHASE & CO., a            **STATEMENT PURSUANT TO FED.**
   Delaware corporation; and DOES 1 to 20, **R. CIV. P. 7.1 AND L.R. 40.2; NOTICE**
17 inclusive,                           **OF PARTIES WITH FINANCIAL**
                                         **INTEREST PURSUANT TO L.R. 40.2**
18              Defendants.

19

20

21

22

23

24

25

26

27

28

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Civil Local Rule 40.2, Defendant JPMorgan Chase & Co., by its undersigned counsel, states as follows:

Defendant JPMorgan Chase & Co. ("JPMC") is a publicly held corporation. JPMC does not have a parent corporation and no publicly held corporation owns 10% or more of its stock. However, The Vanguard Group, Inc., an investment adviser which is not a publicly held corporation, has reported that registered investment companies, other pooled investment vehicles and institutional accounts that it or its subsidiaries sponsor, manage or advise have aggregate ownership under certain regulations of 10% or more of the stock of JPMC.

# NOTICE OF PARTIES WITH FINANCIAL INTEREST

In addition to the parties and entities set forth above, pursuant to Local Rule 40.2, JPMC, by its undersigned counsel, certifies the following additional parties may have a financial interest in the outcome of this case:

1. Plaintiff Joseph N. Mullis
2. BlackRock, Inc., a publicly held corporation, has reported that it beneficially owns more than 5% of the stock of JPMC.

Dated: November 16, 2023

GREENBERG TRAURIG, LLP

By: _/s/Michael E. McCarthy_
Michael E. McCarthy
Layal Bishara
Attorneys for Defendant
JPMORGAN CHASE & CO.

DEFENDANT JPMORGAN CHASE & CO.'S CORPORATE DISCLOSURE STATEMENT AND NOTICE OF PARTIES WITH FINANCIAL INTEREST

1  Michael E. McCarthy (SBN 301010)
2  mccarthyme@gtlaw.com
   Layal Bishara (SBN 329154)
3  bisharal@gtlaw.com
4  **GREENBERG TRAURIG, LLP**
   1840 Century Park East, Suite 1900
5  Los Angeles, CA 90067
6  Tel: (310) 586-7700
   Fax: (310) 586-7800
7
   Attorneys for Defendant
8  JPMORGAN CHASE & CO.

9  *Additional Counsel on Signature Page*

10
11              **UNITED STATES DISTRICT COURT**
12            **SOUTHERN DISTRICT OF CALIFORNIA**

13  JOSEPH N. MULLIS, an individual,       CASE NO. 3:23-cv-02106-LAB-BGS
14              Plaintiff,
                                           Assigned to Hon. Larry Alan Burns,
15  vs.                                    Courtroom 14A
16  J.P. MORGAN CHASE & CO., a
17  Delaware corporation; and DOES 1 to 20,  **JOINT MOTION TO EXTEND TIME**
    inclusive,                             **TO ANSWER, MOVE OR**
18                                         **OTHERWISE PLEAD IN RESPONSE**
              Defendants.                  **TO COMPLAINT (L.R. 7.2, 12.1)**
19
20                                         Action Filed in State Court: October 13,
21                                         2023

22                                         Complaint and Summons Served: October
                                           19, 2023
23
                                           Action Removed: November 16, 2023
24
                                           Current Response Deadline: November
25                                         24, 2023
26                                         Requested New Response Deadline:
                                           January 5, 2024
27
28

Plaintiff Joseph N. Mullis ("Plaintiff") and Defendant JPMorgan Chase & Co. ("JPMC"), by counsel and pursuant to Federal Rule of Civil Procedure 6(b)(1) and Southern District of California Civil Local Rules 7.2(b) and 12.1, jointly stipulate and move for an order extending the time for JPMC to answer, move or otherwise plead in response to the Complaint in this action. In support of this stipulated motion, JPMC and Plaintiff state as follows:

1.      Plaintiff filed this action in the Superior Court of the State of California for the County of San Diego on October 13, 2023. (Dkt. 1 at Exh. A.)

2.      JPMC was served with the Complaint and Summons on October 19, 2023. (Dkt. 1 at Exh. B.)

3.      JPMC removed this case to this Court on November 16, 2023. (Dkt. 1.)

4.      Because of the Thanksgiving holiday on November 23, 2023, JPMC's response to the Complaint is currently due on November 24, 2023. Fed. R. Civ. Proc. 6(a)(1)(C).

5.      JPMC's counsel was recently engaged and requires additional time to investigate the allegations in this matter before JPMC responds to the Complaint. The parties also wish to engage in early resolution discussions and understand that early resolution of this matter is a possibility.

6.      To promote the chance of early resolution, and because of the intervening holidays, the parties have agreed, subject to the Court's approval, to an extension of time for JPMC to respond to the Complaint, up to and including January 5, 2024.

7.      There is good cause to extend JPMC's response deadline because the requested extension will facilitate early investigation of the matter as well as the parties' resolution discussions prior to incurring more significant fees and costs, thus promoting judicial economy.

8.      This is the first requested extension of JPMC's deadline to respond to the Complaint, and the extension would not alter any other deadlines fixed by Court Order.

9.      This Motion is filed in good faith and not for dilatory or other improper

purposes. Plaintiff will not suffer any prejudice by the Court permitting JPMC the requested extension of time, and Plaintiff has consented to the requested extension.

WHEREFORE, JPMC and Plaintiff jointly request that the Court enter an Order extending the deadline for JPMC to answer, move or otherwise plead in response to the Complaint, up to and including January 5, 2024. This extension is without prejudice to any rights, defenses or claims of Plaintiff or JPMC with respect to the Complaint or any other matter, including but not limited to, Plaintiff's right to seek to remand this action to state court and/or any rights of JPMC to seek to compel arbitration.


Dated: November 17, 2023            GREENBERG TRAURIG, LLP

                                    By: /s/ Michael E. McCarthy
                                        Michael E. McCarthy
                                        Email: mccarthyme@gtlaw.com
                                        Attorneys for Defendant
                                        JPMORGAN CHASE & CO.


Dated: November 17, 2023            SKIERMONT DERBY LLP

                                    By: /s/ Mane Sardaryan
                                        PAUL B. DERBY (SBN 211352)
                                        pderby@skiermontderby.com
                                        JOHN E. LORD (SBN 216111)
                                        jlord@skiermontderby.com
                                        MANE SARDARYAN (SBN 287201)
                                        msardaryan@skiermontderby.com
                                        SKIERMONT DERBY LLP
                                        633 West Fifth Street, Suite 5800
                                        Los Angeles, California 90071
                                        Tel: (213) 788-4500
                                        Fax: (213) 788-4545

                                        Attorneys for Plaintiff
                                        JOSEPH N. MULLIS

JOINT MOTION TO EXTEND TIME TO ANSWER, MOVE OR OTHERWISE PLEAD
IN RESPONSE TO COMPLAINT (L.R. 7.2, 12.1)

I, Michael E. McCarthy, certify that the content of this JOINT MOTION TO EXTEND TIME TO ANSWER, MOVE OR OTHERWISE PLEAD IN RESPONSE TO COMPLAINT (L.R. 7.2, 12.1) is acceptable to all parties signing this motion, as required by the United States District Court for the Southern District of California Electronic Case Filing Administrative Policies and Procedures.

Dated: November 17, 2023   GREENBERG TRAURIG, LLP

          By: */s/ Michael E. McCarthy*
            Michael E. McCarthy
            Email: mccarthyme@gtlaw.com
            Attorneys for Defendant
            JPMORGAN CHASE & CO.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH N. MULLIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE & CO.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 23-cv-2106-LAB-BGS<br><br>**ORDER GRANTING EXTENSION OF TIME FOR DEFENDANT TO RESPOND TO COMPLAINT [Dkt. 3]** |

On November 17, 2023, Plaintiff Joseph N. Mullis and Defendant J.P. Morgan Chase & Co. ("JPMC") filed a joint motion to extend the time for JPMC to respond to the Complaint. (Dkt. 3). JPMC's counsel was recently engaged and needs time to investigation the allegations and engage in early resolution. (*Id.* at 2). For good cause shown, the Court **GRANTS** the extension request. JPMC must answer or otherwise respond to the Complaint by **January 5, 2024**.

**IT IS SO ORDERED**.

Dated: November 21, 2023

_____

Honorable Larry Alan Burns
United States District Judge

1  Michael E. McCarthy (SBN 301010)
2  mccarthyme@gtlaw.com
   Layal Bishara (SBN 329154)
3  bisharal@gtlaw.com
4  **GREENBERG TRAURIG, LLP**
   1840 Century Park East, Suite 1900
5  Los Angeles, CA 90067
6  Tel: (310) 586-7700
   Fax: (310) 586-7800
7
8  Attorneys for Defendant
   JPMORGAN CHASE & CO.
9

10              **UNITED STATES DISTRICT COURT**

11           **SOUTHERN DISTRICT OF CALIFORNIA**

12
   JOSEPH N. MULLIS, an individual,        | Case No.: 3:23-cv-02106-LAB-BGS
13
14              Plaintiff,                   | Assigned to Hon. Larry Alan Burns,
                                             | Courtroom 14A
15 vs.
16                                           | **DEFENDANT JPMORGAN CHASE &
   J.P. MORGAN CHASE & CO., a               | CO.'S NOTICE OF MOTION AND
17 Delaware corporation; and DOES 1 to 20,  | MOTION TO COMPEL
   inclusive,                               | ARBITRATION AND STAY
18                                           | PROCEEDINGS; MEMORANDUM
19              Defendants.                   | OF POINTS AND AUTHORITIES**

20                                           | Filed concurrently with Declaration of
21                                           | Robert Harmzen
22
23                                           | Action Filed in State Court: October 13,
                                             | 2023
24                                           | Action Removed: November 16, 2023
25
26                                           | Hearing Date: March 11, 2024
                                             | Hearing Time: 11:30 a.m.
27                                           | Courtroom: 14A (14th Flr)
28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 11, 2024, at 11:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 14A of the above-entitled Court, located at 333 West Broadway, San Diego, California 92101, Defendant JPMorgan Chase & Co. ("JPMC") will and hereby does move the Court for an order (1) compelling Plaintiff Joseph N. Mullis to arbitrate his claims and (2) staying this action pending completion of arbitration.[1]

Plaintiff's claims arise from and are intertwined with written agreements containing arbitration provisions that require Plaintiff to arbitrate his disputes. The agreements are governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (commonly known as the "New York Convention" or "Convention"), June 7, 1959, 21 U.S.T. 2517, which Congress incorporated into federal law in the Federal Arbitration Act. *See* 9 U.S.C. § 201. Plaintiff is bound by the terms of the agreements he signed, and JPMC is entitled to compel arbitration under the equitable estoppel doctrine. All of Plaintiff's claims are within the scope of the broad arbitration provisions. Under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and the Convention, 9 U.S.C. §§ 201 *et seq.*, the Court should thus compel arbitration. This action also should be stayed pending completion of arbitration. 9 U.S.C. § 3.[2]

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Robert Harmzen and Exhibits, all pleadings and files in this action, all matters of which this Court

---

[1] Pursuant to the Court's Civil Procedures, at paragraph 3, JPMC obtained the March 11, 2024, hearing date from chambers on January 2, 2024, within three court days of this Motion's filing.

[2] In the alternative, and subject to and without waiving JPMC's right to compel arbitration, JPMC is filing a Motion to Dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court need not reach the 12(b)(6) Motion if it compels arbitration. Pursuant to Civil Local Rule 7.1(h), the briefs supporting both Motions do not exceed twenty-five pages total.

1

may take judicial notice, and upon such other and further evidence as may be presented to the Court at or prior to the hearing on this Motion.

Dated: January 5, 2024                    GREENBERG TRAURIG, LLP

                                  By: */s/ Michael E. McCarthy*
                                  Michael E. McCarthy
                                  Email: mccarthyme@gtlaw.com
                                  Layal L. Bishara
                                  Email: bisharal@gtlaw.com
                                  *Attorneys for Defendant*
                                  *JPMorgan Chase & Co.*

23-cv-2106-LAB-BGS

# **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ...................................................................1

II.   FACTUAL BACKGROUND...................................................................2

      A.    Plaintiff Obtains Shares in OEP Technologie Beteiligungs GbR in 2014.....2

      B.    Plaintiff Sells His Shares in OEP GbR Back to OEP Holding in 2018. ........3

      C.    Plaintiff Agrees to Arbitration Multiple Times.......................................3

      D.    The Broad Arbitration Provisions Cover the Claims Asserted. ....................4

III.  PLAINTIFF MUST ARBITRATE HIS CLAIMS ...................................4

      A.    Courts Must Rigorously Enforce Arbitration Agreements. ...........................4

      B.    An Agreement to Arbitrate Exists under the New York Convention. ...........6

      C.    The Broad Arbitration Provisions Cover Plaintiff's Claims.........................7

      D.    Plaintiff Cannot Evade Arbitration By Suing JPMC. ...................................8

            1.    Equitable estoppel applies in cases governed by the Convention. ......9

            2.    Plaintiff is bound by the arbitration agreements under well-
                  established estoppel principles.........................................................10

      E.    The Arbitration Agreements Are Not Void, Inoperative or Incapable of
            Being Performed.........................................................................................12

IV.   THE COURT SHOULD STAY THE ACTION PENDING ARBITRATION .....14

V.    CONCLUSION.................................................................................................15

i

# TABLE OF AUTHORITIES

**Cases**

*Am. Chung Nam, LLC v. Mitsui O.S.K. Lines, Ltd.*,
2023 U.S. Dist. LEXIS 227709 (C.D. Cal. Dec. 19, 2023)................................ 10, 11, 12

*Ashbey v. Archstone Prop. Mgmt., Inc.*,
785 F.3d 1320 (9th Cir. 2015) ....................................................................... 5

*Balen v. Holland Am. Line, Inc.*,
583 F.3d 647 (9th Cir. 2009) ......................................................................... 6

*Bogicevic v. Seabourn Cruise Line Ltd.*,
580 F. Supp. 3d 970 (W.D. Wash. 2022) ...................................................... 5

*Caroline Cho v. Casnak LLC*,
2022 U.S. Dist. LEXIS 207138 (C.D. Cal. Sep. 7, 2022) ............................ 15

*Chloe Z Fishing Co. v. Odyssey Re (London) Ltd.*,
109 F. Supp. 2d 1236 (S.D. Cal. 2000) ........................................ 5, 12, 13, 14

*Daisley v. Blizzard Music Ltd. (US)*,
2017 U.S. Dist. LEXIS 66171 (C.D. Cal. May 1, 2017).............................. 8

*Day v. Orrick, Herrington & Sutcliffe, LLP*,
42 F.4th 1131 (9th Cir. 2022).................................................................... 5, 9

*DotC United, Inc. v. Google Asia Pac. Pte. Ltd.*,
2023 U.S. Dist. LEXIS 75512 (N.D. Cal. May 1, 2023) ............................. 9

*Ferguson v. Corinthian Colls., Inc.*,
733 F.3d 928 (9th Cir. 2013) ..................................................................... 5, 8

*Flextronics Int'l USA, Inc. v. Murata Mfg. Co.*,
2020 U.S. Dist. LEXIS 158387 (N.D. Cal. Aug. 31, 2020)........................ 6

*GE Energy Power Conversion Fr. SAS, Corp. v. Outokumpu Stainless USA, LLC*,
140 S. Ct. 1637 (2020)................................................................................. 9

*Gsc Dev. v. Jinlong Indus. Co.*,
2017 U.S. Dist. LEXIS 235508 (C.D. Cal. Dec. 4, 2017)........................... 14

ii

*Hopkins & Carley, ALC v. Thomson Elite*,

2011 U.S. Dist. LEXIS 38396 (N.D. Cal. Apr. 6, 2011) ...................................................... 8

*Intershop Commc'ns AG v. Superior Court*,

104 Cal. App. 4th 191 (2002) ........................................................................................... 13

*Kilgore v. KeyBank, N.A.*,

673 F.3d 947 (9th Cir. 2012) ........................................................................................... 14

*Leyva v. Certified Grocers of Cal. Ltd.*,

593 F.2d 857 (9th Cir. 1979) ........................................................................................... 14

*Mitchell v. Tillett*,

2016 U.S. Dist. LEXIS 153686 (N.D. Cal. Oct. 28, 2016) .................................................. 6

*Mohebbi v. Khazen*,

2014 U.S. Dist. LEXIS 168351 (N.D. Cal. Dec. 4, 2014) ................................................... 13

*Mousebelt Labs Pte. LTD v. Armstrong*,

2023 U.S. Dist. LEXIS 97679 (N.D. Cal. May 24, 2023) ......................................... *passim*

*Mullen Techs., Inc. v. Qiantu Motor (Suzhou) Ltd.*,

2020 U.S. Dist. LEXIS 116323 (S.D. Cal. July 1, 2020) ........................................... *passim*

*Nationwide Agribusiness Ins. Co. v. Buhler Barth GMBH*,

2015 U.S. Dist. LEXIS 147717 (E.D. Cal. Oct. 29, 2015) .................................................. 7

*Rogers v. Royal Caribbean Cruise Line*,

547 F.3d 1148 (9th Cir. 2008) ........................................................................................... 13

*Sensor Dynamics AG Entwicklungs-Und Produktionsgesellschaft v. Memsco LLC*,

2008 U.S. Dist. LEXIS 126616 (C.D. Cal. Oct. 10, 2008) .................................................. 7

*Setty v. Shrinivas Sugandhalaya LLP*,

3 F.4th 1166 (9th Cir. 2021) ............................................................................................... 9

*Simula, Inc. v. Autoliv, Inc.*,

175 F.3d 716 (9th Cir. 1999) ........................................................................................ 7, 13

*Tech. & Intellectual Prop. Strategies Grp. Prof'l Corp. v. Insperity, Inc.*,

2012 U.S. Dist. LEXIS 170714 (N.D. Cal. Nov. 29, 2012) ........................................... 8, 13

23-cv-2106-LAB-BGS

*Tompkins v. 23andMe, Inc.*,
  840 F.3d 1016 (9th Cir. 2016) .................................................................. 12

*Trajkovski Inv. AB v. I.Am.Plus Elecs., Inc.*,
  2021 U.S. Dist. LEXIS 247685 (C.D. Cal. Dec. 29, 2021)................................ 6

*Twitch Interactive, Inc. v. Fishwoodco GmbH*,
  2023 U.S. Dist. LEXIS 94786 (N.D. Cal. May 31, 2023) ................................ 7

*United Ass'n Local Union No. 26 v. Big Rooter/Nelson Plumbing & Mech., Inc.*,
  2011 U.S. Dist. LEXIS 5922 (W.D. Wash. Jan. 14, 2011) .............................. 8

*Wolf v. Langemeier*,
  2010 U.S. Dist. LEXIS 87017 (E.D. Cal. Aug. 24, 2010) .............................. 15

**Statutes**

9 U.S.C. § 206 ...................................................................................... 2, 5, 15

9 U.S.C. § 208 ........................................................................................ 14, 15

9 U.S.C. § 3 ............................................................................................... 14

9 U.S.C. §§ 201-208 .................................................................................... 4

9 U.S.C. §§ 1 *et seq.* ................................................................................... 14

9 U.S.C. §§ 201 *et seq.* ............................................................................... 14

Cal. Pen. Code § 496 ................................................................................ 4, 7

**Other Authorities**

German Arbitration Institute (DIS), 2018 DIS Arbitration Rules, Rule 17.2 ..................... 8

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  PRELIMINARY STATEMENT

This dispute relates to Plaintiff Joseph N. Mullis's investment in OEP Technologie Beteiligungs GbR, a private partnership organized in Germany ("OEP GbR"), the value of which was tied to the performance of OEP Technologie B.V. ("OEP Technologie") and its subsidiaries, including SMARTRAC N.V. ("Smartrac").[3] Between 2014 and 2018, Plaintiff and OEP Technologie Holding B.V. ("OEP Holding")[4] entered into a series of agreements under which Plaintiff borrowed 50,000 EURO from OEP Holding, used those funds to purchase a partial interest in OEP GbR, and then later sold that interest back to OEP Holding. These agreements included, among others, a 2014 Sale and Transfer Agreement, a 2014 Loan Agreement, and a 2018 Sale and Transfer and Loan Termination Agreement (collectively, the "Mullis/OEP Agreements"). JPMorgan Chase & Co. ("JPMC") was not a party to the Mullis/OEP Agreements or any agreements with Plaintiff that are the genesis of this action. Rather, OEP Holding is an indirect subsidiary of JPMC.

Plaintiff filed this action against JPMC in October 2023, claiming that JPMC fraudulently conspired with OEP Holding and others to deflate the value of his interest in OEP GbR before he sold it more than five years ago in May 2018. Putting aside the lack of merit, Plaintiff's claims do not belong in court because he agreed to arbitrate them, and even as a nonparty to the Mullis/OEP Agreements, JPMC can enforce their arbitration provisions. The Mullis/OEP Agreements contain broad arbitration provisions requiring all disputes arising out of or in connection with the Agreements to be arbitrated in Germany. All of Plaintiff's claims arise from and are intertwined with the Agreements, and Plaintiff cannot evade arbitration by suing JPMC selectively.

The Mullis/OEP Agreements fall under the New York Convention because they (1) are in writing, (2) arise from a commercial relationship, (3) require arbitration in Germany

---

[3] OEP Technologie and Smartrac are Dutch companies, and Smartrac was a manufacturer of radio frequency identification inlays.

[4] OEP Holding is the direct parent company of OEP Technologie.

1

(a Convention signatory), and (4) include at least one signatory that is not an American citizen. *See Mullen Techs., Inc. v. Qiantu Motor (Suzhou) Ltd.*, 2020 U.S. Dist. LEXIS 116323, at *7 (S.D. Cal. July 1, 2020). The equitable estoppel doctrine requires Plaintiff to arbitrate his claims against JPMC because "'the subject matter of the dispute is intertwined with the contract[s] providing for arbitration.'" *Mousebelt Labs Pte. LTD v. Armstrong*, 2023 U.S. Dist. LEXIS 97679, at *20 (N.D. Cal. May 24, 2023) (citation omitted). Under Chapter 2 of the Federal Arbitration Act ("FAA"), the Court may compel arbitration in Germany pursuant to the Convention. *See* 9 U.S.C. § 206. Thus, the Court should grant this Motion, compel arbitration and stay this action pending completion of arbitration.

## II.  FACTUAL BACKGROUND

### A.  Plaintiff Obtains Shares in OEP Technologie Beteiligungs GbR in 2014.

According to the Complaint, in or around December 2010, OEP Technologie acquired a majority interest in Smartrac. (*See* Comp. ¶ 10.) The following year, Smartrac acquired a majority interest in Neology, Inc. ("Neology"), where Plaintiff had worked since 2003. (*Id.* ¶¶ 9, 11.) As part of his employment with Neology, Plaintiff was "offered a stake" in OEP Technologie and its subsidiaries, including Smartrac. (*Id.* ¶ 14.)

Plaintiff claims that he made a "$50,000 loaned investment" in a "Smartrac Management Equity Program[.]" (*See id.* ¶¶ 12-14, 18.)[5] What Plaintiff refers to as the "Smartrac MEP[,]" however, was actually OEP GbR, the above-mentioned civil law partnership organized under German law. (*See id.* ¶¶ 12, 18; *see also* Declaration of Robert Harmzen ("Harmzen Decl.") ¶¶ 7-9, Exs. 1-2.)

In 2014, OEP Holding and Plaintiff entered into a Sale and Transfer Agreement (the "Sale Agreement"), pursuant to which OEP Holding sold, and Plaintiff purchased, a "Partial Partnership Interest" in OEP GbR for a total purchase price of 50,000 EURO. (Harmzen Decl. ¶¶ 7-8, Ex. 1.) Through a contemporaneous Loan Agreement, OEP Holding loaned Plaintiff the 50,000 EURO to fund the purchase. (*Id.* ¶ 9, Ex. 2.)

---

[5] As the underlying agreements show, the "loaned investment" was 50,000 EURO, not 50,000 U.S. dollars. (*See* Harmzen Decl., Exs. 1-2.)

**B.     Plaintiff Sells His Shares in OEP GbR Back to OEP Holding in 2018.**

In or about September 2017, Smartrac sold Neology. (*See* Comp. ¶ 16.) As part of the sale, Plaintiff alleges he "was informed" that his partnership stake "had a value of $0[.]" (*See id.* ¶ 18; Harmzen Decl. ¶¶ 7-9, Exs. 1-2.) Plaintiff alleges that company executives— including OEP Holding Director, Philipp von Meurers, and Smartrac CEO, Christian Uhl— refused to provide him information regarding his partnership stake or Neology's sale. (*See* Comp. ¶ 19; Harmzen Decl. ¶¶ 7-9, Exs. 1-2.)

Despite these alleged concerns, on or about May 23, 2018, Plaintiff entered into a Sale and Transfer and Loan Termination Agreement (the "Termination Agreement"), pursuant to which Plaintiff sold his "Partial Partnership Interest" in OEP GbR back to OEP Holding, and OEP Holding terminated the 50,000 EURO loan issued to Plaintiff, such that Plaintiff was relieved of his obligation to repay the loan. (*See* Comp. ¶ 21; Harmzen Decl. ¶ 10, Ex. 3.)

**C.     Plaintiff Agrees to Arbitration Multiple Times.**

The 2014 Sale Agreement (Harmzen Decl., Ex. 1 § 5.2) and 2018 Termination Agreement (*Id.*, Ex. 3 § 5.3) contain virtually identical arbitration provisions, stating:

> All disputes arising out of or in connection with this Agreement, including its validity shall be finally settled in accordance with the Arbitration Rules of the German Institution of Arbitration e.V. *(DIS Rules)* without recourse to the ordinary courts of law. The place of arbitration shall be Frankfurt [am Main], Germany. The arbitral tribunal shall consist of three arbitrators. The language of the arbitral proceedings is English. Oral hearings may be conducted in another language if all parties participating in the hearing and the arbitrators agree so.

The Loan Agreement also includes a separate arbitration agreement (Harmzen Decl., Ex. 2), stating:

> All disputes arising between the parties to the loan agreement in connection with the loan agreement or its validity shall be finally settled in accordance with the Arbitration Rules of the German Institution of Arbitration *(DIS Rules)* without recourse to the ordinary courts of law. The place of arbitration shall be Frankfurt am Main. The number of arbitrators is three. The language of the arbitral proceedings is English. Oral hearings may be conducted in another language if all parties participating in the hearing and the arbitrators agree so.

23-cv-2106-LAB-BGS

**D.     The Broad Arbitration Provisions Cover the Claims Asserted.**

Plaintiff filed this lawsuit against JPMC on October 13, 2023—more than five years after he executed the Termination Agreement at the heart of the Complaint. Plaintiff alleges that JPMC valued Neology in connection with the September 2017 sale, and that JPMC "held Neology's debt" at the time. (Comp. ¶ 17.) With no supporting facts, and upon supposed "information and belief," Plaintiff alleges that JPMC, Neology's managing director (Dr. Jörg Zirener), OEP Holding and Smartrac engaged in a "scheme to deflate Neology's 'Fair Market Value'" in order to force Plaintiff to release his "Partial Partnership Interest[.]" (*See id.* ¶¶ 17-21.)

Plaintiff fails to identify any interaction between himself and JPMC, or what anyone at JPMC said to him, yet he alleges that "Defendants" (comprised of JPMC and Does 1-20) made a series of unspecified "representations" to him regarding his Partial Partnership Interest. (*See id.* ¶¶ 21, 31.) Plaintiff also alleges that "Defendants" "conceal[ed]" unspecified "material facts" from him, and that had he known these supposed facts, he would have "behaved differently" with respect to his partnership stake. (*See id.* ¶¶ 34-36.) Based on JPMC's purported misstatements and concealments, Plaintiff alleges that he was fraudulently induced into entering the Termination Agreement and releasing his "Partial Partnership Interest." (*See id.* ¶¶ 21-26; Harmzen Decl. ¶ 10, Ex. 3.)

Plaintiff asserts four claims against JPMC: (1) fraudulent inducement; (2) fraudulent concealment; (3) negligent misrepresentation; and (4) violation of California Penal Code § 496. All the claims are subject to arbitration, as Plaintiff agreed to arbitrate "[a]ll disputes arising [out of]" or "in connection with" the Sale Agreement, Loan Agreement or Termination Agreement, including their "validity." (Harmzen Decl. ¶ 8, Ex. 1 § 5.2; ¶ 9, Ex. 2 § 6.5; ¶ 10, Ex. 3 § 5.3.)

### III.     <u>PLAINTIFF MUST ARBITRATE HIS CLAIMS</u>

**A.     Courts Must Rigorously Enforce Arbitration Agreements.**

"Congress enacted Chapter Two of the [FAA], *see* 9 U.S.C. §§ 201-208, to provide for the effective and efficient resolution of international arbitral disputes after the United

States entered into the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, June 1958) ('the New York Convention' or 'Convention')." *Day v. Orrick, Herrington & Sutcliffe, LLP*, 42 F.4th 1131, 1133 (9th Cir. 2022). Federal policy creates a strong presumption favoring enforcement of arbitration agreements, and that policy "'applies with special force in the field of international commerce.'" *See Chloe Z Fishing Co. v. Odyssey Re (London) Ltd.*, 109 F. Supp. 2d 1236, 1241 (S.D. Cal. 2000).[6]

Generally, in deciding whether to compel arbitration under the FAA, a court must determine two issues: (1) whether there is an agreement to arbitrate; and (2) whether the agreement covers the dispute. *See Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). "'[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]'" *Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 938 (9th Cir. 2013).

Under the Convention, "[c]ourts determining whether to compel arbitration . . . should conduct a 'very limited inquiry.'" *Bogicevic v. Seabourn Cruise Line Ltd.*, 580 F. Supp. 3d 970, 974 (W.D. Wash. 2022). "'Under Chapter 2 of the FAA, courts apply a two-step analysis' when a party moves to compel arbitration pursuant to an agreement governed by the Convention." *Id.* "First, the court analyzes four preliminary questions to determine whether an arbitration agreement exists that falls under the Convention." *Id.* Second, "[i]f the court finds the existence of such an agreement, it must order arbitration unless it finds the agreement 'null and void, inoperative or incapable of being performed' under the Convention." *See Mullen Techs., Inc.*, 2020 U.S. Dist. LEXIS 116323, at *7. The Court "may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States." 9 U.S.C. § 206.

No matter which test is applied here, all elements are satisfied. ***First***, an agreement to arbitrate exists, which falls under the Convention. ***Second***, Plaintiff's claims are

---

[6] Unless otherwise indicated, all internal citations are omitted and all emphases are added.

encompassed by the broad arbitration provisions in the Mullis/OEP Agreements. ***Third***, Plaintiff cannot evade arbitration against JPMC under the equitable estoppel doctrine, which applies to agreements governed by the Convention. ***Fourth***, there are no grounds to find the arbitration agreements void, inoperative or incapable of being performed. Thus, Plaintiff's agreement to arbitrate should be rigorously enforced, and he should be compelled to arbitrate his claims in Germany as stated in the contracts he repeatedly signed.

**B.      An Agreement to Arbitrate Exists under the New York Convention.**

An agreement "falls under the Convention" if it meets four requirements: (1) there is a written agreement to arbitrate; (2) the agreement is commercial in nature; (3) the agreement provides for arbitration in the territory of a Convention signatory; and (4) a party to the agreement is a foreign citizen or entity, or the commercial relationship has some reasonable relation with one or more foreign states. *See Mullen Techs., Inc.*, 2020 U.S. Dist. LEXIS 116323, at *7; *Balen v. Holland Am. Line, Inc.*, 583 F.3d 647, 654-55 (9th Cir. 2009). Here, the Mullis/OEP Agreements meet all four requirements.

***First***, the written agreements Plaintiff signed each contain "an arbitral clause in a contract or an arbitration agreement[.]" *Mousebelt Labs Pte. LTD*, 2023 U.S. Dist. LEXIS 97679, at *7. Thus, there is a written agreement to arbitrate. (Harmzen Decl., Exs. 1-3.)

***Second***, the Mullis/OEP Agreements are commercial in nature because they relate to purchase and sale of shares in a private partnership for economic gain. *See Trajkovski Inv. AB v. I.Am.Plus Elecs., Inc.*, 2021 U.S. Dist. LEXIS 247685, at *8 (C.D. Cal. Dec. 29, 2021) (finding agreement for purchase of stock commercial in nature under the Convention); *see also Mitchell v. Tillett*, 2016 U.S. Dist. LEXIS 153686, at *2 (N.D. Cal. Oct. 28, 2016) (agreement that flowed from course of employment was commercial under the Convention); *Flextronics Int'l USA, Inc. v. Murata Mfg. Co.*, 2020 U.S. Dist. LEXIS 158387, at *51 (N.D. Cal. Aug. 31, 2020) ("[T]he SMIA involves a commercial relationship, as it relates to 'business transactions[.]'").

***Third***, the Mullis/OEP Agreements require arbitration in Germany (Harmzen Decl., Ex. 1 § 5.2; Ex. 2 § 6.5; Ex. 3 § 5.3)—a signatory to the Convention. *See Twitch Interactive,*

6

*Inc. v. Fishwoodco GmbH*, 2023 U.S. Dist. LEXIS 94786, at *21 (N.D. Cal. May 31, 2023) (noting Germany is a Convention signatory); *Sensor Dynamics AG Entwicklungs-Und Produktionsgesellschaft v. Memsco LLC*, 2008 U.S. Dist. LEXIS 126616, at *4 (C.D. Cal. Oct. 10, 2008) (similar).

*Fourth*, OEP Holding, a party to the Mullis/OEP Agreements, is organized under the laws of the Netherlands and is therefore a citizen of the Netherlands. (Harmzen Decl. ¶ 1; Ex. 1 p. 1.) *See Mousebelt Labs Pte. LTD*, 2023 U.S. Dist. LEXIS 97679, at *8 ("MouseBelt is organized under the laws of Singapore and is therefore a citizen of Singapore.").

Thus, all four requirements are met, the Mullis/OEP Agreements fall under the Convention, and the Court must compel arbitration under Chapter 2 of the FAA.

## C.   The Broad Arbitration Provisions Cover Plaintiff's Claims.

The arbitration provisions in the Mullis/OEP Agreements are broad and easily cover the disputes at issue. The Ninth Circuit applies an expansive construction to arbitration provisions that, by their terms, apply to all disputes "arising out of or in connection with" the agreement. (Harmzen Decl., Exs. 1-3.) *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 720 (9th Cir. 1999) (arbitration clause stating that it applies to "all disputes arising in connection with this Agreement" must be interpreted expansively). "Thus, when an arbitration agreement employs the phrase 'in connection with,' a party's factual allegations 'need only 'touch matters' covered by the contract containing the arbitration clause' in order for the court to require arbitration." *Nationwide Agribusiness Ins. Co. v. Buhler Barth GMBH*, 2015 U.S. Dist. LEXIS 147717, at *16 (E.D. Cal. Oct. 29, 2015).

All Plaintiff's claims come within this broad scope. Plaintiff alleges that JPMC fraudulently induced him to enter into the Termination Agreement. (Comp. ¶¶ 23-28.) He alleges that JPMC defrauded him with respect to the Partial Partnership Interest that is the subject of the Mullis/OEP Agreements. (*Id.* ¶¶ 17-21, 31-38, 41-45.) And he alleges that JPMC purportedly violated California Penal Code § 496 by stealing money that should have been paid because of his Partial Partnership Interest, which he purchased through the Sale Agreement and Loan Agreement, and later relinquished through the Termination

7

Agreement. (*Id.* ¶¶ 48-51.) These disputes directly "aris[e] out of" and are "connect[ed] with" the Mullis/OEP Agreements and are thus covered by the broad arbitration provisions in all three Agreements. (Harmzen Decl., Ex. 1 § 5.2; Ex. 2 § 6.5; Ex. 3 § 5.3.) *See, e.g., Tech. & Intellectual Prop. Strategies Grp. Prof'l Corp. v. Insperity, Inc.*, 2012 U.S. Dist. LEXIS 170714, at \*32-38 (N.D. Cal. Nov. 29, 2012) (finding claims alleging fraudulent inducement and fraudulent and negligent misrepresentations about subject matter of contract arbitrable); *United Ass'n Local Union No. 26 v. Big Rooter/Nelson Plumbing & Mech., Inc.*, 2011 U.S. Dist. LEXIS 5922, at \*10 (W.D. Wash. Jan. 14, 2011) ("Big Rooter's fraudulent inducement and misrepresentation claims are subject to the arbitration provision[.]"); *Hopkins & Carley, ALC v. Thomson Elite*, 2011 U.S. Dist. LEXIS 38396, at \*9-23 (N.D. Cal. Apr. 6, 2011) (compelling arbitration of fraudulent inducement and negligent misrepresentation claims despite narrower contract language).

Further, "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Ferguson*, 733 F.3d at 938 (holding that terms in enrollment agreement requiring arbitration of "any dispute" and "all claims" "arising from my enrollment" covered claims that the school misrepresented the value and cost of an education); *see also Daisley v. Blizzard Music Ltd. (US)*, 2017 U.S. Dist. LEXIS 66171, at \*18 (C.D. Cal. May 1, 2017) ("Keeping in mind that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration,' the Court concludes that plaintiff's fraud claim . . . touch[es] and arise[s] from the Songwriter Agreements.").[7]

## D.    Plaintiff Cannot Evade Arbitration By Suing JPMC.

JPMC, a nonsignatory, also may compel arbitration under the equitable estoppel doctrine. The doctrine applies to agreements governed by the Convention, and it applies

---

[7] Under the German Arbitration Institute's DIS Rules, when claims rely on more than one arbitration agreement, they may be decided in a single arbitration, and any disputes about whether the arbitration agreements are "compatible shall be decided by the arbitration tribunal." *See* German Arbitration Institute (DIS), 2018 DIS Arbitration Rules, Rule 17.2, at https://www.disarb.org/en/tools-for-dis-proceedings/dis-rules (last accessed January 1, 2024).

8

here because Plaintiff's claims are intertwined with the contracts requiring arbitration.

### 1. Equitable estoppel applies in cases governed by the Convention.

The Supreme Court has held that nonsignatories may invoke the equitable estoppel doctrine to compel arbitration in cases falling under the New York Convention. *See GE Energy Power Conversion Fr. SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 1646 (2020) ("Nothing in the drafting history suggests that the Convention sought to prevent contracting states from applying domestic law that permits nonsignatories to enforce arbitration agreements in additional circumstances."); *Day*, 42 F.4th at 1135-36 (explaining that, in *GE Energy*, the Court determined that the doctrine of equitable estoppel "does not conflict with the Convention, and so is applicable in international arbitrations").

To decide whether a nonsignatory may compel arbitration in a case under the Convention, courts apply federal common law rather than state law. *See Mousebelt Labs Pte. LTD*, 2023 U.S. Dist. LEXIS 97679, at *13 ("[C]ourts apply federal common law 'in determining the arbitrability in federal claims by or against non-signatories to an arbitration agreement.'"); *DotC United, Inc. v. Google Asia Pac. Pte. Ltd.*, 2023 U.S. Dist. LEXIS 75512, at *7-8 (N.D. Cal. May 1, 2023) ("[T]he Court finds federal substantive law governs the arbitrability question in this action brought under the New York Convention given 'the need for uniformity in the application of international arbitration agreements.'").

Under Ninth Circuit common law, equitable estoppel applies when "'the subject matter in dispute [is] intertwined with the contract providing for arbitration.'" *Mousebelt Labs Pte. LTD*, 2023 U.S. Dist. LEXIS 97679, at *22 (citing *Setty v. Shrinivas Sugandhalaya LLP*, 3 F.4th 1166, 1169 (9th Cir. 2021)). The intertwinement standard is satisfied where the plaintiff's claims are predicated on rights that exist "only by virtue" of the contracts containing arbitration provisions, and the harm allegedly suffered "cannot be divorced from" those rights. *See Mousebelt Labs Pte. LTD*, 2023 U.S. Dist. LEXIS 97679, at *22-23. The standard also is satisfied "where the signatory raises allegations of collusive conduct between the nonsignatory and other signatories." *Id.* at *26.

"That is, a subject matter in dispute may be properly characterized as intertwined

with the contract providing for arbitration where the signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory, *or* where the signatory raises allegations of collusive conduct between the nonsignatory and other signatories." *Id.*; *accord Am. Chung Nam, LLC v. Mitsui O.S.K. Lines, Ltd.*, 2023 U.S. Dist. LEXIS 227709, at *21 (C.D. Cal. Dec. 19, 2023) ("Under federal common law, equitable estoppel requires that the subject matter of the dispute be 'intertwined with the contract providing for arbitration.' . . . This standard is satisfied where a signatory 'raises allegations of collusive misconduct between the nonsignatory and other signatories.'"). Here, the intertwinement standard is satisfied both ways, and thus JPMC may compel arbitration as a nonsignatory.

## 2. Plaintiff is bound by the arbitration agreements under well-established estoppel principles.

Plaintiff's claims and alleged injuries derive from and depend on the Mullis/OEP Agreements, each of which requires arbitration. Plaintiff also alleges collusive misconduct between JPMC and OEP Holding concerning his partnership interest that is the subject of the Mullis/OEP Agreements. For each reason, Plaintiff is equitably estopped from avoiding arbitration.

***First***, Plaintiff's alleged damages are the purported monies that he should have received for his "Partial Partnership Interest," but for JPMC's purported conduct that "deflate[d]" Plaintiff's equity and caused him to relinquish his interest. (Comp. ¶¶ 16-21, 26, 36, 46, 51.) Yet Plaintiff acquired his partnership interest through the Sale Agreement and Loan Agreement. (Harmzen Decl., Exs. 1-2.) The value of that interest is determined pursuant to the Sale Agreement and the incorporated OEP GbR partnership agreement (including its earnout provisions). (*See id.*, Ex. 1 §§ 1.2, 1.3, 4.1, 4.2.) And Plaintiff alleges that JPMC fraudulently induced him to sell his interest for inadequate value by entering into the Termination Agreement. (*See* Comp. ¶ 26; Harmzen Decl., Ex. 3 §§ 1.1, 1.2, 1.3.) In other words, Plaintiff's claims only exist by virtue of the Mullis/OEP Agreements. Any determination of Plaintiff's rights or the value of his partnership interest depends on the Mullis/OEP Agreements. And neither the validity of the claims nor Plaintiff's alleged

10

injuries can be divorced from the Mullis/OEP Agreements, all of which require arbitration.

The recent *Mousebelt* case is instructive. There, the plaintiff invested more than $300,000 in a crowdsourcing platform, Knowledgr, in exchange for preferred stock and other interests. 2023 U.S. Dist. LEXIS 97679, at *2. Plaintiff made the investments through agreements with arbitration clauses covering "[a]ll disputes, controversies, or differences arising out of or in connection with" the agreements. *Id.* at *3. Plaintiff later filed suit against several nonsignatories alleging that they conspired with Knowledgr to abandon the company and "annihilate" the value of plaintiff's equity. *Id.* at *4-5. The court compelled arbitration under the Convention and the doctrine of equitable estoppel, holding that the disputes were intertwined with the investment agreements. *Id.* at *6-7, *22-23. The court observed that the claims were "predicated on allegations that Defendants induced" Knowledgr to "abdicate [its] contractual obligations to [plaintiff,]" which "obligations existed only by virtue of" the investment agreements. *Id.* at *22-23. Further, plaintiff's alleged damages hinged on the contractual rights in the investment agreements. *Id.*

This case is analogous. Any right or interest Plaintiff has to the Partial Partnership Interest, as well as the value of that interest, hinges on Plaintiff's contractual rights in the Mullis/OEP Agreements, as well as the validity of the Termination Agreement. Like in *Mousebelt*, Plaintiff's claims also are predicated on allegations that JPMC purportedly destroyed the value of Plaintiff's investment through a scheme of wrongful conduct with the signatory (Comp. ¶¶ 16-21), and the alleged harm "cannot be divorced from" the underlying agreements. 2023 U.S. Dist. LEXIS 97679, at *22-23. Thus, the "subject matter in dispute" is "properly characterized as intertwined with the contract[s] providing for arbitration[.]" *Id.* at *26.

**Second**, equitable estoppel also applies because Plaintiff alleges collusive misconduct between OEP Holding (a signatory) and JPMC (a nonsignatory). *See Am. Chung Nam, LLC*, 2023 U.S. Dist. LEXIS 227709, at *21 (intertwinement "is satisfied where a signatory 'raises allegations of collusive misconduct between the nonsignatory and other signatories'"). The Complaint alleges a "scheme to deflate Neology's 'Fair Market

23-cv-2106-LAB-BGS

Value'" to force Plaintiff to release his "Partial Partnership Interest[.]" (*See* Comp. ¶ 21.) The purported participants in that scheme include not only JPMC, but also OEP Holding, including through its Director, Philipp von Muerers. (*See id.* ¶ 19; Harmzen Decl., Exs. 1-3 at signature pages.)[8] Thus, the dispute is "properly characterized as intertwined with the contract[s]" for the additional reason that Plaintiff alleges "collusive conduct between the nonsignatory and other signatories." *Mousebelt Labs Pte. LTD*, 2023 U.S. Dist. LEXIS 97679, at *26.

In sum, to allow Plaintiff to evade arbitration by suing JPMC "would render the arbitration agreement ineffective and run contrary to the federal policy favoring arbitration, which applies with special force in the international commercial context." *Am. Chung Nam, LLC*, 2023 U.S. Dist. LEXIS 227709, at *22 (compelling arbitration under equitable estoppel doctrine and New York Convention). Thus, the Court should compel arbitration under established estoppel principles.

## E.  The Arbitration Agreements Are Not Void, Inoperative or Incapable of Being Performed.

There is no basis to find the Mullis/OEP Agreements unenforceable under the Convention (or otherwise). Enforceability is not a state law question. *See Chloe Z Fishing Co.*, 109 F. Supp. 2d at 1258-59. Rather, "[o]nly internationally recognized contract formation defenses or public policy concerns of the forum nation can render an arbitration agreement unenforceable under Article II of the Convention." *Mullen Techs., Inc.*, 2020 U.S. Dist. LEXIS 116323, at *9. Any doubts about "applicable contract defenses[] are to be resolved in favor of arbitration." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1022 (9th Cir. 2016). Courts narrowly construe the "null and void" exception, and the burden to establish that an arbitration agreement is "null and void" rests with the party opposing

---

[8] In addition, OEP Holding is an indirect subsidiary of JPMC (Harmzen Decl. ¶ 1), and "'[w]hen the charges against a parent company and its subsidiary are based on the same facts and are inherently inseparable, a court may refer claims against the parent to arbitration even though the parent is not formally a party to the arbitration agreement.'" *Allen v. Shutterfly, Inc.*, 2020 U.S. Dist. LEXIS 167910, at *23 (N.D. Cal. Sep. 14, 2020).

arbitration. *See Chloe Z Fishing Co.*, 109 F. Supp. 2d at 1259; *Rogers v. Royal Caribbean Cruise Line*, 547 F.3d 1148, 1158-59 (9th Cir. 2008).

Plaintiff cannot invalidate the arbitration agreements he repeatedly signed. His fraudulent inducement claim does not permit him to avoid arbitration. *See Simula, Inc.*, 175 F.3d at 726 (affirming claim for fraudulent inducement was arbitrable); *Tech. & Intellectual Prop. Strategies Grp. Prof'l Corp.*, 2012 U.S. Dist. LEXIS 170714, at *37 ("Plaintiff does not appear to be challenging the specific arbitration provision of the CSA as fraudulent; rather, Plaintiff's claim of fraud/fraud in the inducement attacks the validity of the CSA as a whole."); *Mohebbi v. Khazen*, 2014 U.S. Dist. LEXIS 168351, at *14-18 (N.D. Cal. Dec. 4, 2014) (finding fraudulent inducement claim arbitrable because there was no evidence that defendant purposefully hid the arbitration provision on the contract's face).[9]

Any argument challenging Plaintiff's agreement to arbitrate in Germany also fails. *See, e.g.*, *Mullen Techs., Inc.* 2020 U.S. Dist. LEXIS 116323, at *9-10 (rejecting argument that venue in Singapore was inconvenient because plaintiff consented to the venue by signing the agreement). If anything, "enforcement of the [arbitration provision] makes sense under the circumstances here," because the contracts involve the purchase and sale of shares "in a German [partnership.]" *Cf. Intershop Commc'ns AG v. Superior Court*, 104 Cal. App. 4th 191, 200-201 (2002) (concluding as a matter of law that no public policy was violated by enforcing forum selection clause and transferring case to Germany).

Nor are the arbitration agreements incapable of being performed. "For more than one hundred years, the German Arbitration Institute (DIS) has been the leading institution in Germany for the administration of arbitrations and other alternative dispute resolution proceedings for national and international commercial disputes." (*See* German Arbitration Institute (DIS), at https://www.disarb.org/en/about-us/about-us (last accessed January 1, 2024).) Thus, because Plaintiff has not established (and cannot establish) that the arbitration

---

[9] Plaintiff also does not allege fraudulent inducement of the Sale Agreement or Loan Agreement, which independently require arbitration and encompass the claims. Thus, for multiple reasons, Plaintiff cannot evade arbitration under a fraudulent inducement theory.

13

agreements he assented to are void, inoperative or incapable of being performed, the Court should compel arbitration.

## IV.    THE COURT SHOULD STAY THE ACTION PENDING ARBITRATION

"[T]he court . . . upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration . . . ***shall*** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]" 9 U.S.C. § 3. Under this provision, a "federal case must be stayed while the parties proceed to arbitration." *Kilgore v. KeyBank, N.A.*, 673 F.3d 947, 955 (9th Cir. 2012), *reversed and remanded on other grounds*, 718 F.3d 1052 (9th Cir. 2013). This rule exists because it "would waste judicial resources" if the court "permit[ted] discovery," took evidence and "determine[d] the merits of the case at the same time as the arbitrator is going through a substantially parallel process." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

The FAA's mandatory stay provision at 9 U.S.C. § 3 applies to cases under the Convention. *See* 9 U.S.C. § 208 ("Chapter 1 [9 USCS §§ 1 et seq.] applies to actions and proceedings brought under this chapter [9 USCS §§ 201 et seq.] to the extent that chapter is not in conflict with this chapter [9 USCS §§ 201 et seq.] or the Convention as ratified by the United States."); *see also Chloe Z Fishing Co.*, 109 F. Supp. 2d at 1261 (finding a stay under FAA Chapter 1 applicable to Chapter 2 cases); *Mullen Techs., Inc.* 2020 U.S. Dist. LEXIS 116323, at *10 (staying action pending arbitration).

Once the Court finds that Plaintiff's claims must be arbitrated, JPMC requests that the Court stay this action pending completion of arbitration. All of Plaintiff's claims are arbitrable. (Section III(C), *supra*.) But even if the Court determines that some claims are arbitrable while some are not, the entire action should be stayed pending arbitration. All the claims arise out of the same factual nexus and are closely connected. Thus, staying the action would avoid duplication of resources and inconsistent findings between the overlapping claims. *See Gsc Dev. v. Jinlong Indus. Co.*, 2017 U.S. Dist. LEXIS 235508, at *7-8 (C.D. Cal. Dec. 4, 2017) ("Since all of the claims in the FAC are so closely connected,

14

proceeding with litigation will prejudice the arbitration and waste judicial resources. Without a stay of all claims, the arbitration and litigation will adjudicate many of the same questions of law and fact."); *Caroline Cho v. Casnak LLC*, 2022 U.S. Dist. LEXIS 207138, at *23 (C.D. Cal. Sep. 7, 2022) ("A stay is mandatory as to at least some, if not all, of Plaintiff's claims. Accordingly, the Court orders a stay of the instant proceedings."); *Wolf v. Langemeier*, 2010 U.S. Dist. LEXIS 87017, at *23 (E.D. Cal. Aug. 24, 2010) ("In light of the similarity of the issues of law and fact among each Plaintiff's claim and the possibility of inconsistent rulings if the entire action is not stayed, the interests of economy and efficiency favor staying this entire action.").

## V. <u>CONCLUSION</u>

Plaintiff's claims are closely intertwined with the Mullis/OEP Agreements, which contain broad arbitration provisions encompassing the claims. The Mullis/OEP Agreements are subject to the New York Convention, and JPMC is entitled to compel arbitration under the equitable estoppel doctrine. Plaintiff cannot evade arbitration by suing JPMC selectively. Thus, the Court should compel arbitration in Germany pursuant to the Mullis/OEP Agreements and stay this action pending completion of arbitration. 9 U.S.C. §§ 206, 208.

Respectfully submitted,

Dated: January 5, 2024

**GREENBERG TRAURIG, LLP**

By: */s/ Michael E. McCarthy*
Michael E. McCarthy
Email: mccarthyme@gtlaw.com
Layal L. Bishara
Email: bisharal@gtlaw.com
*Attorneys for Defendant*
*JPMorgan Chase & Co.*

23-cv-2106-LAB-BGS

Michael E. McCarthy (SBN 301010)
mccarthyme@gtlaw.com
Layal L. Bishara (SBN 329154)
bisharal@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Tel: (310) 586-7700
Fax: (310) 586-7800

Attorneys for Defendant
JPMORGAN CHASE & CO.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH N. MULLIS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>J.P. MORGAN CHASE & CO., a Delaware corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:23-cv-02106-LAB-BGS<br><br>Assigned to Hon. Larry Alan Burns, Courtroom 14A<br><br>**DECLARATION OF ROBERT HARMZEN IN SUPPORT OF JPMORGAN CHASE & CO.'S MOTION TO COMPEL ARBITRATION OF PLAINTIFF JOSEPH N. MULLIS'S CLAIMS**<br><br>Action Filed in State Court: October 13, 2023<br><br>Action Removed: November 16, 2023<br><br><br>Hearing Date: March 11, 2024<br>Hearing Time: 11:30 a.m.<br>Courtroom: 14A (14th Flr) |

# DECLARATION OF ROBERT HARMZEN

I, Robert Harmzen, declare as follows:

1.     OEP Technologie B.V. ("OEP Technologie") is a private company incorporated under the laws of the Netherlands. OEP Technologie is a direct subsidiary of OEP Technologie Holding B.V. ("OEP Holding"), which also is a private company incorporated under the laws of the Netherlands. OEP Holding is an indirect subsidiary of JPMorgan Chase & Co.

2.     At the times the agreements attached to this Declaration were entered, my title was Director A of OEP Holding. I remain Director A of OEP Holding today. As Director A of OEP Holding, my duties include, among other things, overseeing the corporate holdings of OEP Holding.

3.     I am an adult over the age of 18 years old. I am of sound mind and capable of making this Declaration. I have personal knowledge of the facts set forth in this Declaration. This Declaration is based not only on my personal knowledge, but also my review of the OEP Holding business records attached to this Declaration. If called to testify, I could competently testify to the facts set forth herein.

4.     In my capacity as Director A of OEP Holding, I have access to OEP Holding's business records and am knowledgeable regarding the manner in which such records are maintained. OEP Holding's business records, including the agreements attached hereto and discussed below, are made and maintained by OEP Holding in the course of its regularly conducted business activities, at or near the time of the events they reflect, by or from information transmitted by a person with knowledge.

5.     I have reviewed Plaintiff Joseph N. Mullis's Complaint filed in the above-referenced action, and I am familiar with the factual allegations alleged by Mr. Mullis in his Complaint.

6.     In or around 2010, OEP Holding, through OEP Technologie, indirectly acquired a majority interest in a company known as SMARTRAC N.V. ("Smartrac"). Subsequently, in or around 2011, Smartrac acquired a majority interest in Neology, Inc.

("Neology").

7.      In or around 2014, as a result of his employment position with Neology, Mr. Mullis was offered the opportunity to participate in a partnership program that allowed him a certain investment stake in OEP Technologie and its subsidiaries, including Smartrac (the "Program"). In order to effectuate Mr. Mullis's entry into the Program, OEP Holding and Mr. Mullis entered into a series of agreements in 2014. Two of those agreements are described in paragraphs 8 and 9 below.

8.      First, OEP Holding and Mr. Mullis entered into a Sale and Transfer Agreement, pursuant to which OEP Holding sold, and Mr. Mullis purchased, a "Partial Partnership Interest" in the Program for a total purchase price of 50,000 EURO. A true and correct redacted copy of the Sale and Transfer Agreement, which both Mr. Mullis and I signed, is attached hereto as **Exhibit 1**.

9.      Second, OEP Holding (as lender) and Mr. Mullis (as borrower) entered into a Loan Agreement, pursuant to which OEP Holding loaned Mr. Mullis 50,000 EURO to fund his purchase of the Partial Partnership Interest. A true and correct copy of the Loan Agreement, which both Mr. Mullis and I signed, is attached hereto as **Exhibit 2**.

10.     In May 2018, about four years after execution of the above-referenced agreements, Mr. Mullis sold and transferred his Partial Partnership Interest in the Program back to OEP Holding, and contemporaneously, OEP Holding terminated the loan issued to Mr. Mullis. The sale, transfer and loan termination were memorialized in a Sale and Transfer and Loan Termination Agreement, which both Mr. Mullis and I signed, a true and correct copy of which is attached hereto as **Exhibit 3**.

11.     The 2014 Sale and Transfer Agreement (at section 5.2) and the 2018 Sale and Transfer and Loan Termination Agreement (at section 5.3) contain virtually identical arbitration provisions, which state:

> All disputes arising out of or in connection with this Agreement, including its validity shall be finally settled in accordance with the Arbitration Rules of the German Institution of Arbitration e.V. *(DIS Rules)* without recourse to the ordinary courts of law. The place of arbitration shall be Frankfurt [am Main],

Germany. The arbitral tribunal shall consist of three arbitrators. The language of the arbitral proceedings is English. Oral hearings may be conducted in another language if all parties participating in the hearing and the arbitrators agree so.

12.     The 2014 Loan Agreement also attaches a separate arbitration agreement referred to at section 6.5 of the Loan Agreement. The separately attached arbitration agreement states:

All disputes arising between the parties to the loan agreement in connection with the loan agreement or its validity shall be finally settled in accordance with the Arbitration Rules of the German Institution of Arbitration *(DIS Rules)* without recourse to the ordinary courts of law. The place of arbitration shall be Frankfurt am Main. The number of arbitrators is three. The language of the arbitral proceedings is English. Oral hearings may be conducted in another language if all parties participating in the hearing and the arbitrators agree so.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 28th day of December, 2023, at Amsterdam, the Netherlands.

_____
Robert Harmzen

Case No. 3:23-cv-02106-LAB-BGS

*Joseph N. Mullis vs. J.P. Morgan Chase & Co., et al.*
S.D. Cal. Case No.: 3:23-cv-02106-LAB-BGS

Exhibits to the Declaration of Robert Harmzen in Support of
Motion to Compel Arbitration

## Table of Contents

| Exhibit | Page | Tab |
|---|---|---|
| Exhibit 1 – Sale Agreement | 5 | 1 |
| Exhibit 2 – Loan Agreement | 12 | 2 |
| Exhibit 3 – Termination Agreement | 20 | 3 |

Exhibit 1

**THIS SALE AND TRANSFER AGREEMENT** (the "**Agreement**") is made as of
_____ 2014

**BETWEEN**

1. **OEP Technologie Holding B.V.**, a private company with limited liability (*besloten vennootschap met beperkte aansprakelijkheid*) incorporated under the laws of the Netherlands with its seat in Amsterdam, the Netherlands and its office address at Herengracht 466, 1017 CA Amsterdam, the Netherlands, registered in the trade register of the Chambers of Commerce for Amsterdam under file number 50528238 ("**Warehouse**"); and

2. **Mr. Joe Mullis** (the "**New Partner**"),

    (Warehouse and the New Partner together the "**Parties**").

**WHEREAS**

(1)　The New Partner, address at ████████████████ , CA ████ , United States of America, intends to join OEP Technologie Beteiligungs GbR, a civil law partnership (*Gesellschaft bürgerlichen Rechts*) organized under the laws of Germany, with business address at Albstraße 14, 70597 Stuttgart, Germany (the "**Partnership**") as partner.

(2)　The New Partner has reviewed and is familiar with the partnership agreement of the Partnership made as of 25 July 2013 (the "**Partnership Agreement**").

(3)　Pursuant to § 5 of the Partnership Agreement, Warehouse is authorized, after consultation with the Managing Partner, to admit additional individuals to the Partnership in its free discretion, in particular to sell (parts of) its Partnership Interest to a new partner.

(4)　The board of directors of Warehouse has initiated a written offer to the New Partner to accede to the Partnership (the "**Subscription Letter**").

(5)　To facilitate the New Partner's accession to the Partnership as new partner, Warehouse desires to sell and transfer to the New Partner, and the New Partner desires to purchase from Warehouse in its capacity as warehouse of the Partnership, a partial Partnership Interest, the Nominal Amount of which shall amount to EUR 51.80, representing a beneficial interest of 518 Scheme Shares (the "**Partial Partnership Interest**").

(6)　Capitalized terms and phrases not otherwise defined herein shall have the meaning ascribed to them in the Partnership Agreement.

DAC15048677

**NOW, THEREFORE,** it is agreed as follows:

§ 1
SALE AND PURCHASE

1.1 Warehouse hereby sells, and the New Partner hereby purchases, the Partial Partnership Interest on the terms set out in this Agreement. The sale of the Partial Partnership Interest shall include all rights and obligations adhered to the Partial Partnership Interest, in particular the entitlement to any dividends and proceeds from the sale of the Scheme Shares attributable to the Partial Partnership Interest.

1.2 The Nominal Amount attributable to the Partial Partnership Interest shall amount to EUR 51.80, representing a beneficial interest of 518 Scheme Shares. For the avoidance of doubt, the sale and transfer of the Partial Partnership Interest on the terms set forth in this Agreement shall not include any other amounts booked on the capital account of Warehouse.

1.3 The purchase price for the Partial Partnership Interest amounts to EUR 50,000 (in words: fifty thousand euro) (the **"Purchase Price"**).

1.4 The Purchase Price shall become due and payable on the date hereof in euro denominated funds to the following bank account:

    Bank:
    Account holder:
    Account number:
    IBAN:
    SWIFT:

§ 2
TRANSFER

Warehouse hereby transfers to the New Partner, and the New Partner hereby accepts such transfer of, the Partial Partnership Interest, subject to the following conditions having been fulfilled:

  (i) the Purchase Price has been paid by the New Partner to the bank account set forth in Section 1.4 above;

  (ii) the Subscription Letter has been signed by the New Partner and submitted to Warehouse; and

  (iii) the New Partner has acceded to the Arbitration Agreement pursuant to § 5.4 of the Partnership Agreement.

§ 3
WARRANTIES

3.1 Warehouse hereby warrants to the New Partner that:

    (i)    the statements regarding the Partial Partnership Interest made in this Agreement are complete, true and correct;

    (ii)   Warehouse has the legal and beneficial ownership of the Partial Partnership Interest and the right, title and authority to sell to the New Partner the legal and beneficial ownership of the Partial Partnership Interest; and

    (iii)  the Partial Partnership Interest is not subject to any encumbrances or rights of third parties.

3.2    For any claims of the New Partner under this § 3 Warehouse shall be liable up to the amount of the Purchase Price. The warranty period shall end on the second anniversary of the date hereof.

## § 4
### PARTNERSHIP AGREEMENT

4.1    The Partnership Agreement shall apply to the New Partner as per the moment of the fulfilment of each of the conditions set forth under § 2 (i) and (ii) of this Agreement and the New Partner acknowledges and accepts the Partnership Agreement and agrees to be bound by it in his capacity as partner of the Partnership.

4.2    With reference to § 16.4 of the Partnership Agreement, the applicable Vesting Date for the New Partner shall mean 31 January 2014.

## § 5
### MISCELLANEOUS

5.1    This Agreement and any non-contractual obligations arising out of or in connection with this Agreement shall be governed by and construed in accordance with the laws of Germany without regard to the principles of conflicts of law.

5.2    All disputes arising out of or in connection with this Agreement, including its validity shall be finally settled in accordance with the Arbitration Rules of the German Institution of Arbitration e.V. *(DIS Rules)* without recourse to the ordinary courts of law. The place of arbitration shall be Frankfurt, Germany. The arbitral tribunal shall consist of three arbitrators. The language of the arbitral proceedings is English. Oral hearings may be conducted in another language if all parties participating in the hearing and the arbitrators agree so.

5.3    If any provision of this Agreement should be or become wholly or partially void, ineffective or unenforceable, the validity, effectiveness and enforceability of the other provisions of this Agreement shall not be affected thereby. Any such invalid, ineffective or unenforceable provision shall be deemed replaced by such valid, effective and enforceable provision as comes closest to the economic intent and purpose of the invalid, ineffective or unenforceable provision as regards subject-matter, extent, time, place and scope. The aforesaid shall apply *mutatis mutandis* to any gap in this Agreement.

5.4    No amendment of this Agreement shall be valid unless it is in writing (or in notarized form, if necessary) and duly executed by or on behalf of the Parties.

5.5    This Agreement may be executed in any number of counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument.

*[signature page on the following page]*

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first above written.

**Mullis**

_____
Joe Mullis

**OEP Technologie Holding B.V.**

By: _____
Name: Rob Harmzen
Title: A Director

By: _____
Name: Philipp von Meurers
Title: B Director

The Managing Partner hereby acknowledge and confirm the execution of this Agreement and any provisions comprised herein:

**Clemens Joos**

_____
Clemens Joos

5

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first above written.

**Mullis**

_____
Joe Mullis

**OEP Technologie Holding B.V.**

By: _____.
Name: Rob Harmzen
Title: A Director

By: _____
Name: Philipp von Meurers
Title: B Director

The Managing Partner hereby acknowledge and confirm the execution of this Agreement and any provisions comprised herein:

**Clemens Joos**

_____
Clemens Joos

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first above written.

**Mullis**

_____
Joe Mullis

**OEP Technologie Holding B.V.**

By: _____
Name: Rob Harmzen
Title: A Director

By: _____
Name: Philipp von Meurers
Title: B Director

The Managing Partner hereby acknowledge and confirm the execution of this Agreement and any provisions comprised herein:

**Clemens Joos**

_____
Clemens Joos

Exhibit 2

This **Loan Agreement** (the *Agreement*) is made as of _____ 2014

**Between:**

(1)     **OEP Technologie Holding B.V.,** a private company with limited liability (*besloten vennootschap met beperkte aansprakelijkheid*) incorporated under the laws of the Netherlands with its seat in Amsterdam, the Netherlands and its office address at Herengracht 466, 1017 CA Amsterdam, the Netherlands, registered in the trade register of the Chambers of Commerce for Amsterdam under file number 50528238 (the **Lender**);

(2)     **Joe Mullis** (the *Borrower*); and

(3)     **OEP Technologie Beteiligungs GbR**, a civil law partnership (*Gesellschaft bürgerlichen Rechts*) organized under the laws of Germany, with business address at Albstraße 14, 70597 Stuttgart, Germany (the **Partnership**).

(the Lender, the Borrower and the Partnership together the **Parties**, and each a **Party**).

**Recitals**

(A)     Reference is made to the partnership agreement of the Partnership (the **Partnership Agreement**), the sale and transfer agreement entered into between the Lender as seller and the Borrower as purchaser dated on or about the date hereof (the **Sale and Purchase Agreement**), and a subscription agreement dated on or about the date hereof (the **Subscription Agreement**).

(B)     Under the Sale and Purchase Agreement, the Lender sells to the Borrower a partial partnership interest in OEP Technologie Beteiligungs GbR, a civil law partnership (*Gesellschaft bürgerlichen Rechts*) organized under the laws of Germany, with business address at Albstraße 14, 70597 Stuttgart, Germany against the payment of a consideration in the amount of EUR 50,000 (the **Purchase Price**). The claim of the Lender against the Borrower to pay the Purchase Price under the Sale and Purchase Agreement is further referred to as the **Purchase Price Claim**.

(C)     The Lender wishes to provide to Borrower, and the Borrower desires to receive from Lender, a loan under the terms and conditions set forth below.

(D)     Capitalized terms and phrases not otherwise defined herein shall have the meaning ascribed to them in the Partnership Agreement.

**Now, therefore,** it is agreed as follows:

§ 1
Loan

1.1     The Lender hereby grants a loan to the Borrower in the principal amount of EUR 50,000 (in words: fifty thousand euros) (the **Loan**).

1.2     The Loan shall be drawn as set out in § 2 below.

1.3    The Loan shall be subject to completion of the following conditions: (i) the Subscription Letter has been signed by the Borrower and submitted to Lender, (ii) the Sale and Purchase Agreement has been signed by the Borrower and the Lender, and (iii) the Borrower has acceded to the Arbitration Agreement pursuant to § 5.4 of the Partnership Agreement.

§ 2
Set-off

The Parties hereby set-off, with immediate effect, the Purchase Price Claim against the claim of the Borrower against the Lender to make available the Loan (the *Set-off*). As a result of such Set-off, the Purchase Price Claim under the Sale and Purchase Agreement is fully settled and the Loan is fully drawn under this Agreement.

§ 3
Interest

3.1    The Loan shall bear interest at a rate of (i) 5.00% per annum, or, (ii) if so requested by the Borrower by written notice to the Lender within 30 calendar days after the date hereof, the 3 Month EURIBOR plus 350 bps. *3 Month EURIBOR* shall mean the interbank offered rate for deposits in Euro with interest periods of 3 months as quoted on the relevant Reuters page at 11:00 a.m. CET on the first banking day of each calendar quarter before the Maturity Date and as adjusted on the first banking day of each such calendar quarter.

3.2    Interest shall accrue on the principal amount on which it is payable from and including the date hereof (the *Value Date*) and shall be calculated on the basis of the actual number of days elapsed and a year of 365 or 366 days, as the case may be. Any interest accrued shall become due and payable on the Maturity Date (as defined below). Accrued interest shall not be capitalized.

§ 4
Repayments and Prepayments

4.1    The Loan shall be repaid in full on the Maturity Date. *Maturity Date* means the earliest of

(a)    the forth anniversary of the Value Date;

(b)    the date on which an Exit occurred, provided however that in such case repayment of the Loan shall be deferred until receipt by the Borrower of a corresponding amount of cash proceeds which stem form such Exit; or

(c)    the date on which the Loan is terminated pursuant to § 5 below,

unless such day is not a day on which banks are open in Stuttgart and Amsterdam for normal business (a *Business Day*), in which case the repayment shall be made on the first Business Day thereafter.

4.2    The repayment or prepayment shall be made at par plus any interest accrued thereon, in Euro, and to a bank account as the Lender may notify to the Borrower from time to time for this purpose.

4.3    The Parties acknowledge and agree that, upon request of the Lender, any amounts booked on the Borrower's private account in the Partnership shall, to the extent withdrawals are permitted pursuant to the Partnership Agreement, be withdrawn to prepay or repay, as the case may be, the Loan, or any portion thereof, by way of a direct payment of such amount by the Partnership in the name and on behalf of the Borrower to the Lender.

4.4    The Borrower acknowledges and agrees that the Lender, or any person nominated by the Lender, shall have the right but not the obligation to set-off any amounts due and payable in connection with the exercise of the Good Leaver Put Option or the Warehouse Call Option, against any amounts outstanding under this Agreement, irrespective whether or not such amounts have become due and payable.

4.5    Any net proceeds of any cash bonuses due to be paid by OEP Technologie B.V. or any of its direct or indirect subsidiaries (including, without limitation Smartrac N.V.) to the Borrower, up to an aggregate amount equal to 50% of the Loan, shall be exclusively used by the Borrower to repay the Loan (including interest accrued thereon). The Parties acknowledge and agree that in order to simplify payment processes, the relevant entity paying out the bonus shall be entitled to directly pay the net proceeds of such bonus in the name and on behalf of the Borrower to the Lender. For the avoidance of doubt, the term net proceeds means the amount payable to the Borrower after deducting any withholding taxes, including without limitation any deductions on account of income and/or income-related tax, and social security contributions.

## § 5
## Termination

5.1    The Lender may terminate the Loan without any notice period in case of a substantial deterioration of the assets of the Borrower, or if the Borrower has ceased being active for the Group.

5.2    The Borrower may terminate the Loan at any time, subject to a notice period of three months. The Borrower's right to terminate the Loan for good cause (*wichtiger Grund*) without any notice period remains unaffected.

## § 6
## Miscellaneous

6.1    The Borrower may only assign its rights under this Agreement with the prior written consent of the Lender. The Lender may assign its rights and obligations under this Agreement to any third party at any time. The Lender shall notify the Borrower of such assignment without undue delay after it has been effected.

6.2  Any taxes, social security obligations, duties or other expenses which may be incurred by the Borrower in connection with this Agreement and any taxes or social security obligations triggered at the employing entity of the Group or the Lender by this Agreement shall be borne solely by the Borrower to the extent permitted by law.

6.3  Any amendment or supplement to or modification or termination of this Agreement, including this provision, shall be valid only if made in writing, except where a stricter form (e.g. notarisation) is required under applicable law. This Agreement may be terminated in any number of counterparts, and by the Parties on separate counterparts.

6.4  If any provision of this Agreement should be or become, in whole or in part, invalid, the validity of all other provisions or the valid portion of an invalid provision of this Agreement shall not be affected. To the extent legally possible, an arrangement appropriately reflecting the purpose and object of this Agreement shall be entered into to take the place of the invalid provision. The foregoing shall apply *mutatis mutandis* to all gaps in the Agreement.

6.5  This Agreement and any non-contractual obligations arising out of or in connection with this Agreement shall be governed by, and interpreted in accordance with, the laws of Germany without regard to its conflict of laws rules. All disputes arising out of or in connection with this Agreement or the validity of this Agreement shall be finally settled by an arbitration court without recourse to the ordinary courts of law. Details are agreed in a separate arbitration agreement.

6.6  This Agreement may be executed in any number of counterparts and by the Parties on separate counterparts, each of which shall be deemed to be an original, but all the counterparts shall together constitute one and the same instrument.

*[signature page on the following page]*

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first above written.

Lender

OEP Technologie Holding B.V.

By: _____
Name: Rob Harmzen
Title: A Director


By: _____
Name: Philipp von Meurers
Title: B Director



Borrower

Joe Mullis

_____
Joe Mullis


Partnership

OEP Technologie Beteiligungs GbR

By: OEP Technologie Holding B.V.

By: _____
Name: Rob Harmzen
Title: A Director


By: _____
Name: Philipp von Meurers
Title: B Director

*[end of signature page]*

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first above written.

Lender

OEP Technologie Holding B.V.


By: _____
Name: Rob Harmzen
Title: A Director


By: _____
Name: Philipp von Meurers
Title: B Director



Borrower

Joe Mullis


_____
Joe Mullis


Partnership

OEP Technologie Beteiligungs GbR

      By: OEP Technologie Holding B.V.


By: _____
Name: Rob Harmzen
Title: A Director


By: _____
Name: Philipp von Meurers
Title: B Director

*[end of signature page]*

This Arbitration Agreement is made as of _____ 2014

1.  Reference is made to a loan agreement entered into between OEP Technologie Holding B.V. as lender, Joe Mullis as borrower, and OEP Technologie Beteiligungs GbR, dated on or about the date hereof.

2.  All disputes arising between the parties to the loan agreement in connection with the loan agreement or its validity shall be finally settled in accordance with the Arbitration Rules of the German Institution of Arbitration (*DIS*) without recourse to the ordinary courts of law. The place of arbitration is Frankfurt am Main. The number of arbitrators is three. The language of the arbitral proceedings is English. Oral hearings may be conducted in another language if all parties participating in the hearing and the arbitrators agree so.

OEP Technologie Holding B.V.

By: _____
Name: Rob Harmzen
Title: A Director

By: _____
Name: Philipp von Meurers
Title: B Director

Joe Mullis

_____
Joe Mullis

OEP Technologie Beteiligungs GbR

By: OEP Technologie Holding B.V.

By: _____
Name: Rob Harmzen
Title: A Director

By: _____
Name: Philipp von Meurers
Title: B Director

DAC15704287.6

**This Arbitration Agreement** is made as of _____ 2014

1.     Reference is made to a loan agreement entered into between OEP Technologie Holding B.V. as lender, Joe Mullis as borrower, and OEP Technologie Beteiligungs GbR, dated on or about the date hereof.

2.     All disputes arising between the parties to the loan agreement in connection with the loan agreement or its validity shall be finally settled in accordance with the Arbitration Rules of the German Institution of Arbitration (*DIS*) without recourse to the ordinary courts of law. The place of arbitration is Frankfurt am Main. The number of arbitrators is three. The language of the arbitral proceedings is English. Oral hearings may be conducted in another language if all parties participating in the hearing and the arbitrators agree so.

OEP Technologie Holding B.V.

By: _____
Name: Rob Harmzen
Title: A Director

By: _____
Name: Philipp von Meurers
Title: B Director

Joe Mullis

_____
Joe Mullis

OEP Technologie Beteiligungs GbR

        By: OEP Technologie Holding B.V.

By: _____
Name: Rob Harmzen
Title: A Director

By: _____
Name: Philipp von Meurers
Title: B Director

DAC15704287 6

Exhibit 3

**THIS SALE AND TRANSFER AND LOAN TERMINATION AGREEMENT**
(the "**Agreement**") is made as of May 23, 2018

**BETWEEN**

1. **Mr. Joe Mullis** (the "**Exiting Partner**"); and

2. **OEP Technologie Holding B.V.**, a private company with limited liability (*besloten vennootschap met beperkte aansprakelijkheid*) incorporated under the laws of the Netherlands, having its official seat in Amsterdam, the Netherlands and its office address at Herengracht 466, 1017 CA Amsterdam, the Netherlands, registered in the trade register of the Chambers of Commerce for Amsterdam under file number 50528238 ("**Warehouse**"),

(the Exiting Partner and the Warehouse together the "**Parties**").

**WHEREAS**

(1)  The Exiting Partner and the Warehouse are partners of OEP Technologie Beteiligungs GbR, a civil law partnership (*Gesellschaft bürgerlichen Rechts*) organized under the laws of Germany, having its seat in Stuttgart (the "**Partnership**").

(2)  The Exiting Partner holds a partnership interest in the Partnership, the Nominal Amount of which amounts to EUR 51.80, representing a beneficial interest of 518 Scheme Shares (the "**Partnership Interest**").

(3)  The Exiting Partner as borrower has received a loan in the principal amount of EUR 50,000 (in words: Euro fifty thousand) from the Warehouse as lender on the basis of a loan agreement entered into in 2014 (the "**Loan**").

(4)  The Exiting Partner wishes to exit the Partnership and therefore intends to sale and transfer his Partnership Interest to the Warehouse.

(5)  Capitalized terms and phrases not otherwise defined herein shall have the meaning ascribed to them in the Partnership Agreement.

**NOW, THEREFORE,** it is agreed as follows:

## § 1
### SALE AND PURCHASE

1.1  The Exiting Partner hereby sells, and the Warehouse hereby purchases, the Partnership Interest on the terms set out in this Agreement, subject to the condition that the sale of Neology Inc. to OEP Neology LLC has been completed (the "**Closing**"). The sale of the Partnership Interest shall include all rights and obligations adhered to the Partnership Interest, in particular the entitlement to any dividends and proceeds from the sale of the Scheme Shares attributable to the Partnership Interest.

1.2    The Nominal Amount attributable to the Partnership Interest shall amount to EUR 51.80, representing a beneficial interest of 518 Scheme Shares.

1.3    The purchase price for the Partnership Interest amounts to EUR 50,000 (in words: Euro fifty thousand) (the "**Purchase Price**") and shall become due and payable on the date of the Closing.

### § 2
#### LOAN TERMINATION

2.1    The Parties hereby agree to terminate the Loan with effect as of the date of the Closing.

2.2    The repayment amount of the Loan including accrued interest amounts to EUR 50,000 (in words: Euro fifty thousand) (the "**Loan Repayment Amount**") and shall become due and payable on the date of the Closing.

2.3    The Purchase Price is offset with the Loan Repayment Amount as of the date of the Closing and therefore (i) the Purchase Price is fully settled and (ii) the Loan is fully discharged.

### § 3
#### TRANSFER

The Exiting Partner hereby transfers to the Warehouse, and the Warehouse hereby accepts such transfer of, the Partnership Interest, subject to the occurrence of the Closing.

### § 4
#### WARRANTIES

4.1    The Exiting Partner hereby warrants to the Warehouse that:

(i)    the statements regarding the Partnership Interest made in this Agreement are complete, true and correct;

(ii)   the Exiting Partner has the legal and beneficial ownership of the Partnership Interest and the right, title and authority to sell to the Warehouse the legal and beneficial ownership of the Partnership Interest; and

(iii)  the Partnership Interest is not subject to any encumbrances or rights of third parties.

4.2    For any claims of the Warehouse under this § 4 the Exiting Partner shall be liable up to the amount of the Purchase Price. The warranty period shall end on the second anniversary of the date hereof.

EXECUTION COPY

# § 5
## MISCELLANEOUS

5.1    The Exiting Partner acknowledges and agrees that any individual taxes, social security obligations, duties or other expenses which may be triggered in connection with the sale of the Partnership Interest or the termination of the Loan shall be borne by the Exiting Partner, and the Exiting Partner shall reimburse any party which is held liable for any individual taxes, social security obligations, duties or other expenses payable in connection with the sale of the Partnership Interest or the termination of the Loan.

5.2    This Agreement and any non-contractual obligations arising out of or in connection with this Agreement shall be governed by and construed in accordance with the laws of Germany without regard to the principles of conflicts of law.

5.3    All disputes arising out of or in connection with this Agreement, including its validity shall be finally settled in accordance with the Arbitration Rules of the German Institution of Arbitration e.V. *(DIS Rules)* without recourse to the ordinary courts of law. The place of arbitration shall be Frankfurt am Main, Germany. The arbitral tribunal shall consist of three arbitrators. The language of the arbitral proceedings is English. Oral hearings may be conducted in another language if all parties participating in the hearing and the arbitrators agree so.

5.4    If any provision of this Agreement should be or become wholly or partially void, ineffective or unenforceable, the validity, effectiveness and enforceability of the other provisions of this Agreement shall not be affected thereby. Any such invalid, ineffective or unenforceable provision shall be deemed replaced by such valid, effective and enforceable provision as comes closest to the economic intent and purpose of the invalid, ineffective or unenforceable provision as regards subject-matter, extent, time, place and scope. The aforesaid shall apply *mutatis mutandis* to any gap in this Agreement.

5.5    No amendment of this Agreement shall be valid unless it is in writing (or in notarized form, if necessary) and duly executed by or on behalf of the Parties.

5.6    This Agreement may be executed in any number of counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument.

*[signature page on the following page]*

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first above written.

**Joe Mullis**

_(signature)_

**OEP Technologie Holding B.V.**

By: _____
Name: Rob Harmzen
Title:   Director A

By: _____
Name: Philipp von Meurers
Title:   Director B

The Managing Partner hereby acknowledges and confirms the execution of this Agreement and any provisions comprised herein:

**Christian Peter Uhl**

_____

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first above written.

**Joe Mullis**

—————————————————————

**OEP Technologie Holding B.V.**

By: ————————————————————
Name: Rob Harmzen
Title:  Director A

By: ————————————————————
Name: Philipp von Meurers
Title:  Director B

The Managing Partner hereby acknowledges and confirms the execution of this Agreement and any provisions comprised herein:

**Christian Peter Uhl**

—————————————————————

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first above written.


**Joe Mullis**

_____


**OEP Technologie Holding B.V.**


By: _____
Name: Rob Harmzen
Title:   Director A


By: _____
Name: Philipp von Meurers
Title:   Director B



The Managing Partner hereby acknowledges and confirms the execution of this Agreement and any provisions comprised herein:



**Christian Peter Uhl**

_____

Michael E. McCarthy (SBN 301010)
mccarthyme@gtlaw.com
Layal Bishara (SBN 329154)
bisharal@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Tel: (310) 586-7700
Fax: (310) 586-7800

Attorneys for Defendant
JPMORGAN CHASE & CO.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH N. MULLIS, an individual,<br><br>         Plaintiff,<br><br>vs.<br><br>J.P. MORGAN CHASE & CO., a Delaware corporation; and DOES 1 to 20, inclusive,<br><br>         Defendants. | Case No.: 3:23-cv-02106-LAB-BGS<br><br>Assigned to Hon. Larry Alan Burns, Courtroom 14A<br><br>**DEFENDANT JPMORGAN CHASE & CO.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Action Filed in State Court: October 13, 2023<br>Action Removed: November 16, 2023<br><br>Hearing Date: March 11, 2024<br>Hearing Time: 11:30 a.m.<br>Courtroom: 14A (14th Flr) |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 11, 2024, at 11:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 14A of the above-entitled Court, located at 333 West Broadway, San Diego, California 92101, Defendant JPMorgan Chase & Co. ("JPMC") will and hereby does move the Court for an order dismissing Plaintiff Joseph N. Mullis's Complaint under Federal Rule of Civil Procedure 12(b)(6).[1] This Motion is made in the alternative and subject to and without waiving JPMC's Motion to Compel Arbitration filed January 5, 2024. (ECF No. 5.) Thus, the Court need not reach the merits of this Motion if it compels arbitration.

Plaintiff's Complaint fails to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6). JPMC moves for dismissal on the following grounds:

(1)   All Plaintiff's claims are time-barred.

(2)   All Plaintiff's claims sound in fraud but are not pled with particularity, as required by Federal Rule of Civil Procedure 9(b). Even under Rule 8, the Complaint is conclusory and fails to allege a plausible claim.

(3)   Plaintiff's concealment-based claims (including his claims for fraudulent concealment and fraudulent inducement or negligent misrepresentation based on purported concealment) also fail because he does not plead facts showing JPMC had a duty to disclose.

(4)   Plaintiff's negligent misrepresentation claim also fails because it requires a positive assertion by JPMC to Plaintiff, but he alleges none.

(5)   Plaintiff's claim for violation of California Penal Code section 496 also fails because it does not adequately allege that JPMC stole or aided in stealing any property belonging to Plaintiff.

---

[1] Pursuant to the Court's Civil Procedures, at paragraph 3, JPMC obtained the March 11, 2024, hearing date from chambers on January 2, 2024, within three court days of this Motion's filing.

23-cv-2106-LAB-BGS

Because Plaintiff's claims are time-barred on their face, JPMC respectfully requests that the Complaint be dismissed without leave to amend. This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and filings in this matter, and upon such other materials as may be presented to the Court at or prior to the hearing on this Motion.

Dated: January 5, 2024

GREENBERG TRAURIG, LLP

By: /s/ Michael E. McCarthy
Michael E. McCarthy
Email: mccarthyme@gtlaw.com
Layal L. Bishara
Email: bisharal@gtlaw.com
*Attorneys for Defendant*
*JPMorgan Chase & Co.*

2

# **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ................................................................. 1

II.   STATEMENT OF FACTS ..................................................................... 2

III.  ARGUMENT ...................................................................................... 3

      A.   Legal Standard ....................................................................... 3

      B.   All of Plaintiff's Claims Are Barred by the Three-Year Statute of
           Limitations. ............................................................................ 4

      C.   Plaintiff's Claims Sound in Fraud But Do Not Satisfy Rule 9(b) ..................... 7

      D.   Plaintiff's Concealment Claims Fail to Allege JPMC Had a Duty to
           Disclose ................................................................................. 9

      E.   Plaintiff Fails to Allege a Positive Assertion by JPMC to Support a
           Negligent Misrepresentation Claim. .......................................... 10

      F.   Plaintiff's Penal Code Section 496 Claim Is Conclusory and Alleges No
           Theft ..................................................................................... 10

IV.   CONCLUSION ................................................................................ 10

23-cv-2106-LAB-BGS

**<u>TABLE OF AUTHORITIES</u>**

**Cases**

*Allen v. Similasan Corp.*,
   96 F. Supp. 3d 1063 (S.D. Cal. 2015)................................................................ 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................... 3, 8

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011) ................................................................. 4, 7

*Cansino v. Bank of Am.*,
   224 Cal. App. 4th 1462 (2014) .................................................................... 6

*Chevron Prods. Co. v. Advanced Corrosion Techs. & Training, LLC*,
   2021 U.S. Dist. LEXIS 100710 (N.D. Cal. May 27, 2021)................................. 8

*ChinaCast Educ. Corp. v. Chen Zhou Guo*,
   2016 U.S. Dist. LEXIS 192249 (C.D. Cal. June 3, 2016) .................................. 4

*Conder v. Home Sav. of Am.*,
   2010 U.S. Dist. LEXIS 59524 (C.D. Cal. June 14, 2010)................................. 4

*Edwards v. Marin Park, Inc.*,
   356 F.3d 1058 (9th Cir. 2004) .................................................................... 8

*Elizabeth M. Byrnes, Inc. v. Fountainhead Commer. Cap., LLC*,
   2021 U.S. Dist. LEXIS 149146 (C.D. Cal. Aug. 6, 2021) ................................ 9

*Elkay Int'l Ltd. v. Color Image Apparel, Inc.*,
   2015 U.S. Dist. LEXIS 200148 (C.D. Cal. Feb. 4, 2015) ................................ 8

*Elt Sight v. Eyelight, Inc.*,
   2021 U.S. Dist. LEXIS 252099 (C.D. Cal. Oct. 22, 2021) ............................... 7

*Garcia v. GM LLC*,
   2018 U.S. Dist. LEXIS 208129 (E.D. Cal. Dec. 10, 2018) .............................. 8

*Garcia v. GM LLC*,
   2019 U.S. Dist. LEXIS 41955 (E.D. Cal. Mar. 14, 2019) ............................... 9

23-cv-2106-LAB-BGS

*Gonzalez v. JPMorgan Chase Bank, N.A.*,

    2023 U.S. App. LEXIS 966 (9th Cir. Jan. 17, 2023) ........................................ 6

*Hannan v. Boston Sci. Corp.*,

    2020 U.S. Dist. LEXIS 79056 (N.D. Cal. May 5, 2020) .................................. 7

*Huntsberry v. Shields*,

    2016 U.S. Dist. LEXIS 137075 (N.D. Cal. Oct. 3, 2016) ................................ 4

*Jablon v. Dean Witter & Co.*,

    614 F.2d 677 (9th Cir. 1980) .......................................................................... 4

*Johnson v. Bayerische Hypo-Und Vereinsbank, AG*,

    2011 U.S. Dist. LEXIS 164245 (C.D. Cal. Sept. 13, 2011) ............................ 5

*Kearns v. Ford Motor Co.*,

    567 F.3d 1120 (9th Cir. 2009) ........................................................................ 7

*Kelly v. Beazer Homes USA, Inc.*,

    552 Fed. Appx. 666 (9th Cir. 2014) ................................................................ 9

*Knievel v. ESPN*,

    393 F.3d 1068 (9th Cir. 2005) .................................................................... 2, 3

*Levine v. Blue Shield of Cal.*,

    189 Cal. App. 4th 1117 (2010) ....................................................................... 9

*LiMandri v. Judkins*,

    52 Cal. App. 4th 326 (1997) ........................................................................... 9

*Lopez v. Nissan N. Am.*,

    201 Cal. App. 4th 572 (2011) ....................................................................... 10

*Mackley v. Sullivan & Liapakis, P.C.*,

    2001 U.S. Dist. LEXIS 21723 (S.D.N.Y. Dec. 17, 2001) .............................. 4

*Motivo Eng'g, LLC v. Black Gold Farms*,

    2023 U.S. Dist. LEXIS 54304 (C.D. Cal. Mar. 28, 2023) .............................. 10

*Neilson v. Union Bank of Cal.*,

    290 F. Supp. 2d 1101 (C.D. Cal. 2003) ......................................................... 7

iii

*Neptune Prods. v. Hartford Fire Ins. Co.*,

    2022 U.S. Dist. LEXIS 179503 (C.D. Cal. Sept. 30, 2022) ........................ 10

*Neubronner v. Milken*,

    6 F.3d 666 (9th Cir. 1993) ................................................................... 4

*Norgart v. Upjohn Co.*,

    21 Cal. 4th 383 (1999) .................................................................. 4, 5

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,

    522 F.3d 1049 (9th Cir. 2008) ....................................................... 5, 6

*Plutos Sama Holdings v. Jagex Ltd.*,

    2021 U.S. Dist. LEXIS 210214 (C.D. Cal. Sept. 22, 2021) ...................... 7

*Precision Orthopedic Implants, Inc. v. Limacorporate S.P.A.*,

    2016 U.S. Dist. LEXIS 176160 (C.D. Cal. Dec. 20, 2016) ................... 4, 6

*Rosen v. Commons*,

    2021 U.S. Dist. LEXIS 145286 (C.D. Cal. Apr. 28, 2021) ...................... 8

*Taragan v. Nissan N. Am., Inc.*,

    2013 U.S. Dist. LEXIS 87148 (N.D. Cal. June 20, 2013) ....................... 9

*Vess v. Ciba-Geigy Corp. USA*,

    317 F.3d 1097 (9th Cir. 2003) ....................................................... 7, 8

*Williams v. Apple, Inc.*,

    449 F. Supp. 3d 892 (N.D. Cal. 2020) ................................................ 8

*Young v. AmeriGas Propane, Inc.*,

    2014 U.S. Dist. LEXIS 144123 (S.D. Cal. Oct. 9, 2014) ....................... 3

**Statutes**

Cal. Code Civ. Proc. § 338 ................................................................... 4

Cal. Pen. Code § 496.................................................................*passim*

iv

23-cv-2106-LAB-BGS

**Rules**

Fed. R. Civ. P. 8 ................................................................................................... 8

Fed. R. Civ. P. 9(b) ..................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 3

v

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

Plaintiff Joseph N. Mullis asserts time-barred claims that accrued more than six years ago. He also fails to allege facts stating any cognizable claim against JPMorgan Chase & Co. ("JPMC"). Plaintiff began working at a company known as Neology, Inc. ("Neology") in 2003. In May 2014, following a series of corporate acquisitions, Plaintiff purchased a "stake" in certain of Neology's indirect/direct parent companies—OEP Technologie B.V. ("OEP Technologie") and SMARTRAC N.V. ("Smartrac"). In September 2017, Smartrac sold Neology, and Plaintiff was allegedly "informed" that his "$50,000 loaned investment . . . had a value of $0[.]" (Comp. ¶ 18.) Plaintiff "released" his interest after his requests for additional information about the valuation were purportedly rebuffed. (*See id.* ¶¶ 19-21.)[2] Plaintiff has no contractual relationship with JPMC, and JPMC was not a party to Plaintiff's underlying investment agreements at issue. Rather, OEP Technologie, by and through its holding company, is an indirect subsidiary of JPMC.

Trying to evade his arbitration agreements with the true parties in interest,[3] Plaintiff sued JPMC based on the vague conclusion that it—along with Neology, Smartrac, OEP Technologie and its holding company—engaged in a "scheme" to "deflate" Neology's "Fair Market Value" and force Plaintiff to release his "Partial Partnership Interest in Smartrac." (*Id.* ¶ 21.) Plaintiff asserts claims for fraudulent inducement, fraudulent concealment, negligent misrepresentation, and violation of California Penal Code section 496. The claims should be dismissed for <u>five</u> reasons.

***First***, all Plaintiff's claims are time-barred. The claims accrued in September 2017 and have a three-year statute of limitations, which expired in September 2020. (Section III(B),

---

[2] JPMC takes Plaintiff's well-pled factual allegations (if any) as true for purposes of this Motion to Dismiss only, without admitting that any of the allegations are in fact true.

[3] For the reasons explained in JPMC's Motion to Compel Arbitration, Plaintiff is estopped from evading his arbitration agreements, and JPMC may compel arbitration as a nonsignatory. Thus, the Court should compel arbitration of Plaintiff's claims and stay this action pending arbitration. If the Court compels arbitration, it need not decide this Motion.

*infra.*) Plaintiff's lawsuit filed in October 2023 is more than three years late. (*Id.*)

   ***Second***, all Plaintiff's claims sound in fraud, but he fails to allege the particularized facts required under Rule 9(b). (Section III(C), *infra.*)

   ***Third***, Plaintiff alleges no facts showing that JPMC had a duty to disclose, a required element for his concealment-based claims. (Section III(D), *infra.*)

   ***Fourth***, Plaintiff identifies no positive assertion made to him by JPMC, which defeats his negligent misrepresentation claim for another reason. (Section III(E), *infra.*)

   ***Fifth***, Plaintiff's California Penal Code section 496 claim fails because he does not adequately allege JPMC stole or aided in stealing any property belonging to him. (Section III(F), *infra.*)

   If Plaintiff's claims are not compelled to arbitration (they should be), JPMC respectfully requests that the Complaint be dismissed without leave to amend.

## II.   STATEMENT OF FACTS

   Plaintiff alleges that he began working at Neology in 2003. (Comp. ¶ 9.) He alleges that, in or around 2010, OEP Technologie acquired a majority interest in Smartrac. (*See id.* ¶ 10.) The following year, Smartrac acquired a majority interest in Neology. (*Id.* ¶ 11.)

   In May 2014, as part of his employment with Neology, Plaintiff was "offered a stake" in OEP Technologie and its subsidiaries, including Smartrac. (*Id.* ¶ 14.) Plaintiff made a "$50,000 loaned investment" into the "Smartrac Management Equity Program[.]" (*See id.* ¶¶ 12-14, 18.)[4]

   In September 2017, Smartrac sold Neology. (*Id.* ¶ 16.) Plaintiff alleges that JPMC

---

[4] What Plaintiff refers to as the "Smartrac MEP" was actually OEP Technologie Beteiligungs GbR ("OEP GbR"), a civil law partnership organized under the laws of Germany. (*See* ECF No. 5-1, Declaration of Robert Harmzen ("Harmzen Decl.") ¶¶ 7-10, Exs. 1-3.) Plaintiff's "loaned investment" was in the amount of 50,000 EURO, not 50,000 U.S. Dollars. (*See id.*) Although this Motion does not hinge on the Court considering the "Mullis/OEP Agreements" attached to the Motion to Compel Arbitration, the Court may consider them anyway. Plaintiff's claims depend on the Agreements, as they are the foundation for his partnership interest and the fraud claims at the heart of the Complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by reference

valued Neology in connection with the sale, and that JPMC "held Neology's debt" at the time. (*Id.*) "Upon information and belief," Plaintiff alleges that JPMC somehow "transferred valuable intellectual property from Neology to Smartrac in order to devalue Neology at the time of the sale." (*Id.* ¶ 17.) With no supporting facts, Plaintiff also alleges that JPMC participated in a joint "scheme to deflate Neology's 'Fair Market Value[.]'" (*Id.* ¶¶ 17-21.)

Plaintiff was allegedly "informed" in September 2017 that his "$50,000 loaned investment . . . had a value of $0[.]" (*Id.* ¶¶ 16, 18.) He alleges he made repeated inquiries to OEP Technologie and Smartrac executives about the value of his partnership interest and the Neology sale, but he was "never provided with the details[.]" (*Id.* ¶¶ 19, 20.) Based on these events, Plaintiff alleges he was "forced to release" his "Partial Partnership Interest in Smartrac." (*Id.* ¶ 21.)[5]

Plaintiff sued JPMC six years later in October 2023, asserting claims for (1) fraudulent inducement, (2) fraudulent concealment, (3) negligent misrepresentation, and (4) violation of California Penal Code section 496. (*Id.* ¶¶ 22-54.)

## III. ARGUMENT

### A. Legal Standard

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

---

applies to "situations in which the plaintiff's claim depends on the contents of a document . . . even though the plaintiff does not explicitly allege the contents of that document in the complaint"); *Young v. AmeriGas Propane, Inc.*, 2014 U.S. Dist. LEXIS 144123, at *7-8 (S.D. Cal. Oct. 9, 2014) (applying *Knievel* and considering release agreement).

[5] As the Mullis/OEP Agreements show, OEP Technologie Holding B.V. ("OEP Holding") actually loaned Plaintiff 50,000 EURO, which Plaintiff used to purchase shares in OEP GbR in 2014. (Harmzen Decl., Exs. 1-2.) The value of Plaintiff's shares was tied to OEP Technologie's and Smartrac's performance. (*See* Comp. ¶ 14.) In May 2018, Plaintiff entered into a Sale and Transfer and Loan Termination Agreement, pursuant to which Plaintiff sold his Partial Partnership Interest in OEP GbR back to OEP Holding, and OEP Holding terminated the loan, such that Plaintiff was relieved of his obligation to repay the loan. (Harmzen Decl., Ex. 3.)

23-cv-2106-LAB-BGS

U.S. 662, 678 (2009).[6] Plaintiff cannot rely on "'threadbare recitals of the elements of a cause of action'" or "'allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Conder v. Home Sav. of Am.*, 2010 U.S. Dist. LEXIS 59524, at *6 (C.D. Cal. June 14, 2010). When claims sound in fraud, plaintiff must plead the claims with particularity, specifying the "'who, what, when, where, and how of the misconduct charged[.]'" *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Under Rule 9(b), "a plaintiff who makes allegations on information and belief [also] must state the factual basis for the belief." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

## B. All of Plaintiff's Claims Are Barred by the Three-Year Statute of Limitations.

On the face of the Complaint, all of Plaintiff's claims accrued in September 2017, but he did not file suit until October 13, 2023—more than six years later. Each claim has a three-year statute of limitations. Thus, the claims are time-barred and should be dismissed. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (statute of limitations defense may be raised by motion to dismiss).

The limitations period for fraud claims in California is three years. *See Huntsberry v. Shields*, 2016 U.S. Dist. LEXIS 137075, at *6 (N.D. Cal. Oct. 3, 2016). Negligent misrepresentation claims based on deceit also have a three-year limitations period. *See Precision Orthopedic Implants, Inc. v. Limacorporate S.P.A.*, 2016 U.S. Dist. LEXIS 176160, at *11 (C.D. Cal. Dec. 20, 2016). Claims for violation of California Penal Code section 496 have a three-year statute of limitations as well. *See* Cal. Code Civ. Proc. § 338(a), (c), (d).[7]

Under California law, a cause of action accrues when "'the wrongful act is done,' or the wrongful result occurs, and the consequent 'liability arises.'" *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999). In other words, a cause of action accrues when it is "complete with all of

---

[6] Unless otherwise indicated, internal citations are omitted and emphases are added.

[7] The law of the forum state (California) applies to determine whether Plaintiff's claims are barred by statute of limitations. *See ChinaCast Educ. Corp. v. Chen Zhou Guo*, 2016 U.S. Dist. LEXIS 192249, at *8-14 (C.D. Cal. June 3, 2016). In any event, "[t]he statute of limitations under German law for a tort action is three years." *Mackley v. Sullivan & Liapakis, P.C.*, 2001 U.S. Dist. LEXIS 21723, at *11 (S.D.N.Y. Dec. 17, 2001).

its elements." *Id.* Here, Plaintiff's allegations show his claims accrued and the limitations period began running by September 2017. (*See, e.g.*, Comp. ¶¶ 23, 26, 31, 38, 45, 46, 51.)

**Fraudulent Inducement:** Plaintiff alleges he was fraudulently induced into "sign[ing] a release of the Smartrac MEP" based on "a series of statements" made to him "in and around September 2017[.]" (*Id.* ¶¶ 23-26.) He alleges he was injured "when [he] signed [the] release[.]" (*Id.* ¶ 26.)[8] Thus, on the face of the Complaint, Plaintiff's fraudulent inducement claim accrued with all its elements more than six years ago. *See Johnson v. Bayerische Hypo-Und Vereinsbank, AG*, 2011 U.S. Dist. LEXIS 164245, at *17 (C.D. Cal. Sept. 13, 2011) (finding fraudulent inducement claim time-barred because "the actions giving rise" to the claim occurred in April 2006, more than four years before plaintiff filed suit).

**Fraudulent Concealment:** Plaintiff alleges that, in September 2017, JPMC injured him by breaching a purported "duty to truthfully disclose all material facts regarding the Smartrac MEP Valuation[.]" (Comp. ¶ 33.) He alleges that, had the "omitted information been disclosed" to him, he would not have "release[d] [his] Partial Partnership Interest in Smartrac." (*See id.* ¶¶ 21, 36.) Plaintiff's allegations show that, by September 2017, he was suspicious of the "$0" value ascribed to his partnership interest, and thus he made repeated inquires to OEP Technologie, Smartrac and Neology executives questioning the valuation and seeking its details. (*Id.* ¶¶ 16-21, 31.) Thus, the statute of limitations began running at that time, when he allegedly "suspect[ed] that someone ha[d] done something wrong to him[.]" *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1057 (9th Cir. 2008) (citing *Norgart*, 21 Cal. 4th at 397-98)). Yet he did not file suit until October 2023, more than six years later.

**Negligent Misrepresentation:** Plaintiff's negligent misrepresentation claim is an "alternative theory" to his fraud claims and based on the same allegations. (Comp. ¶¶ 40-46.) Because the claim is predicated on the same alleged acts, occurring at the same alleged times,

---

[8] Even if the Court looked outside the four corners of the Complaint to the Termination Agreement, as the date when Mullis relinquished his partnership interest (Comp. ¶ 26), the claims still accrued by May 2018 (Harmzen Decl., Ex. 3), and thus the three-year limitations period expired long before Plaintiff filed suit in October 2023.

5

it also is time-barred. *See Precision Orthopedic Implants, Inc.*, 2016 U.S. Dist. LEXIS 176160, at *11-13 (dismissing time-barred fraud and negligent misrepresentation claims together).

**Violation of Cal. Pen. Code § 496:** Although sparse, Plaintiff's claim that JPMC violated California Penal Code section 496 is based on JPMC's alleged theft of "money that should have been paid" to Plaintiff absent the "release of [his] Partial Partnership Interest in Smartrac." (*See* Comp. ¶¶ 21, 51.) Again, according to the Complaint, the alleged theft took place around September 2017. (*Id.* ¶¶ 16-21.) Thus, the claim accrued at that time, and the statute of limitations expired years before Plaintiff filed suit.

JPMC expects that Plaintiff will argue for delayed accrual under the "discovery rule" or tolling based on purported fraudulent concealment. Yet the Complaint alleges no facts to support either argument. "'[T]o invoke the delayed discovery exception to the statute of limitations, the plaintiff must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.'" *Allen v. Similasan Corp.*, 96 F. Supp. 3d 1063, 1071 (S.D. Cal. 2015). Similarly, to establish tolling based on concealment, "'the complaint must show: (1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry.'" *Platt Elec. Supply, Inc.*, 522 F.3d at 1055.

Plaintiff has alleged no such facts. He alleges no discovery on any later date, or what he discovered, when or how. Nor has Plaintiff alleged facts showing he lacked knowledge sufficient to put him on inquiry; instead, he alleges he questioned the valuation of his partnership interest immediately in September 2017. (*See* Comp. ¶¶ 16-21.) Thus, Plaintiff has not met his "burden of pleading" to excuse his time-barred claims. *See Cansino v. Bank of Am.*, 224 Cal. App. 4th 1462, 1472 (2014); *accord Gonzalez v. JPMorgan Chase Bank, N.A.*, 2023 U.S. App. LEXIS 966, at *2-3 (9th Cir. Jan. 17, 2023) ("[Plaintiff] has not identified any factual allegations that would support application of the discovery rule here."); *Platt Elec. Supply, Inc.*, 522 F.3d at 1058-59 (affirming dismissal of fraudulent concealment claim that accrued when plaintiff had inquiry notice of a potential misrepresentation).

6

## C.  **Plaintiff's Claims Sound in Fraud But Do Not Satisfy Rule 9(b)**

The Complaint should be dismissed for another reason. All four causes of action sound in fraud (Comp. ¶¶ 24, 34, 40-41, 51) and thus must be pleaded with particularity. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) ("[N]ondisclosure is a claim for misrepresentation . . . [and] it (as any other fraud claim) must be pleaded with particularity under Rule 9(b).").[9] But Plaintiff's allegations are conclusory, and he fails to allege "'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *see also Cafasso*, 637 F.3d at 1055 ("To satisfy Rule 9(b), a pleading must identify . . . 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'") (bracketing in original).

Plaintiff alleges JPMC made "misrepresentations, concealments, and omissions regarding the Smartrac MEP Valuation and Neology MEP Valuation" that were "intentionally false" (Comp. ¶ 24); that JPMC "intended to conceal material facts" with the "intent to deceive Mullis into acting as the Defendants wished for Mullis to act" (*id.* ¶¶ 31-34); that JPMC represented "certain facts concerning the Smartrac MEP Valuation and the Neology MEP Valuation were true" that "were not true" (*id.* ¶¶ 42-43); and that JPMC "stole, withheld, and/or aided in the concealment, sale, or withholding of Mullis's property," which JPMC "facilitated and/or benefitted from" "in a manner constituting theft" (*id.* ¶ 51). Yet Plaintiff provides no facts to support these (or any other) generic conclusions in the Complaint.

Plaintiff does not allege the specific *content* of any JPMC representation he relied on, *what* true facts JPMC purportedly concealed, *who* at JPMC made any alleged

---

[9] *See also Neilson v. Union Bank of Cal.*, N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements."); *Hannan v. Boston Sci. Corp.*, 2020 U.S. Dist. LEXIS 79056, at *32-33 (N.D. Cal. May 5, 2020) (similar); *Plutos Sama Holdings v. Jagex Ltd.*, 2021 U.S. Dist. LEXIS 210214, at *9-10 (C.D. Cal. Sept. 22, 2021) (where "'plaintiffs' § 496 claim relies almost entirely on the preceding allegations of fraudulent conduct,' compliance with Rule 9(b) is required"); *Elt Sight v. Eyelight, Inc.*, 2021 U.S. Dist. LEXIS 252099, at *20 (C.D. Cal. Oct. 22, 2021) (similar).

7

23-cv-2106-LAB-BGS

misrepresentation or concealment, *where* the alleged misrepresentations or concealments were communicated from JPMC to Plaintiff (orally, in writing, online?), or *how* JPMC's alleged statements were false when made. Without these facts, Plaintiff's claims sounding in fraud fail. *See, e.g.*, *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (plaintiff must allege the "'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation[s]'" to satisfy Rule 9(b)); *Vess*, 317 F.3d at 1106 (plaintiff must "'set forth what is false or misleading about a statement, and why it is false'"); *Chevron Prods. Co. v. Advanced Corrosion Techs. & Training, LLC*, 2021 U.S. Dist. LEXIS 100710, at *9 (N.D. Cal. May 27, 2021) ("Chevron alleges that ACTT failed to accurately report its work, but does not specify which of the reports . . . were incorrect, who signed those incorrect reports, nor the specifics of what was incorrect in the reports.").

In addition, Plaintiff fails to allege facts supporting JPMC's alleged scienter, his reasonable reliance, or what particular damages resulted from that reliance. (*See* Comp. ¶¶ 24-27, 34-37, 46, 51, 52.) Thus, Plaintiff has not adequately alleged the elements of his fraud-based claims either. *See Garcia v. GM LLC*, 2018 U.S. Dist. LEXIS 208129, *60-61 (E.D. Cal. Dec. 10, 2018) ("Plaintiffs did not plead with sufficient particularity GM's intent to defraud" or "facts elucidating GM's intent to defraud Plaintiffs through concealment or suppression of a material fact."); *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 913 (N.D. Cal. 2020) ("[T]o adequately plead reliance for alleged misrepresentations, Plaintiffs must satisfy Rule 9(b)'s heightened pleading standard and allege facts with particularity.").[10]

---

[10] Even if Rule 9(b) did not apply (it does), Plaintiff's claims still fail because they consist of boilerplate legal conclusions unsupported by plausible facts. *See Iqbal*, 556 U.S. at 678 (the court is "'not bound to accept as true a legal conclusion couched as a factual allegation'"); *Elkay Int'l Ltd. v. Color Image Apparel, Inc.*, 2015 U.S. Dist. LEXIS 200148, at *41-42 (C.D. Cal. Feb. 4, 2015) ("The allegation of false representations is too conclusory even to satisfy Rule 8's liberal pleading standard; it thus falls considerably short of alleging the circumstances constituting the fraud[.]"); *Rosen v. Commons*, 2021 U.S. Dist. LEXIS 145286, at *5 (C.D. Cal. Apr. 28, 2021) ("The Complaint's allegation that Egnatz was 'operating through' Chicago Analytic is conclusory and would not pass muster even under Rule 8's plausibility standard, let alone Rule 9(b)'s heightened pleading standard[.]").

**D.**  **Plaintiff's Concealment Claims Fail to Allege JPMC Had a Duty to Disclose.**

To allege fraudulent concealment, or fraudulent inducement based on concealment, Plaintiff also must allege facts showing JPMC had a duty to disclose the information it purportedly knew but omitted. *See Elizabeth M. Byrnes, Inc. v. Fountainhead Commer. Cap., LLC*, 2021 U.S. Dist. LEXIS 149146, at *6 (C.D. Cal. Aug. 6, 2021); *Garcia v. GM LLC*, 2019 U.S. Dist. LEXIS 41955, at *20 (E.D. Cal. Mar. 14, 2019).[11] He has not done so.

"Under California law, the duty to disclose arises under the following four circumstances: '(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.'" *Taragan v. Nissan N. Am., Inc.*, 2013 U.S. Dist. LEXIS 87148, at *19-20 (N.D. Cal. June 20, 2013) (citing *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997)).

Plaintiff alleges in one sentence that JPMC "had a duty to truthfully disclose all material facts regarding the Smartrac MEP Valuation and the Neology MEP Valuation to Mullis as administrators of the Smartrac MEP." (Comp. ¶ 33.) But he alleges no facts showing JPMC was an "administrator" or spoke with him about his partnership interest. (*Id.* ¶¶ 12-13, 18-19, 33.) He alleges no facts showing a fiduciary relationship. (*Id.* ¶¶ 9-21.) And he does not allege what material facts JPMC exclusively knew, actively concealed or suppressed through partial representations, or how JPMC purportedly did so. (*Id.* ¶¶ 31-39.) Thus, Plaintiff has not established a duty to disclose, and his concealment-based claims fail for this additional reason. *See Kelly v. Beazer Homes USA, Inc.*, 552 Fed. Appx. 666, 667 (9th Cir. 2014) (affirming dismissal of fraudulent concealment claim because plaintiff showed no duty to disclose).

---

[11] As explained below, negligent misrepresentation claims in California require a positive assertion rather than merely an omission. But even if Plaintiff attempted to characterize his negligent misrepresentation claim as based on suppression of a material fact, it would fail for lack of a duty to disclose as well. *See, e.g.*, *Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1136 (2010) (affirming dismissal of negligent misrepresentation claim based on purported suppression of material fact).

9

**E.** **Plaintiff Fails to Allege a Positive Assertion by JPMC to Support a Negligent Misrepresentation Claim.**

"A negligent misrepresentation claim 'requires a positive assertion,' not merely an omission." *See Lopez v. Nissan N. Am.*, 201 Cal. App. 4th 572, 596 (2011). Plaintiff does not identify any affirmative representation made by JPMC to him or specify what that representation purportedly was.[12] His negligent misrepresentation claim fails for this additional reason. *See Neptune Prods. v. Hartford Fire Ins. Co.*, 2022 U.S. Dist. LEXIS 179503, at *18-19 (C.D. Cal. Sept. 30, 2022) (dismissing negligent misrepresentation claim where "Plaintiff fail[ed] to allege any particular misrepresentation made by" defendants).

**F.** **Plaintiff's Penal Code Section 496 Claim Is Conclusory and Alleges No Theft.**

To state a claim for violation of California Penal Code section 496, Plaintiff must allege particularized facts showing: (1) his property was stolen or obtained in a manner constituting theft; (2) JPMC knew the property was so stolen or obtained; and (3) JPMC received or had possession of the stolen property. *See* Cal. Pen. Code § 496(a); *Motivo Eng'g, LLC v. Black Gold Farms*, 2023 U.S. Dist. LEXIS 54304, at *21 (C.D. Cal. Mar. 28, 2023). Again, Plaintiff alleges no facts to support the elements of his claim. He alleges no facts showing his property was stolen, JPMC's knowledge of his stolen property, or that JPMC received or possessed his stolen property. (Comp. ¶¶ 9-21, 48-54.) Plaintiff does not even specify what property was supposedly stolen, or how JPMC possessed it. (*Id.*) Plaintiff's section 496 claim is deficient for these additional reasons and should be dismissed.

## IV. CONCLUSION

Plaintiff's claims are time-barred and conclusory. He has not alleged facts stating any plausible claim against JPMC, let alone satisfied the rigorous Rule 9(b) standard. If Plaintiff's claims are not compelled to arbitration (they should be), JPMC respectfully requests that the Complaint be dismissed in its entirety, without leave to amend.

---

[12] Plaintiff alleges JPMC "represented to [him] that certain facts concerning the Smartrac MEP Valuation and the Neology MEP Valuation were true," but he does not allege what those "certain facts" supposedly were or who at JPMC represented them. (Comp. ¶ 42.)

23-cv-2106-LAB-BGS

Respectfully submitted,

Dated: January 5, 2024

**GREENBERG TRAURIG, LLP**

By: */s/ Michael E. McCarthy*
Michael E. McCarthy
Email: mccarthyme@gtlaw.com
Layal L. Bishara
Email: bisharal@gtlaw.com
*Attorneys for Defendant JPMorgan Chase & Co.*

11

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

JOSEPH N. MULLIS, an individual,        **Plaintiff,**

v.

J.P. MORGAN CHASE & CO., a Delaware corporation;
and DOES 1 to 20, inclusive,
                                        **Defendant.**

**Case No.** 3:23-cv-02106-LAB-BGS

# PRO HAC VICE APPLICATION

Joseph N. Mullis

Party Represented

---

I, ___Kevin P. Potere___ hereby petition the above entitled court to permit me
        (Applicant)

to appear and participate in this case and in support of petition state:

My firm name: Skiermont Derby LLP

Street address: 1601 Elm Street, Suite 4400

City, State, ZIP: Dallas, Texas 75201

Phone number: (214) 978-6600

Email: kpotere@skiermontderby.com

That on ___07/15/2016___ I was admitted to practice before ___Texas Supreme Court___
    (Date)                                               (Name of Court)

and am currently in good standing and eligible to practice in said court,

that I am not currently suspended or disbarred in any other court, and

that I  ☐ have)  ☒ have not)  concurrently or within the year preceding this application made
any pro hac vice application to this court.

**(If previous application made, complete the following)**

Title of case _____

Case Number _____  Date of Application _____

Application:  ☐ Granted  ☐ Denied

I declare under penalty of perjury that the foregoing is true and correct.

(Signature of Applicant)

---

## DESIGNATION OF LOCAL COUNSEL

I hereby designate the below named as associate local counsel.

Mane Sardaryan                          (213) 788-4500

(Name)                                  (Telephone)

Skiermont Derby LLP

(Firm)

633 West 5th Street, Suite 5800         Los Angeles           90071

(Street)                                (City)                (Zip code)

(Signature of Applicant)

I hereby consent to the above designation.

M. Sardaryan

(Signature of Designee Attorney)

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

JOSEPH N. MULLIS, an individual,

**Plaintiff,**

V.

J.P. MORGAN CHASE & CO., a Delaware corporation; and DOES 1 to 20, inclusive,

**Defendant.**

**Case No.**  3:23-cv-02106-LAB-BGS

## PRO HAC VICE APPLICATION

Joseph N. Mullis
Party Represented

I, Kevin P. Potere hereby petition the above entitled court to permit me

(Applicant)

to appear and participate in this case and in support of petition state:

My firm name: Skiermont Derby LLP

Street address: 1601 Elm Street, Suite 4400

City, State, ZIP: Dallas, Texas 75201

Phone number: (214) 978-6600

Email: kpotere@skiermontderby.com

That on 07/15/2016   I was admitted to practice before   Texas Supreme Court

(Date)                                                                        (Name of Court)

and am currently in good standing and eligible to practice in said court,

that I am not currently suspended or disbarred in any other court, and

that I   ☐ have)   ☒ have not)   concurrently or within the year preceding this application made any pro hac vice application to this court.

**(If previous application made, complete the following)**

Title of case

Case Number                                                      Date of Application

Application:   ☐ Granted   ☐ Denied

I declare under penalty of perjury that the foregoing is tr___ _nd correct.

(Signature of Applicant)

## DESIGNATION OF LOCAL COUNSEL

I hereby designate the below named as associate local counsel.

Mane Sardaryan                                      (213) 788-4500

(Name)                                                        (Telephone)

Skiermont Derby LLP

(Firm)

633 West 5th Street, Suite 5800          Los Angeles                90071

(Street)                                                      (City)                          (Zip code)

(Signature of Applicant)

I hereby consent to the above designation.

M. Sardaryn

(Signature of Designee Attorney)

**Pro Hac Vice** (For this one particular occasion)

An attorney who is not a member of the California State Bar, but who is a member in good standing of, and eligible to practice before, the bar of any United States court or of the highest court of any State or of any Territory or Insular possession of the United States, who is of good moral character, and who has been retained to appear in this Court, be permitted to appear and participate in a particular case. An attorney is not eligible to practice pursuant to this paragraph if any one or more of the following apply to him/her: (1) he/she resides in California, (2) he/she is regularly employed in California, or (3) he/she is regularly engaged in business, professional, or other activities in California.

The pro hac vice application shall be presented to the Clerk and shall state under penalty of perjury (1) the attorney's residence and office address, (2) by what court he/she has been admitted to practice and the date of admission, he/she is in good standing and eligible to practice in said court, (4) that he/she is not currently suspended or disbarred in any other court, and (5) if he/she has concurrently or within the year preceding his/her current application made any pro hac vice application to this court, the title and the case number of each matter wherein he made application, the date of application, and whether or not his/her application was granted. He/She shall also designate in his application a member of the bar of this Court with whom the Court and opposing counsel may readily communicate regarding the conduct of the case and upon whom papers shall be served. He/She shall file with such application the address, telephone number and written consent of such designee.

<u>Fee:</u> $213.00

**If application and fee require submission via U.S. Mail, please contact:**

> CASD Attorney Admissions Clerk
> (619) 557-5329

The pro hac vice application for Kevin P. Potere representing pla Joseph N. Mullis is hereby:

☐ APPROVED for filing          ☒ DENIED*

Date. 1/11/2024          It is so ordered. *Lamy A. Burns*

                              Honorable Larry Alan Burns

* Designated counsel's address, 633 West 5th Street, Suite 5800, Los Angeles, California 90071, is located approximately 122 miles from the courthouse in San Diego. Designated counsel is not "local." *See* CivLR 83.3(c)(5).