UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH N. MULLIS,<br><br>    Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE & CO., DOES 1 TO 20, NEOLOGY INC., FRANCISCO MARTINEZ DE VELASCO, AVERY DENNISON CORP., and RICK SMITH,<br><br>    Defendants. | Case No.:  3:24-cv-01334-JES-MSB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>**[ECF No. 10]** |

    Plaintiff Jospeh Mullis ("Plaintiff") brings the instant action against Defendants J.P. Morgan & Chase Co. ("JPMC"), Neology Inc. ("Neology"), Francisco Martinez De Velasco ("Velasco"), Avery Dennison Corp. ("Avery"), and Rick Smith ("Smith") (collectively, "Defendants"). Following removal by Neology, Plaintiff moves to remand the case back to state court arguing: (1) removal was procedurally defective, and (2) the Court lacks subject matter jurisdiction under the New York Convention, 9 U.S.C. § 205 ("the Convention" or "Section 205"). For the reasons stated herein, Plaintiff's Motion to Remand is **DENIED**.

# I. BACKGROUND

## A. Factual Background

Plaintiff began working at Neology in 2003. ECF No. 1-6, Ex. C-2, First Am. Compl. ("FAC") ¶ 15. In August 2010, JPMC, through its then private equity arm One Equity Partners ("OEP"), acquired a majority interest in Smartrac. *Id.* ¶ 17. The year after, Smartrac acquired a majority interest in Neology. *Id.* ¶ 19.

Following Smartrac's purchase of Neology, Plaintiff, on June 12, 2012, received a letter from Phillip von Meurers ("Meurers"), Director of OEP, and Defendant Velasco of Neology, promising Plaintiff future ability to participate in the Smartrac Management Equity Program ("Smartrac MEP"). ECF No. 10-1 at 7; FAC ¶ 20. Plaintiff alleges that based on this letter, he decided to stay at Neology rather than seeking new employment following Smartrac's acquisition of Neology.[1] ECF No. 10-4 ¶ 4. In May 2014, Plaintiff was formally invited to participate in the Smartrac MEP. FAC ¶ 25.

To participate in Smartrac MEP, JPMC loaned Plaintiff €50,000, to be used by Smartrac as payment for Plaintiff's interest in the Smartrac MEP. *Id.* ¶ 26. Defendants allege that Smartrac MEP was actually OEP Technologie Beteteiligungs GbR ("OEP GbR"), a civil law partnership organized under the laws of Germany. ECF No. 22 at 4; ECF No. 1-2, Ex. A. ("Harmzen Decl.") ¶¶ 7-9. Moreover, Defendants allege that JPMC did not enter into any loan agreements with Plaintiff for his investment, and instead, Plaintiff's agreements were between himself, as borrower, and OEP Holding as lender. ECF No. 22 at 4. In 2014, OEP Holding and Plaintiff entered into a Sale and Transfer Agreement ("Sale Agreement"), by which OEP Holding sold, and Plaintiff purchased, a "Partial Partnership Interest" in OEP GbR for the total purchase price of €50,000 to fund

---

[1] This allegation, for the first time, is mentioned in Plaintiff's declaration supporting his Motion to Remand. *See* ECF No. 10-4 ¶ 3.

the purchase. *Id.* Through a contemporaneous "Loan Agreement," OEP Holding, not JPMC, loaned Plaintiff the €50,000 to fund the purchase. *Id.*

In or about September 2017, Smartrac sold Neology. FAC ¶ 29. Plaintiff alleges that he was informed through email from Director Meurers that his "investment in the Smartrac MEP had a value of $0[.]" *Id.* ¶ 32. Plaintiff then entered into a Sale and Transfer and Loan Termination Agreement ("Termination Agreement"), by which he sold his interest in OEP GbR back to OEP Holding, and OEP Holding terminated the unrepaid loan of €50,000 that Plaintiff used to buy his interest initially. Harmzen Decl. ¶ 10, Ex. 3. (The Sale Agreement, the Loan Agreement and the Termination Agreement are referred to collectively as the "Mullis/OEP Agreements.").

Plaintiff alleges that Defendants transferred valuable intellectual property from Neology to Smartrac in order to devalue Neology at the time of sale. FAC ¶ 30. Moreover, Plaintiff alleges that Defendants conspired with Smartrac to defraud Plaintiff and prevent him from obtaining the true value of his interest in Smartrac MEP. *Id.* ¶ 158. Thus, Plaintiff alleges that he was coerced into releasing his investment in OEP GrB, for which he now seeks damages through this lawsuit. *Id.* ¶¶ 38, 59, 63, 156, 165.

In March 2020, Defendant Avery purchased Smartrac. *Id.* ¶ 39. In September 2022, Plaintiff was terminated from his position at Neology after inquiring about the status of his interest in a separate Management Equity Program offered directly with Neology ("the Neology MEP"). *Id.* ¶ 40. Shortly after, Plaintiff was informed that his interest in the Neology MEP had zero value. *Id.* ¶ 42. Plaintiff alleges that the same pattern of fraudulent behavior by which he was denied compensation for his interest in Neology MEP also occurred earlier when he was denied compensation for his interest in Smartrac MEP. *Id.*

**B.      Procedural Background**

Plaintiff filed the instant lawsuit against Defendant JPMC in San Diego Superior Court alleging four state law causes of action. ECF No. 1-3 at 3-9. Defendant JPMC then removed the case to this Court on diversity grounds. ECF No. 1-5 (Related Case No. 3:23-cv-02106-JES-MSB ("Related Case")). Defendant JPMC subsequently moved to dismiss

Plaintiff's complaint. *Id.* at 63-132. In lieu of opposing this motion, Plaintiff amended his complaint, adding four new defendants and fourteen new causes of action. *See* FAC.

On February 2, 2024, Plaintiff moved to remand the Related Case, arguing that the FAC destroyed diversity jurisdiction. ECF No. 1-5 at 92-104. On July 24, 2024, the Court granted Plaintiff's motion to remand, finding that diversity was destroyed because Plaintiff's FAC added Neology, a California entity. ECF No. 1-8 at 142-149. The Court declined to decide whether the Convention provided a separate basis for jurisdiction. *Id.* at 149.

On July 28, 2024, Neology, which was first added and served through the FAC in federal court, removed the case back to this Court under the Convention. ECF No. 1.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). In a case originally brought in state court, a defendant may remove the action to federal court if there is federal subject matter jurisdiction. 28 U.S.C. § 1441(a). A case shall be remanded to state court at any time before final judgment if it appears a removing court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). In light of the "strong presumption against removal jurisdiction," a defendant "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). Federal courts "strictly construe the removal statute against removal jurisdiction," *id.*, and "[w]here doubt regarding the right to removal exists, a case should be remanded to state court," *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1447(c).

For cases removed under the Convention, district courts are granted "remarkably broad removal authority." *Infuturia Global Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1138 n.5 (9th Cir. 2011) (citing *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002) ("[E]asy removal is exactly what Congress intended in § 205.")). Section 205 is triggered by "just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense." *Id.* at 1138 (citing *Beiser*, 284 F.3d at 669).

1  "'[W]henever an arbitration agreement falling under the Convention could *conceivably*
2  affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit.'"
3  *Infuturia Global Ltd.*, 631 F.3d at 1137-39 (quoting *Beiser*, 284 F.3d at 669). Despite the
4  broad removal authority under Section 205, "the removing party continues to bear the
5  burden of establishing federal jurisdiction." *Freaner v. Valle*, No. 11CV1819, 2011 WL
6  5596919, at *2 (S.D. Cal. Nov. 17, 2011).

### III.  DISCUSSION

Plaintiff moves to remand on the following bases: (1) JPMC, because it previously removed solely on lack of diversity jurisdiction, waived its right to removal on any other basis, including Section 205, and (2) Defendants lack subject matter jurisdiction under the Convention.

### A.  *Waiver*

Plaintiff argues that, to survive a motion to remand, all Defendants must have consented to removal. ECF No. 10-1 at 10-11. Defendants, however, argue that consent is not required for removal under Section 205. Plaintiff's consent argument relies on the text of the removal statute, which states, "When a civil action is removed *solely* under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). However, Neology, removed this action under 9 U.S.C. §§ 205 and 203, as well as 28 U.S.C. §§ 1331, 1367, 1441, and 1446. ECF No. 1 at 2. In other words, "'because removal in this case was effectuated under 9 U.S.C. § 205, the traditional diversity removal provisions of 28 U.S.C. § 1441 do not apply.'" *Acab v. Chenrosa LLC*, No. 3:23-cv-00994-BEN-AHG, 2024 WL 1283819, at *3 (S.D. Cal. Mar. 26, 2024) (quoting *Infuturia Global Ltd.*, 631 F.3d at 1137). Thus, Plaintiff's consent argument under § 1446 fails.

Moreover, waiver of removal rights under Section 205 differs from traditional removal under 28 U.S.C. § 1446 in terms of timing and analysis. *Assad v. Josefsson*, No. CV 18-2470 PSG (JPRx), 2018 WL 3046958, at *7 (C.D. Cal. June 19, 2019). Courts have held that "[w]hen removal is based on the Convention ... there is a strong preference for a

federal forum," though "a party can waive its right of removal by agreeing to a contractual clause that gives a clear and unequivocal waiver of that right." *Id.* (collecting cases). A party may clearly and unequivocally waive its removal rights by (1) explicitly stating that it is doing so, (2) allowing the other party the right to choose venue, or (3) by establishing an exclusive venue within the contract. *Id.*

Plaintiff argues that JPMC's written notice of removal, which was based solely on § 1441(a), shows a clear and unequivocal waiver because JPMC could have based removal on Section 205. ECF No. 24 at 6. Plaintiff cites JPMC's original notice of removal, which stated, "[t]his Notice of Removal is filed subject to and without waiver that JPMC is not a proper party to this action or of any rights to seek *mandatory arbitration* of this dispute." *Id.* at 7. Plaintiff, therefore, argues that JPMC had sufficient information to remove based on Section 205 at the time of filing the notice of removal but failed to do so. *Id*

Plaintiff is misguided. JPMC's written notice of removal does not amount to the explicit language required to indicate waiver of its removal rights, and none of its actions fall into the latter two categories. Accordingly, the Court finds that JPMC did not waive its removal rights.

### B.   *Subject Matter Jurisdiction*

As a preliminary matter, Plaintiff challenges removal under the Convention on the basis that Defendants, as nonsignatories, cannot enforce the arbitration provisions in the Mullis/OEP Agreements. ECF No. 10-1 at 10. Section 205, however, provides federal courts "remarkably broad removal authority," which only requires a non-frivolous assertion that the arbitration agreement may "conceivably affect the outcome of the plaintiff's case." *Infuturia Global Ltd.*, 631 F.3d at 1138 n.5, 1138-39. The fact that the claims at issue are asserted against nonsignatories does not, in and of itself, preclude the Court from finding that those claims are related to the Mullis/OEP Agreements for purposes of removal under Section 205. *Id.* at 1138-39. Because the parties do not dispute that the Mullis/OEP Agreements fall under the Convention as required by Section 205, the

only remaining question is whether the instant litigation "relates to" the Mullis/OEP Agreements.

When an arbitration provision states that it covers disputes "arising in connection with" the parties' agreement, a dispute is covered if its underlying facts "touch matters" covered by the agreement. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999). This is so regardless of the label of the cause of action or how it is styled. *Id.*; *Jackson v. Amazon.com*, 65 F.4th 1093, 1102 (9th Cir. 2023). Doubts about whether this standard is met are to be resolved in favor of arbitrability. *Simula*, 175 F.3d at 721.

The Mullis/OEP Agreements contain broad arbitration provisions requiring all disputes arising out of or in connection with the agreements to be arbitrated in Germany. Harmzen Decl., Ex. 1 § 5.2; Ex. 2 § 6.5; Ex. 3 § 5.3. Plaintiff's claims, at minimum, "touch matters" covered by the Mullis/OEP Agreements. Plaintiff alleges that Defendants misrepresented and concealed facts about his rights under the Mullis/OEP Agreements. FAC ¶¶ 158-161, 208-218, 288-298, 341-359. He alleges that Defendants induced him to release his investment via the Termination Agreement. *Id.* ¶¶ 241-268. Moreover, Plaintiff alleges that Defendants violated California Penal Code § 496 by taking money that should have been paid to him because of his investment, which was (1) governed by the Mullis/OEP Agreements, (2) obtained through the Sale Agreement and Loan Agreement, and (3) relinquished through the Termination agreement. *Id.* ¶¶ 82-90, 101-104. Plaintiff's claims, therefore, stem from the loss of his economic interest—an interest that flows from those agreements.

Plaintiff, however, argues that he does not have to rely on the Mullis/OEP Agreements to establish his claims. ECF No. 10-1 at 10. Plaintiff points to a June 12, 2012 letter sent from Smartrac and Neology, which promised Plaintiff participation in the Smartrac MEP at a future date. *Id.* Plaintiff alleges that this letter was used to induce him to continue his employment. *Id.* Because the letter fails to mention that participation is conditioned upon an agreement to arbitrate disputes in Germany, Plaintiff argues he can allege damages resulting from the June 12th letter alone. ECF No. 24 at 10.

As discussed above, Plaintiff's alleged damages are the monies he should have received for his interest in the Smartrac MEP. Plaintiff's interest was acquired through the Sale Agreement and Loan Agreement, and therefore the value of the interest is determined by the Sale Agreement and the incorporated OEP GbR partnership agreement. In turn, any determination of Plaintiff's rights or the value of his interest depends on the Mullis/OEP Agreements, and neither the validity of the claims nor Plaintiff's alleged damages can be determined without the Mullis/OEP Agreements. The June 12th letter, on the other hand, serves only as a precursor to the rights established by the Mullis/OEP Agreements, and, by itself, provides no rights for Plaintiff to base his claims upon.

Because the claims at issue in this case touch matters covered by the Mullis/OEP Agreements, they "relate to" the arbitration agreements, and because the agreements fall under the Convention, removal jurisdiction appears to be proper under Section 205. Accordingly, this Court finds that it has subject matter jurisdiction under the Convention.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, ECF No. 10, is **DENIED**.

**IT IS SO ORDERED**.

Dated:  December 5, 2024

Honorable James E. Simmons Jr.
United States District Judge