UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSPEH N. MULLIS,<br><br>                    Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE & CO., DOES 1 TO 2, NEOLOGY INC., FRANCISCO MARTINEZ DE VELASCO, AVERY DENNISON CORP., and RICK SMITH,<br><br>                    Defendants. | Case No.: 3:24-cv-01334-JES-MSB<br><br>**ORDER DENYING MOTION FOR LIMITED DISCOVERY**<br><br>**[ECF No. 36]** |

      Plaintiff Joseph Mullis ("Plaintiff") moves for limited discovery relevant to Defendants' pending Motion to Compel Arbitration. Plaintiff seeks three documents to support his claim that the arbitration provisions were the result of fraud. The following documents sought by Plaintiff relate to the 2017 corporate sale of Neology: (1) a capitalization table for Neology's standalone value at the time of Neology's sale to One Equity Partners ("OEP"); (2) a capitalization table for Smartrac inclusive of sale value of Neology at the time of the Neology sale to OEP; and (3) an alleged side agreement made between Smartrac's Christian Uhl and OEP's Joerg Zirener at the time of the Neology sale to OEP. ECF No. 36-1 at 6-7. Plaintiff argues that these documents are "key to

understanding whether the sale price to OEP was fair" and "essential for determining how Neology's sale was accounted for within Smartrac's overall valuation." *Id.* Moreover, he argues the documents "could reveal undisclosed financial arrangements, preferential treatment, or compensation that was not disclosed[,]" and thus, would provide "key evidence of fraud or self-dealing." *Id.*

Although the Federal Rules generally allow for broad discovery in civil actions, discovery in connection with a motion to compel arbitration is limited under the Federal Arbitration Act ("FAA"). The FAA provides for discovery in connection with a motion to compel arbitration only if "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (quoting 9 U.S.C. § 4). And the making of the arbitration agreement is in issue if the plaintiff alleges that the arbitration clause was fraudulently induced, that one party had overwhelming bargaining power, or that the agreement does not exist. *Granite Rock Co. v. Int'l Broth. of Teamsters,* 561 U.S. 287, 296-97 (2010); *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 445 (2006); *Nagrampa v. MailCoups, Inc.,* 469 F.3d 1257, 1269-70 (9th Cir. 2006) ("We must remain attuned to well-supported claims that the agreement to arbitrate resulted from the sort of fraud or overwhelming economic power that would provide grounds for the revocation of any contract.") (internal quotation marks omitted). "A plaintiff can support his request for discovery by suggesting what evidence he expects to derive from discovery and by suggesting circumstances that may raise doubt as to the formation of the agreement." *Hibler v. BCI Coca-Cola Bottling Co. of Los Angeles*, No. 11-CV-298 JLS (NLS), 2011 WL 4102224, at *1 (S.D. Cal. Sep. 14, 2011) (citing *Ameriprise Fin. Services, Inc. v. Etheredge,* 277 F. App'x. 447, 449–50 (5th Cir. 2008) and *Wolff v. Westwood Mgmt., LLC,* 558 F.3d 517, 521 (D.C. Cir. 2009) (affirming the district court's refusal to grant discovery in connection with a motion to compel arbitration because the appellants failed to demonstrate how the discovery would help oppose the motion)).

|   |   |
|---|---|
| 1 | The discovery sought by Plaintiff is not relevant to the formation of his multiple |
| 2 | arbitration agreements. Instead, Plaintiff appears to seek merits discovery to support this |
| 3 | allegation that his interest in the Smartrac Management Equity Program ("Smartrac MEP") |
| 4 | was intentionally undervalued. Plaintiff challenges the entire contract as being part of a |
| 5 | fraudulent scheme to deprive him of his loaned investment, but fails to challenge the |
| 6 | arbitration provisions in the Mullis/OEP Agreements as being fraudulent. Indeed, the |
| 7 | discovery sought concern documents created at the time of the Neology sale to OEP in |
| 8 | 2017, which is three years after he agreed to arbitration in the 2014 Sale Agreement and |
| 9 | 2014 Loan Agreement. ECF No. 37 at 8. |
| 10 | Because Plaintiff has not shown a genuine factual dispute over formation, nor any |
| 11 | applicable defense to arbitration, his motion seeks merits discovery that is irrelevant to the |
| 12 | limited inquires before the Court. *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 |
| 13 | F.3d 1126, 1131 (9th Cir. 2000) ("[The Court's] role is strictly limited to determining |
| 14 | arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any |
| 15 | defenses to the arbitrator."). Accordingly, Plaintiff's request for discovery is **DENIED**. |
| 16 | **IT IS SO ORDERED**. |
| 17 | |
| 18 | Dated: April 1, 2025 |
| | Honorable James E. Simmons Jr. |
| | United States District Judge |