Michael E. McCarthy (SBN 301010)
mccarthyme@gtlaw.com
Layal L. Bishara (SBN 329154)
bisharal@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: (310) 586-7700
Fax: (310) 586-7800
Attorneys for Defendants
JPMORGAN CHASE & CO. and RICK SMITH

*Additional Defendants and Counsel Listed on Signature Page*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH N. MULLIS, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>J.P. MORGAN CHASE & CO., a Delaware corporation; RICK SMITH, an individual; NEOLOGY INC., a Delaware corporation; FRANCISCO MARTINEZ DE VELASCO, an individual; AVERY DENNISON CORP., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No. 3:24-cv-01334-JES-MSB<br><br>(Related to Case No. 3:23-cv-02106)<br><br>Assigned to Hon. James E. Simmons, Jr.<br><br>**DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Hearing Date: April 23, 2025<br>Hearing Time: 10:00 a.m.<br>Courtroom: 4B |

# **TABLE OF CONTENTS**

I.     Introduction ........................................................................................................ 1

II.    Plaintiff Does Not Contest Contract Formation or Scope ........................................... 1

III.   Plaintiff Does Not Dispute that the New York Convention Applies ......................... 2

IV.    Plaintiff Fails to Show the Arbitration Agreements Were Obtained by Duress ........ 2

V.     Plaintiff Fails to Show Any Arbitration Agreement Procured by Fraud.................... 4

VI.    Plaintiff Fails to Establish Unconscionability, Which Is Inapplicable Anyway ........ 5

VII.   Defendants May Compel Arbitration under the Equitable Estoppel Doctrine .......... 9

VIII.  There Is No Dispute of Fact Necessitating a Trial .................................................. 10

IX.    Conclusion ........................................................................................................ 10

24-cv-01334

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Am. Chung Nam, LLC v. Mitsui O.S.K. Lines, Ltd.*,
    2023 U.S. Dist. LEXIS 227709 (C.D. Cal. Dec. 19, 2023) ............................ 9

*Ardente, Inc. v. Shanley*,
    2010 U.S. Dist. LEXIS 11674 (N.D. Cal. Feb. 9, 2010) ................................ 2

*Ashbey v. Archstone Prop. Mgmt., Inc.*,
    785 F.3d 1320 (9th Cir. 2015) ...................................................................... 2

*Baghdasarian v. Macy's Inc.*,
    2025 U.S. App. LEXIS 7838 (9th Cir. Apr. 3, 2025) ................................. 6, 7

*Bauer v. Atlantis Events, Inc.*,
    2014 U.S. Dist. LEXIS 206265 (C.D. Cal. Mar. 5, 2014) ............................. 7

*Changzhou AMEC E. Tools & Equip. CP., Ltd. v. E. Tools & Equip., Inc.*,
    2012 U.S. Dist. LEXIS 106967 (C.D. Cal. July 30, 2012) ............................ 4

*Chloe Z Fishing Co. v. Odyssey Re (London) Ltd.*,
    109 F. Supp. 2d 1236 (S.D. Cal. 2000) ........................................................ 6

*Christopher Assocs. v. Koh Young Tech., Inc.*,
    2011 U.S. Dist. LEXIS 164436 (C.D. Cal. July 27, 2011) ............................ 9

*Clark v. Beauty Sys. Grp.*,
    2019 U.S. Dist. LEXIS 170029 (C.D. Cal. Apr. 25, 2019) ............................ 4

*Crook v. Wyndham Vacation Ownership, Inc.*,
    2013 U.S. Dist. LEXIS 160705 (N.D. Cal. Nov. 7, 2013) ............................. 8

*Doctor's Assocs., Inc. v. Casarotto*,
    517 U.S. 681 (1996) ...................................................................................... 7

*Est. of Dadkhah v. City of San Diego*,
    2024 U.S. Dist. LEXIS 110989 (S.D. Cal. June 24, 2024) ............................ 2

*Franklin v. Cmty. Reg'l Med. Ctr.*,
    998 F.3d 867 (9th Cir. 2021) ........................................................................ 9

*GE Energy Power Conversion Fr. SAS, Corp. v. Outokumpu Stainless USA, LLC*,
    590 U.S. 432 (2020) ................................................................................................. 9

*Gopinath v. Somalogic, Inc.*,
    2023 U.S. Dist. LEXIS 209463 (S.D. Cal. Nov. 22, 2023) ............................... 5

*Herrera v. Cathay Pac. Airways Ltd.*,
    104 F.4th 702 (9th Cir. 2024) ............................................................................... 9

*Itkoff v. ABC Phones of N.C., Inc.*,
    2018 U.S. Dist. LEXIS 224509 (C.D. Cal. Oct. 11, 2018) ............................... 4

*Javier v. Carnival Corp.*,
    2010 U.S. Dist. LEXIS 95637 (S.D. Cal. Sep. 9, 2010) .................................... 6

*Klaehn v. Cali Bamboo, LLC*,
    2021 U.S. Dist. LEXIS 136603 (S.D. Cal. June 14, 2021) ............................. 10

*L'Garde, Inc. v. Raytheon Space & Airborne Sys.*,
    2013 U.S. Dist. LEXIS 199738 (C.D. Cal. Sep. 6, 2013) ................................. 5

*Martinez-Gonzalez v. Elkhorn Packing Co.*,
    2019 U.S. Dist. LEXIS 241263 (N.D. Cal. Mar. 11, 2019) ............................. 4

*Martinez-Gonzalez v. Elkhorn Packing Co. LLC*,
    25 F.4th 613 (9th Cir. 2022) ........................................................................ 2, 3, 4

*Mohebbi v. Khazen*,
    2014 U.S. Dist. LEXIS 168351 (N.D. Cal. Dec. 4, 2014) ............................... 4

*Molina v. Scandinavian Designs, Inc.*,
    2014 U.S. Dist. LEXIS 55863 (N.D. Cal. Apr. 21, 2014) ............................... 9

*Mousebelt Labs Pte. LTD v. Armstrong*,
    674 F. Supp. 3d 728 (N.D. Cal. 2023) ................................................................ 9

*Mullen Techs., Inc. v. Qiantu Motor (Suzhou) Ltd.*,
    2020 U.S. Dist. LEXIS 116323 (S.D. Cal. July 1, 2020) ................................. 8

*O'Dell v. Aya Healthcare, Inc.*,
    2023 U.S. Dist. LEXIS 73927 (S.D. Cal. Apr. 27, 2023) ............................... 10

*Oakberry SD UTC, Ltd. Liab. Co. v. Oakberry Acai, Inc.*,
    2024 U.S. Dist. LEXIS 127248 (S.D. Cal. July 18, 2024) ............................... 6

24-cv-01334

*Proctoru, Inc. v. TM3 Software GMBH*,
    2017 U.S. Dist. LEXIS 113859 (N.D. Ala. July 21, 2017) ............................................. 8

*Rogers v. Royal Caribbean Cruise Line*,
    547 F.3d 1148 (9th Cir. 2008) ..................................................................................... 6

*Sanchez v. Gruma Corp.*,
    2019 U.S. Dist. LEXIS 60885 (N.D. Cal. Apr. 9, 2019) ............................................. 8

*Seybert v. Chln, Inc.*,
    2021 U.S. Dist. LEXIS 46947 (S.D. Cal. Mar. 11, 2021) ....................................... 3, 4

*Simula v. Autoliv*,
    175 F.3d 716 (9th Cir. 1999) ................................................................................ 2, 3, 5

*Smith v. Spizzirri*,
    601 U.S. 472 (2024) ................................................................................................. 10

*Streedharan v. Stanley Indus. & Auto., LLC*,
    2024 U.S. App. LEXIS 192 (9th Cir. Jan. 4, 2024) ...................................................... 6

*Struthers v. UBS Fin. Servs.*,
    2009 U.S. Dist. LEXIS 38671 (S.D. Cal. May 7, 2009) ............................................. 3

*Tanis v. Sw. Airlines, Co.*,
    2019 U.S. Dist. LEXIS 38876 (S.D. Cal. Mar. 11, 2019) ........................................ 10

*Valentino S.P.A. v. Mario Valentino S.P.A.*,
    2021 U.S. Dist. LEXIS 253728 (C.D. Cal. Apr. 9, 2021) ........................................... 9

*Vazquez v. Tommy Bahama R&R Holdings, Inc.*,
    2023 U.S. Dist. LEXIS 212503 (S.D. Cal. Nov. 29, 2023) .......................................... 5

**State Cases**

*Dean Witter Reynolds v. Superior Court*,
    211 Cal. App. 3d 758 (1989) ...................................................................................... 7

*Intershop Commc'ns AG v. Superior Court*,
    104 Cal. App. 4th 191 (2002) ..................................................................................... 8

*Sanchez v. Valencia Holding Co., LLC*,
    61 Cal. 4th 899 (2015) ............................................................................................... 7

**Statutes**

9 U.S.C. § 3 .......................................................................................... 10

9 U.S.C. § 4 ..................................................................................... 1, 10

9 U.S.C. § 206 ...................................................................................... 10

**Rules**

German Arbitration Institute (DIS), DIS Arbitration Rules, Rule 28.2 ............................... 8

24-cv-01334

# I.    Introduction

Defendants' Joint Motion to Compel Arbitration (Dkt. 32) ("MTCA") showed that, between 2014 and 2018, Plaintiff assented to three virtually identical arbitration agreements in connection with a €50,000 loaned investment in a foreign partnership—OEP GbR, which Plaintiff calls the "Smartrac MEP." (MTCA at pp. 3-4.)[1] The MTCA also showed that Defendants may compel arbitration under the equitable estoppel doctrine. (*Id.* at pp. 11-15.) Plaintiff does not dispute the *facts* proving the agreements. He does not contest contract formation. Nor does he contest that his claims are covered by the arbitration agreements' broad scope. Instead, he tries to evade arbitration with unsupported enforceability challenges and (mis)characterizations of his claims that the Court already rejected. Plaintiff makes <u>four</u> arguments to try to evade arbitration, each of which lacks merit.

**First**, Plaintiff claims he signed the Mullis/OEP Agreements under economic duress. (Dkt. 40 ("Opp.") at pp. 1, 7-8.) But this claim is for the arbitrator and, in any event, Plaintiff submits no evidence establishing duress. (Section IV, *infra*.)

**Second**, Plaintiff insists that the arbitration agreements are "unenforceable due to fraudulent omission." (Opp. at pp. 1, 9-10.) But he shows nothing omitted or fraudulent about the arbitration agreements on the face of the contracts he signed. (Section V, *infra*.)

**Third**, Plaintiff contends that the arbitration agreements are unconscionable. (Opp. at pp. 1, 10-15.) But the claim is both inapplicable and unsupported. (Section VI, *infra*.)

**Fourth**, Plaintiff says the equitable estoppel doctrine does not apply because his claims are purportedly based on a June 2012 introductory letter for the Smartrac MEP rather than the Mullis/OEP Agreements. (Opp. at pp. 1, 15-16.) But the Court already rejected this mischaracterization, and there are no new facts. (Section VII, *infra*.)

In sum, Plaintiff's arguments fail and confirm that the MTCA should be granted.

## II.    Plaintiff Does Not Contest Contract Formation or Scope

When considering whether to compel arbitration under the Federal Arbitration Act, a

---

[1] Defined terms refer to the same defined terms in the MTCA (Dkt. 32). Unless otherwise stated, all internal citations in quoted authorities are omitted.

24-cv-01334

court generally decides two issues: (1) whether there is an agreement to arbitrate; and (2) whether the agreement covers the dispute. *See Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). Defendants showed that both prongs are met. **First**, Defendants showed that, between 2014 and 2018, Plaintiff signed the Sale Agreement, Loan Agreement, and Termination Agreement, each of which includes a virtually identical arbitration agreement. (MTCA at pp. 3-4.) **Second**, Defendants showed that the broad arbitration agreements cover Plaintiff's claims, which directly "aris[e] out of" and are "connect[ed] with" the three Mullis/OEP Agreements. (*Id.* at pp. 9-11.)[2]

Plaintiff does not dispute or respond to either point. *See Ardente, Inc. v. Shanley*, 2010 U.S. Dist. LEXIS 11674, at *21 (N.D. Cal. Feb. 9, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence."). He does not contest that he reviewed and signed the Mullis/OEP Agreements. (*See* Opp. at p. 1.) He also does not contest that all claims alleged in the FAC are within the scope of the broad arbitration agreements. (*See id.* at pp. 1-16.) Thus, the Court should grant the MTCA.

### III.    Plaintiff Does Not Dispute that the New York Convention Applies

Defendants also showed that the Mullis/OEP Agreements are governed by the New York Convention because they: (1) include written agreements to arbitrate; (2) are commercial in nature; (3) require arbitration in Germany—a Convention signatory; and (4) involve a foreign signatory (as well as relation to a foreign state). (*See* MTCA at pp. 7-9.) Once again, Plaintiff contests none of the points and thus concedes all of them. *See Est. of Dadkhah v. City of San Diego*, 2024 U.S. Dist. LEXIS 110989, at *27 (S.D. Cal. June 24, 2024) ("Plaintiffs' failure to respond . . . means Plaintiffs concede the issue[.]").

### IV.    Plaintiff Fails to Show the Arbitration Agreements Were Obtained by Duress

Because Plaintiff cannot contest formation or scope, he retreats to enforceability defenses like economic duress (Opp. at pp. 7-8), for which he "bears the burden" of proof. *Martinez-Gonzalez v. Elkhorn Packing Co. LLC*, 25 F.4th 613, 620 (9th Cir. 2022). But his

---

[2] *See Simula v. Autoliv*, 175 F.3d 716, 721 (9th Cir. 1999) (interpreting language "arising in connection with" broadly to reach all disputes with "significant relationship" to contract).

duress claim fails for three separate reasons: (1) the claim is for the arbitrator; (2) Plaintiff submits no evidence showing duress; and (3) duress is a "last resort" doctrine that does not apply where a party can "vindicate his interests in arbitration[,]" as Plaintiff can. *Id.* at 625.

**First**, "economic duress of the [contracts] as a whole, such as [Plaintiff is] asserting" in his opposition, is a question "for the arbitrator." *Simula*, 175 F.3d at 726. Plaintiff says he signed the Sale Agreement, Loan Agreement, and Termination Agreement under duress. (Opp. at p. 8.) But besides being unsupported, his duress allegations "are not specifically directed at the arbitration clause[s]" in the Mullis/OEP Agreements. *See Struthers v. UBS Fin. Servs.*, 2009 U.S. Dist. LEXIS 38671, at *10 (S.D. Cal. May 7, 2009). Thus, as "[t]he Ninth Circuit has held[,]" the duress claim is "for the arbitrator[,]" not the Court. *Id.* (citing *Simula*, 175 F.3d at 726).

**Second**, even if his economic duress claim were for the Court (it is not), Plaintiff provides no evidence establishing duress. To prove duress, the party resisting arbitration must show the other party committed a "sufficiently coercive" "wrongful act" causing a "reasonably prudent person with no reasonable alternative to succumb to the perpetrator's pressure." *See Seybert v. Chln, Inc.*, 2021 U.S. Dist. LEXIS 46947, at *9-10 (S.D. Cal. Mar. 11, 2021). Plaintiff shows nothing of the sort. He says he "*felt* at the time" of signing the Sale Agreement and Loan Agreement that he "did not have a choice[.]" (Dkt. 40-1 at ¶ 9 (emphasis added).) He also says he "*saw* no choice" but to sign the Termination Agreement for "fear" he could be fired. (*Id.* at ¶¶ 16-17 (emphasis added).) But aside from these conclusory, speculative statements, Plaintiff offers no evidence that his employment with Neology hinged on his investment in OEP GbR *at all*. There is no evidence that Plaintiff needed to invest in OEP GbR any more than he needed to invest in the stock market or some other investment vehicle. Nor is there evidence of any wrongful act that deprived Plaintiff of his free will when deciding whether to sign the three separate Mullis/OEP Agreements. *See Martinez-Gonzalez*, 25 F.4th at 621 ("'[W]rongful acts for economic duress . . . are limited to actions that 'make a mockery of freedom of contract and undermine the proper functioning of our economic system[.]'").

24-cv-01334

Courts routinely reject flimsy duress arguments like Plaintiff's here. *See id.* at 623-24 (explaining that "speculation about unfavorable outcomes cannot show economic duress"); *Seybert*, 2021 U.S. Dist. LEXIS 46947, at *10 (rejecting conclusory claim that plaintiff was "forced to sign" an arbitration agreement "to keep her job"); *Clark v. Beauty Sys. Grp.*, 2019 U.S. Dist. LEXIS 170029, at *10-11 (C.D. Cal. Apr. 25, 2019) (similar); *Itkoff v. ABC Phones of N.C., Inc.*, 2018 U.S. Dist. LEXIS 224509, at *14-15 (C.D. Cal. Oct. 11, 2018) (finding plaintiff failed to show a lack of alternatives because he supplied no evidence about his economic circumstances). Plaintiff's own authorities also undercut his claim and show that his conclusory statements do not come close to establishing duress.[3]

**Third**, the "economic duress doctrine is employed 'reluctant[ly]' and 'only in limited circumstances.'" *Martinez-Gonzalez*, 25 F.4th at 625. The doctrine is a "last resort" and thus does not apply where a party can "vindicate his interests in arbitration." *Id.* Defendants showed that the arbitration agreements are not "incapable of being performed" (MTCA at pp. 15-16), and Plaintiff does not dispute the point (Opp. at pp. 1-16). Thus, for a third reason, the paper-thin duress claim does not allow Plaintiff to evade arbitration.

## V. Plaintiff Fails to Show Any Arbitration Agreement Procured By Fraud

Plaintiff also argues that the conspicuous arbitration clauses in the Mullis/OEP Agreements were purportedly "the result of fraud." (Opp. at pp. 9-10.) But the argument is illogical and disregards Plaintiff's admissions, the record, and the Court's prior findings.

Plaintiff concedes that he signed the three separate Mullis/OEP Agreements over a four-year period. (*Id.* at p. 1.) Nothing about the arbitration clauses on the face of the contracts was "purposefully hid[den]" from him. *See Mohebbi v. Khazen*, 2014 U.S. Dist. LEXIS 168351, at *14-18 (N.D. Cal. Dec. 4, 2014). Nor is there evidence of *any*

---

[3] Plaintiff cites *Martinez-Gonzalez v. Elkhorn Packing Co.*, 2019 U.S. Dist. LEXIS 241263 (N.D. Cal. Mar. 11, 2019). But the Ninth Circuit reversed the district court's duress finding in that case because the evidence (which was far stronger than Plaintiff's here) fell short. *See Martinez-Gonzalez*, 25 F.4th at 620-25. Plaintiff also cites *Changzhou AMEC E. Tools & Equip. CP., Ltd. v. E. Tools & Equip., Inc.*, 2012 U.S. Dist. LEXIS 106967 (C.D. Cal. July 30, 2012). But there, a party was forced to sign an agreement or face arrest and detention in Chinese prison. *Id.* at *49-50. Plaintiff shows nothing remotely similar.

24-cv-01334

misrepresentation about the nature of the contracts, reliance on such a misrepresentation, or deprivation of a reasonable opportunity to learn the contract terms. *See Vazquez v. Tommy Bahama R&R Holdings, Inc.*, 2023 U.S. Dist. LEXIS 212503, at *9 (S.D. Cal. Nov. 29, 2023) (Simmons, J.) (articulating fraud in the execution elements). Thus, having assented to arbitration in clear contracts on three occasions, Plaintiff cannot credibly claim fraud.

Plaintiff's bald contention that the June 2012 introductory letter was "intended to trick" him similarly fails. (Opp. at pp. 9-10.) The Court already held that the letter "serve[d] only as a precursor to the rights established by the Mullis/OEP Agreements, and, by itself, provide[d] no rights for Plaintiff[.]" (Dkt. 26 at p. 8.) Indeed, the letter stated that the "detail[s]" of the program would be developed and shared later. (*See* Dkt. 40-2.) Thus, the letter does not—and, as a matter of law, cannot—show that three subsequent arbitration agreements (signed between 2014 and 2018) were all obtained by "fraud." *See Gopinath v. Somalogic, Inc.*, 2023 U.S. Dist. LEXIS 209463, at *11-12 (S.D. Cal. Nov. 22, 2023) ("[I]t is simply not reasonable—as a matter of law—for a party to rely on representations that contradict the terms of a written agreement."); *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 2013 U.S. Dist. LEXIS 199738, at *50-51 (C.D. Cal. Sep. 6, 2013) ("[T]here cannot be justifiable reliance where a plaintiff claims to have relied upon a promise or representation which is wholly inconsistent with an express term of the contract[.]").[4]

In sum, Plaintiff offers literally no evidence of fraud directed to the specific arbitration clauses in the Mullis/OEP Agreements, and any claims of purported fraud as to the contracts as a whole are for the arbitrator to decide. *See Simula*, 175 F.3d at 726.

## VI.    **Plaintiff Fails to Establish Unconscionability, Which Is Inapplicable Anyway**

Under the New York Convention, only "internationally recognized contract formation defenses" may be invoked to challenge an arbitration agreement as "null and void." (*See* MTCA at p. 15.) Ignoring this, Plaintiff makes an unconscionability challenge under

---

[4] Plaintiff also claims that the "purpose" of "forcing" him to arbitrate is "limited discovery" under German arbitration procedures. (Opp. at pp. 9-10.) But as explained below, this is unsupported and ignores that Plaintiff bought into a German partnership. (Section VI, *infra*.)

California state law. (Opp. at pp. 10-15.) The challenge is premature and inapplicable. As the Hon. Roger Benitez recently explained in *Oakberry SD UTC, Ltd. Liab. Co. v. Oakberry Acai, Inc.*, 2024 U.S. Dist. LEXIS 127248 (S.D. Cal. July 18, 2024):

> At the present arbitration-enforcement stage, the only defenses to arbitration [under the New York Convention] are that the arbitration agreement is null and void, inoperative or incapable of being performed. . . . The null-and-void clause encompasses only those defenses . . . that can be applied neutrally before international tribunals. . . . Defenses that the arbitration agreement is unconscionable or that public policy defeats the agreement are **premature and not available** at this setting.

*Oakberry*, 2024 U.S. Dist. LEXIS 127248, at *12-13 (internal quotation omitted) (emphasis added); *Chloe Z Fishing Co. v. Odyssey Re (London) Ltd.*, 109 F. Supp. 2d 1236, 1258-59 (S.D. Cal. 2000) (explaining that unconscionability is not an "internationally recognized" defense that can render an agreement "null and void" under Article II(3) of the New York Convention).[5]

   As in *Oakberry* and *Chloe Z Fishing*, Plaintiff's unconscionability challenge is premature and inapplicable, and it fails for this reason alone. Even if the challenge could be considered (it cannot), Plaintiff still fails to prove it. *See Streedharan v. Stanley Indus. & Auto., LLC*, 2024 U.S. App. LEXIS 192, at *7 (9th Cir. Jan. 4, 2024) ("[T]he burden to prove unconscionability" is on the party claiming it). In California, a contract must be both procedurally and substantively unconscionable to be invalid. *Baghdasarian v. Macy's Inc.*, 2025 U.S. App. LEXIS 7838, at *3-5 (9th Cir. Apr. 3, 2025). Unconscionability is analyzed on a sliding scale such that, if there is minimal procedural unconscionability, there must be

---

[5] The Opposition's authorities are not to the contrary. Plaintiff cites *Javier v. Carnival Corp.*, 2010 U.S. Dist. LEXIS 95637 (S.D. Cal. Sep. 9, 2010). But as *Javier* explained, the Convention "recognizes a narrower range of contract defenses than domestic law." *Id.* at *33. Plaintiff also cites *Rogers v. Royal Caribbean Cruise Line*, 547 F.3d 1148 (9th Cir. 2008). But *Rogers* did not find that unconscionability is a valid enforcement defense under the Convention. Rather, *Rogers* questioned whether unconscionability could render an arbitration agreement "null and void" under Article II(3) but found, "[e]ven assuming that" it could, the plaintiffs failed to carry their burden. *Id.* at 1158.

24-cv-01334

"significant substantive unconscionability" to find an agreement unenforceable. *Id.*

As to procedural unconscionability, Plaintiff argues that the Mullis/OEP Agreements are "oppressive" because they purportedly were offered on a "take-it-or-leave-it basis." (Opp. at pp. 12-13.) But Plaintiff provides no evidence of this besides a conclusory statement (Dkt. 40-1 at ¶ 9), and he fails to show a lack of investment alternatives. *See Dean Witter Reynolds v. Superior Court*, 211 Cal. App. 3d 758, 769-771 (1989) ("[T]he existence of reasonably available market alternatives defeats a claim of adhesiveness."). For example, there is no evidence that Plaintiff's decision to invest in OEP GbR in 2014 was anything but voluntary, that he was required to invest in OEP GbR to remain a Neology employee, or that he could not have pursued all kinds of other investments. *See Bauer v. Atlantis Events, Inc.*, 2014 U.S. Dist. LEXIS 206265, at *5 (C.D. Cal. Mar. 5, 2014) ("In fact, Plaintiffs were far from choiceless."). Likewise, there is no evidence that Plaintiff was required to borrow €50,000 from OEP Holding to purchase the investment, or even that he had to repay the loan when re-selling the investment back to OEP Holding in 2018. (Harmzen Decl. Ex. 3 at § 2.3 ("[T]he Loan is fully discharged.").) Thus, Plaintiff has shown nothing oppressive or unconscionable. *See Dean Witter Reynolds*, 211 Cal. App. 3d at 767.

Plaintiff also claims there was "surprise" because the arbitration clause in the Sale Agreement was supposedly "hidden." (Opp. at pp. 13-14.) But this argument is baseless. The Sale Agreement is short, with terms spanning just over three pages. (*See* Harmzen Decl. Ex. 1.) The contract's text is all the same size. (*Id.*) The arbitration clause is not hard to find or understand. (*Id.*) And Plaintiff had to proceed past the arbitration clause to sign the contract. (*Id.*) Plaintiff's stale authorities also predate *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899 (2015), where the California Supreme Court held that there is "no obligation to highlight" an arbitration clause or "specifically call" the clause to a party's attention. *Id.* at 914.[6] Further, the Sale Agreement is just one of three contracts Plaintiff

---

[6] As *Sanchez* recognized, a state law imposing such an obligation would violate the Federal Arbitration Act. 61 Cal. 4th at 914; *accord Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996) (state law may not "condition[] the enforceability of arbitration agreements on compliance with a special notice requirement").

7

24-cv-01334

signed with virtually identical arbitration clauses, which undermines any surprise claim. *See Crook v. Wyndham Vacation Ownership, Inc.*, 2013 U.S. Dist. LEXIS 160705, at \*13 (N.D. Cal. Nov. 7, 2013) (finding oppression and surprise claims "unpersuasive" where plaintiffs entered multiple agreements with similar dispute resolution clauses).

Plaintiff shows no substantive unconscionability either. He argues it is unfair to make him arbitrate in Germany. But the forum "makes sense" because the contracts he repeatedly signed involve the purchase and sale of shares "in a German [partnership.]" *See Intershop Commc'ns AG v. Superior Court*, 104 Cal. App. 4th 191, 200-201 (2002) (finding no public policy violated by transferring case to Germany where plaintiff employee bought stock options in German parent company). Plaintiff provides no evidence showing he cannot arbitrate in Germany for any travel-based reason. *See Mullen Techs., Inc. v. Qiantu Motor (Suzhou) Ltd.*, 2020 U.S. Dist. LEXIS 116323, at \*9-10 (S.D. Cal. July 1, 2020) (rejecting argument that venue in Singapore was inconvenient because plaintiff consented to the venue by signing the contract). Nor does he show anything non-mutual or one-sided in the arbitration agreements. *See Sanchez v. Gruma Corp.*, 2019 U.S. Dist. LEXIS 60885, at \*14 (N.D. Cal. Apr. 9, 2019) ("There is no mutuality problem in the arbitration agreement[.]").

Finally, Plaintiff protests that German arbitration supposedly "does not [allow] parties to compel the production of documents." (Opp. at pp. 14-15.) But this contention is not supported by the DIS Rules that will govern the proceeding. Under DIS Rule 28.2, the arbitrator may "order any party to produce or make available any documents or electronically stored data."[7] Plaintiff ignores the Rules, and he fails to show that Defendants (rather than the foreign signatories to the Mullis/OEP Agreements) have any records he seeks in the first place. (Opp. at pp. 14-15.) Further, "even if Germany uses a more restrictive discovery process, no reason exists to conclude that the German system would prevent [Plaintiff] from proving [his] claims. Indeed, courts have rejected similar arguments made in challenges to arbitration clauses." *See Proctoru, Inc. v. TM3 Software GMBH*, 2017 U.S. Dist. LEXIS 113859, at \*4 (N.D. Ala. July 21, 2017).

---

[7] The DIS Rules are at https://www.disarb.org/en/tools/for-dis-proceedings/dis-rules.

24-cv-01334

In short, Plaintiff fails to show any substantive unconscionability, which is alone fatal to his challenge. *See Molina v. Scandinavian Designs, Inc.*, 2014 U.S. Dist. LEXIS 55863, at *30 (N.D. Cal. Apr. 21, 2014) (rejecting unconscionability claim because plaintiff "made no showing of substantive unconscionability"). Thus, the inapplicable challenge fails for yet another reason.

## VII.    Defendants May Compel Arbitration under the Equitable Estoppel Doctrine

The Supreme Court has held that parties may invoke the equitable estoppel doctrine under the New York Convention. *See GE Energy Power Conversion Fr. SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 445 (2020). Plaintiff does not dispute the point. (Opp. at p. 15.) Instead, he half-heartedly argues that equitable estoppel cannot apply to non-signatory defendants against signatory plaintiffs. (*Id.*) But that is wrong, and the Ninth Circuit has expressly stated it is wrong. *See Franklin v. Cmty. Reg'l Med. Ctr.*, 998 F.3d 867, 873 n.7 (9th Cir. 2021) "(In fact, it is no longer true that we have never applied equitable estoppel to compel arbitration of a plaintiff's claims against a non-signatory.").[8]

Courts in this Circuit also have repeatedly allowed non-signatory defendants to invoke equitable estoppel against signatory plaintiffs under the Convention. *See, e.g.*, *Mousebelt Labs Pte. LTD v. Armstrong*, 674 F. Supp. 3d 728, 741-742 (N.D. Cal. 2023) (applying equitable estoppel by non-signatory against signatory); *Valentino S.P.A. v. Mario Valentino S.P.A.*, 2021 U.S. Dist. LEXIS 253728, at *21-23 (C.D. Cal. Apr. 9, 2021) (similar); *Christopher Assocs. v. Koh Young Tech., Inc.*, 2011 U.S. Dist. LEXIS 164436, at *7-12 (C.D. Cal. July 27, 2011) (similar); *Am. Chung Nam, LLC v. Mitsui O.S.K. Lines, Ltd.*, 2023 U.S. Dist. LEXIS 227709, at *21-22 (C.D. Cal. Dec. 19, 2023) (similar).

The MTCA showed that equitable estoppel applies in this case for two independent reasons: (1) Plaintiff's claims and alleged injuries are intertwined with the Mullis/OEP Agreements; and (2) Plaintiff alleges collusive conduct between Defendants and signatory OEP Holding. (MTCA at pp. 12-15.) Plaintiff's only response is that his claims are

---

[8] *See also Herrera v. Cathay Pac. Airways Ltd.*, 104 F.4th 702, 707 (9th Cir. 2024) (agreeing a "nonsignatory" may "enforce an arbitration provision" under "equitable estoppel").

24-cv-01334

purportedly based on a June 2012 introductory letter for the investment program, rather than the Mullis/OEP Agreements. (Opp. at 16.) Again, the Court has already considered and rejected this argument, finding: (i) "any determination of Plaintiff's rights or the value of his interest depends on the Mullis/OEP Agreements[;]" (ii) "neither the validity of the claims nor Plaintiff's alleged damages can be determined without the Mullis/OEP Agreements[;]" and (iii) the 2012 letter "provides no rights for Plaintiff to base his claims upon." (Dkt. 26 at p. 8.) The Opposition offers no new facts that could change the result.

Plaintiff also fails to address that equitable estoppel applies for the independent reason that he alleges collusive conduct between Defendants and another signatory, OEP Holding. (MTCA at pp. 14-15.) Plaintiff's failure to respond to the MTCA's argument is alone dispositive. *See Klaehn v. Cali Bamboo, LLC*, 2021 U.S. Dist. LEXIS 136603, at *43-44 (S.D. Cal. June 14, 2021) (failure to address moving brief argument is a waiver).

## VIII.  There Is No Dispute of Fact Necessitating a Trial

Throughout the Opposition, Plaintiff suggests there should be "a trial under 9 U.S.C. § 4." (Opp. at pp. 8, 10, 15, 16.) But Plaintiff has not contested formation of the multiple arbitration agreements he signed, nor is any material fact in genuine dispute. (Section II, *supra*.) Thus, there is no need for a trial, let alone a permissible basis for one under the FAA. *See, e.g., O'Dell v. Aya Healthcare, Inc.*, 2023 U.S. Dist. LEXIS 73927, at *24 (S.D. Cal. Apr. 27, 2023) ("As set forth by the Ninth Circuit, a trial is required only where there are disputes of material fact concerning the formation of the arbitration agreement."); *Tanis v. Sw. Airlines, Co.*, 2019 U.S. Dist. LEXIS 38876, at *19 (S.D. Cal. Mar. 11, 2019) ("[T]here is no dispute of material fact as to whether the Parties formed an agreement to arbitrate. Therefore, the Court need not order a jury trial[.]").

## IX.  Conclusion

For the reasons explained in the moving papers and above, the Court should grant the MTCA, compel arbitration of Plaintiff's claims, and stay the case pending arbitration. *See* 9 U.S.C. § 3; 9 U.S.C. § 206; *Smith v. Spizzirri*, 601 U.S. 472, 474 (2024).

24-cv-01334

Dated: April 16, 2025 GREENBERG TRAURIG, LLP

By: */s/ Michael E. McCarthy*
  Michael E. McCarthy
  Layal L. Bishara
  1840 Century Park East, Suite 1900
  Los Angeles, CA 90067-2121
  Tel: (310) 586-7700
  mccarthyme@gtlaw.com
  bisharal@gtlaw.com
  *Attorneys for Defendants*
  *JPMORGAN CHASE & CO. and RICK*
  *SMITH*

Dated: April 16, 2025 FOLEY HOAG LLP

GLASER WEIL FINK HOWARD JORDAN &
SHAPIRO LLP

By: */s/ Robert Haney Jr.*
  Robert Haney Jr. – *Admitted Pro Hac Vice*
  FOLEY HOAG LLP
  1301 Avenue of the Americas
  New York, NY 10019
  Tel: (212) 812-0400
  RHaney@foleyhoag.com

  Leah S. Rizkallah – *Admitted Pro Hac Vice*
  FOLEY HOAG LLP
  155 Seaport Boulevard
  Boston, MA 02210
  Tel: (617) 832-1000
  LRizkallah@foleyhoag.com

  Emil Petrossian
  Alexander Miller
  GLASER WEIL FINK HOWARD JORDAN
  & SHAPIRO LLP
  600 West Broadway, Suite 2850
  San Diego, CA 92101
  Tel: (619) 765-4380
  EPetrossian@glaserweil.com

24-cv-01334

AMiller@glaserweil.com
*Attorneys for Defendants*
*NEOLOGY, INC. and FRANCISCO*
*MARTINEZ DE VELASCO*

Dated: April 16, 2025                    GOODWIN PROCTER LLP

By: */s/ Laura A. Stoll*
       Laura A. Stoll
       601 South Figueroa Street
       Los Angeles, CA 90017
       Tel: (213) 426-2625
       Fax: (213) 289-7725
       LStoll@goodwinlaw.com

       Ariel E. Rogers (SBN 316910)
       601 Marshall Street
       Redwood City, California 94063
       Tel.: +1 650 752 3100
       Fax: +1 650 853 1038
       ARogers@goodwinlaw.com
       *Attorneys for Defendant*
       *AVERY DENNISON CORPORATION*

    I, Michael E. McCarthy, certify that the content of DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS is acceptable to all parties signing this motion, as required by the United States District Court for the Southern District of California Electronic Case Filing Administrative Policies and Procedures.

Dated: April 16, 2025                    GREENBERG TRAURIG, LLP

By: */s/ Michael E. McCarthy*
       Michael E. McCarthy
       *Attorneys for Defendants*
       *JPMORGAN CHASE & CO. and RICK*
       *SMITH*

24-cv-01334